**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROXIE SIBLEY, et al, <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT NEXTEL CORPORATION, and SPRINT/UNITED MANAGEMENT COMPANY, <br><br> Defendants. | Case No. 02:08-CV-2063-KHV/JPO |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE OF CLASS ACTION LAWSUIT**

**INTRODUCTION**

On December 22, 2008, Plaintiffs sent the Court their initial proposed class action notice. Since then, the parties were able to meet and confer and agree on most of the content of the notice, with a few exceptions. On January 12, 2009, Plaintiffs filed a revised notice, incorporating those agreements. In response, Defendants filed their objections to a few remaining items the parties dispute. (Doc. No. 111.) Plaintiffs now submit this response to Defendants' objections to Plaintiffs' Proposed Notice of Class Action Lawsuit.

**ARGUMENT**

**I.    Plaintiffs Object to Defendants' Proposed Language that is Confusing to Class Members.**

Defendants propose that additional language, underlined below, should be inserted in Section 15 of the notice that is entitled "Why would I ask to be excluded":

> You would ask to be excluded if you do not want to sue Sprint regarding the commission issues involved in this case.  <u>Also, if you believe that you are entitled to commissions that were paid to another employee, or that someone else may claim an entitlement to commissions that you were paid, you may want to exclude yourself as the plaintiffs will argue that their analysis of Sprint's commissions data will control how much each class member should receive in this lawsuit, even if you disagree with how that analysis affects you.</u> Or, if you already have your own lawsuit against Sprint for the claims involved in this case, and you want to continue your own lawsuit, then you need to exclude yourself from the class.  If you choose to exclude yourself—sometimes called "opting out," you will be able to sue Sprint on your own and you will not be bound by the Court's orders and judgments in this class action.  However, you will also give up the right to receive your share of any judgment or settlement in this case.
>
> If you exclude yourself to start your own lawsuit against Sprint, then you will have to hire your own lawyer, you will have to pay your lawyer, and you will have to prove your claims in court.  If you choose to exclude yourself from the class, you should talk to your lawyer first, because your claims may be subject to a statute of limitations.

(Doc. No. 111.)  This case is about Defendants' failure to provide their retail employees with a commission system that accurately tracked, calculated, and awarded them their commissions due under their commission agreements.  One problem with Defendants' systems is that they erroneously assigned commissions to Defendants' own internal house agent ID code, and also at times assigned commissions to the wrong employee.  Analysis of the data should show when these issues, among various other issues, were happening.  Plaintiffs suggest the following language to be inserted in lieu of Defendants' proposed additional language, that more accurately explains the lawsuit without needlessly discouraging class members from participating:

> "The Plaintiffs class members' goal in this case is to determine accurate commission payments.  If you believe you may disagree with their data analysis of which commissions should have been paid to which employee, you many want to exclude yourself from the class."

## II.     Inclusion of an Opt-Out Form With Class Notice is Confusing.

Plaintiffs object to Defendants' proposal that Opt-Out Forms be mailed with the class notice.  Including this form with the notice is likely to confuse class members, and courts have often rejected sending an exclusion form for this exact reason.  See Patrowicz v. Transamerica Home First Inc., 359 F. Supp.2d 140, 152-53 (D. Conn. 2005) (rejecting claim that due process required mailing of Opt-Out form, explaining that notice had a section expressly explaining how a class member could seek exclusion from the class); In re Prudential Ins. Co. of America, 962 F. Supp. 450, 531 (D.N.J. 1997) (rejecting request that Opt-Out notices be mailed out, explaining that notice clearly described simple steps for opting out of class); Canel v. Lincoln Nat. Bank, 175 F.R.D. 517, 519 (N.D. Ill. 1997) (refusing to include Opt-Out form with class notice because of confusion generated by such form); In re Domestic Air Transp. Antitrust Litig., 141 F.R.D. 534, 553-54 (N.D. Ga. 1992) (finding that inclusion of Opt-Out form would confuse class members after considering expert testimony that in cases which included both claim and Opt-Out forms, class members inadvertently completed both forms); Roberts v. Heim, 130 F.R.D. 416, 423 (N.D. Cal. 1988) (observing that on balance a separate form would engender confusion and encourage class members to unwittingly opt out of class); Krzesniak v. Cendant Corp., 2007 WL 4468678 *3 (N.D. Cal. Dec. 17, 2007) (refusing to include exclusion form with notice, explaining that Rule 23(b)(3) does not require it and the sample notices on the Federal Judicial Center website do not contemplate inclusion of such form);  see also http://fjc.gov/ (Class Action Notices) (notices do not include

exclusion form, but rather give class members information as to how to request exclusion); 2 Newberg on Class Actions Sec. 8.21, at pp. 8-70 (3d ed. 1992).[1]

Here, the notice clearly describes the simple steps to opt out of the class if the individual chooses to do so.  See Canel, 175 F.R.D at 519 (explaining that the notice simply described how to opt out of the action, eliminating the need for inclusion of an Opt-Out form); In re Prudential, 962 F. Supp. at 531 (same).  It states:

> If you decide to opt out of this lawsuit, you must send a written request to be excluded to Nichols Kaster, PLLP, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, by fax (612) 215-6870, or by email fisher@nka.com.  You can send a letter with your name, address, and signature, stating that you wish to be excluded from this action, or you can download an Opt-Out form from www.nka.com or www.sprintcommissionlawsuit.com and follow the instructions for printing and submitting the form.

It allows the individual to send a written request by mail, fax, or email to Class Counsel, and also gives them two websites[2] they can visit if they would like to print off an Opt-Out form to request exclusion.  There is no reason to send an Opt-Out form with the notice and further confuse people who are likely to believe they are required to complete it to participate in the case.  If they want to opt out, the notice clearly explains how to do so.

---

[1] Defendants cite two cases to support their position that the Opt-Out form should be included with the notice.  These decisions are not persuasive authority.  See Bafus v. Aspen Realty, Inc., 2007 WL 793633 *4 (D. Idaho Mar. 14, 2007) (reaching decision with no citation to any authority and no analysis); Fradette v. Am. Serv. Corp, 1979 WL 1756 at *1 (S.D. Fla. 1979) (thirty year old case with no analysis or reason for decision).

[2] The parties have only agreed to the use of a joint website www.sprintcommissionlawsuit.com to the extent Defendants pay for that website.  Plaintiffs already maintain a website that is an adequate place for class members to obtain the Opt-Out form if they need it.

**III.     Class Counsel Can Manage the Opt-Out Process.**

Defendants oppose class members sending their Opt-Out forms to class counsel, but do not give any reason why class counsel is not capable of receiving these forms and producing them to Defendants and the Court. Class counsel is fully capable of doing this and has given class members several convenient means of contacting them in order to opt out of the action if they choose to do so. The more places that Defendants' counsels' contact information appears in the notice, the more confusing it is for class members to identify who their class counsel is.

**IV.     Defendants' Counsels' Contact Information Should Only Appear Once in the Notice.**

Defendants seek to saturate the notice to class members with Defendants' counsels' contact information. They seek to state it under three different sections of the notice, including, "How do I ask the Court to exclude me from the class," "Who are Sprint's lawyers in this case," and "How can I learn more?" This is likely to confuse class members as to who represents them. Class notices often do not contain such information. See e.g. http://fjc.gov/ (Class Action Notices).

Plaintiffs are not opposed to Defendants' counsels' contact information appearing once in the notice, in the section entitled, "Who are Sprint's lawyers in this case." Anything further may lead to unnecessary confusion. Plus, Defendants should be concerned about their ethical obligations relating to contact with class members.

## V.     The Anti-Retaliation Language Should Remain in the Notice.

Defendants object to the inclusion of simple language apprising class members that they should not fear retaliation for remaining in the class action. There is no reason not to include such language. It is accurate information, and Defendants have not stated how including such language prejudices them in any way. As such, this language should remain.

## CONCLUSION

Plaintiffs modeled their notice after other notices on the Federal Judicial Center website. The notice is easy to read, informative, and accurate. Accordingly, Plaintiffs respectfully request that Defendants' objections be denied.

Submitted this 14th day of January 2009.

**STUEVE SIEGEL HANSON LLP**
*/s/ George A. Hanson*
George A. Hanson, KS Bar # 16805
Email: hanson@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: 816-714-7100
Fax: 816-714 7101

**NICHOLS KASTER, PLLP**
*/s/ Michele R. Fisher*
Michele R. Fisher
Email: fisher@nka.com
Donald H. Nichols
Email: nichols@nka.com
Paul J. Lukas
Email: lukas@nka.com
Charles G. Frohman
Email: frohman@nka.com
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612-256-3200
Fax: 612-215-6870
(All Admitted Pro Hac Vice)

ATTORNEYS FOR PLAINTIFFS