IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROXIE SIBLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 08-2063-KHV |
| SPRINT NEXTEL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 24, 2008, the Court certified a class of employees seeking to recover unpaid commissions under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. and Kansas contract law. The Court ordered plaintiffs to submit a proposed class notice under Rule 23(b)(3), Fed. R. Civ. P. On January 12, 2009, plaintiffs submitted a proposed notice. This matter comes before the Court on Defendants' Objections To Plaintiffs' Proposed Notice Of Class Action Lawsuit (Doc. #111) filed January 12, 2009. For reasons set forth below, defendants' objections are sustained in part. The Court has appended the approved notice to this memorandum and order.

## Legal Standards

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues or defenses;
(iv) that a class member may enter an appearance through an attorney if the member
so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In addition to the requirements of Rule 23, the due process clause also guarantees unnamed class members the right to notice of certification. DeJulius v. New England Health Care Employees, 429 F.3d 935, 943-44 (10th Cir. 2005), Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974). The Federal Rules of Civil Procedure allow the district court discretion in fashioning notice in class actions. Burns v. Copley Pharm., No. 96-8054, 1997 WL 767763, at *3 (10th Cir. Dec. 11, 1997) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 168 (2d Cir. 1987).

## **Analysis**

The Court uses plaintiffs' proposed notice as a starting point and addresses each of defendants' objections in turn. See Gieseke v. First Horizon Home Loan Corp., No. 04-2511-CM, 2007 WL 1201493 (D. Kan. Oct. 11, 2006) (citing Heitmann v. City of Chicago, No. 04-C-3304, 2004 WL 178420, at *3 (N. D. Ill. July 30, 2004) (court has duty to ensure notice is fair and accurate but should not alter plaintiff's proposed notice unless necessary)).

1.   Disclosure Of Potential Conflicts

Defendants argue that some class members will claim the right to commissions that Sprint paid to other class members, thus creating a potential conflict of interest. Defendants argue that the notice must point out the risk of such a conflict because (1) it is material to a class member's decision whether to remain in the class and (2) ethical rules require that an attorney not represent clients who are adverse to each other without informed consent. See Kan. R. Prof'l Conduct 1.7(a)(1). In response, plaintiffs concede that the notice should disclose the conflict, and propose that the notice include the following language:

> The Plaintiffs class members' goal in this case is to determine accurate commission

> payments. If you believe you may disagree with their data analysis of which commissions should have been paid to which employee, you many want to exclude yourself from the class.

Doc. #112 at 2. Defendants propose the following language:

> The Plaintiffs' counsel's goal in this case is to determine what they believe to be accurate commission payments. To that end, Plaintiffs' counsel will argue that their analysis of Sprint's commissions data will control how much each class member should receive in this lawsuit, even if you disagree with how Plaintiffs' counsel's conclusion affects you. If you believe you may disagree with their data analysis of which commissions should be paid to which employee, you may want to exclude yourself from the class.

Doc. #113 at 2-3. The Court finds that the language of plaintiffs' amended proposal (with slight modifications) adequately informs class members of the basis of the potential conflict and therefore incorporates it in the notice.

2.  Opt-Out Procedure

    a.  Inclusion Or Omission Of Opt-Out Form

    Plaintiffs' proposed notice provides detailed information as to the opt-out process, including the following explanation of how to opt out:

> **How do I ask the Court to exclude me from the class?**
>
> If you decide to opt out of this lawsuit, you must send a written request to be excluded to Nichols Kaster, PLLP, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, by fax (612) 215-6870, or by email to fisher@nka.com. You can send a letter with your name, address, and signature, stating that you wish to be excluded from this action, or you can download an Opt-Out form from www.nka.com or www.sprintcommissionlawsuit.com and follow the instructions for printing and submitting the form.

Defendants assert that an opt-out form should be sent to class members with the class notice. Plaintiffs argue that that sending an opt-out form with the notice is likely to confuse class members. Each side cites authority for their position. Compare Bafus v. Aspen Realty, Inc., No. CV-04-121-S-BLW, 2007 WL 793633, at *4 (D. Idaho Mar. 14, 2007) (ordering that class notice include

opt-out form) and <u>Fradette v. Am. Serv. Corp.</u>, No. 76-6373-Civ-CA, 1979 WL 1756, at *1 (S.D. Fla. Aug. 29, 1979) (same) with <u>Patrowicz v. Transamerica Homefirst, Inc.</u>, 359 F. Supp.2d 140, 152-53 (D. Conn. 2005) (due process does not require court to include opt-out form in notice to class); <u>Krzesniak v. Cendant Corp.</u>, No. C 05-05156 MEJ, 2007 WL 4468678, at *3 ((N.D. Ca. Dec. 17, 2007) (separate form would "engender confusion" and may encourage class members to unwittingly opt out of the class) and <u>Canel v. Lincoln Nat'l Bank</u>, 175 F.R.D. 517, 519 (N.D. Ill. 1997) (same). Here, the proposed class notice clearly describes the simple steps to opt-out. The Court finds that it is not necessary to risk creating confusion by including a separate opt-out form.

      b.    <u>Where To Send Opt-Out Letter Or Form</u>

As set forth above, plaintiffs' proposed notice directs class members to send opt-out letters or opt-out forms to plaintiffs' counsel. Defendants assert that class members should send the opt-out forms to defendants' counsel or to a third-party administrator. Neither side provides authority for their position.[1] The Court find that plaintiffs' proposed notice appropriately directs class members to send opt-out letters or notices to class counsel.

3.    <u>Informing Class Members That They May Contact Defendants' Counsel During The Opt-Out Period</u>

Defendants assert that the class notice should inform class members that they are free to contact defense counsel until the end of the opt-out period, citing <u>Krzesniak</u>, 2007 WL 4468678, at *3. See <u>Defendants' Objections</u> (Doc. #111) at 9. In <u>Krzesniak</u>, the court ruled that the class notice should identify defense counsel as a matter of fairness. The court did not, however, direct that the notice inform class members that they could contact defense counsel during the opt-out period. The

---

[1] The sample class notice for employment cases on the Federal Judicial Center website lists a dedicated post office box address for opt-out letters. See www.fjc.gov.; <u>see also</u> Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c) (Federal Judicial Center has created illustrative clear notice forms that provide "helpful starting point" for class action notices).

Court finds that plaintiffs' proposed notice sufficiently identifies defense counsel and overrules defendants' objection on this point.

4.      Notice Regarding Retaliation

Plaintiffs propose that the notice include the following:

**Can Sprint fire me if I participate in this class action?**

No. If you are a current Sprint employee, the law protects you from retaliation for asserting your rights or participating in this action.

Defendants object to this provision, arguing that any reference to retaliation would prejudice defendants. Defendants point out that the Federal Judicial Center's sample notice for an employment discrimination class action does not include any anti-retaliation language. Plaintiffs respond that the information in this provision is accurate, but cite no authority for including such a provision. The Court finds that the notice should not include any anti-retaliation language.

**IT IS THEREFORE ORDERED** that Defendants' Objections To Plaintiffs' Proposed Notice Of Class Action Lawsuit (Doc. #111) filed January 12, 2009; be and hereby are **SUSTAINED** in part as set forth herein.

The Court directs counsel for plaintiffs to mail copies of the Notice set forth in Appendix A to each employee identified as a potential member of the class.

Dated this 13th day of March, 2009, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge