IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROXIE SIBLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-2063-KHV |
| | ) | |
| SPRINT NEXTEL CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiffs in this case are representing a class of individuals claiming that defendants Sprint Nextel Corporation and Sprint/United Management Company have failed to pay them all the commissions properly owed to them under their commission agreements. Currently before the court is plaintiffs' motion for a protective order with regard to discovery requests served on 41 class members who are not class representatives (**doc. 147**). Plaintiffs claim that it would be a waste of resources and unduly burdensome to subject these 41 class members to discovery when the information sought is already in Sprint's possession. For the reasons set forth below, plaintiffs' motion for a protective order is denied. Plaintiffs are ordered to comply with Sprint's discovery requests.

This matter was certified as a class action on November 24, 2008. As part of the class-certification process, plaintiffs submitted declarations of 41 putative class members.[1]

---

[1] Ex. 4 to doc. 148.

Following certification, Sprint served interrogatories and requests for production of documents on those same 41 class members.[2]  These discovery requests were similar to discovery requests previously served on the 9 class representatives.[3]

Plaintiffs are now seeking a protective order shielding the 41 class members from Sprint's discovery requests.  Fed. R. Civ. P. 26(c)(1) states that a court may, for good cause shown, issue a protective order prohibiting certain discovery to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense.  The party seeking the protective order has the burden of showing good cause for it.[4]  "To establish good cause, the party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

I. <u>Plaintiffs Have Not Shown Good Cause for a Protective Order.</u>

Plaintiffs' memorandum in support of their motion and their reply brief repeatedly assert that Sprint has failed to show that the requested discovery is permissible.  But when a party requests a protective order, it is that party's burden to prove that good cause exists to issue such an order—not that of the defending party to prove the worth of the discovery request.  Here, plaintiffs have the burden of establishing that a protective order is necessary to protect the 41 class members from annoyance, embarrassment, oppression, or undue

---

[2]Doc. 144.

[3]Exs 1 (pt. 1 and pt. 5), 2, and 3 to doc. 148.

[4]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[5]*Day v. Sebelius*, 227 F.R.D. 668, 677 (D. Kan. 2005).

burden or expense, but they have not done so.

Plaintiffs generally make the argument that requiring the 41 class members to answer Sprint's interrogatories and requests for production of documents would be a "waste of time and resources" because the information sought is already in Sprint's possession or is otherwise not relevant.[6]  But this does nothing to convince the court that plaintiffs face an undue burden if required to comply with Sprint's requests.

Plaintiffs argue that much of the information Sprint is seeking is either information Sprint already has or information that it would be easier for Sprint to obtain itself.  But as this court stated in the order granting Sprint's previous motion to compel responses to the interrogatories served on the 9 class representatives, which are very similar if not identical to those at issue here, "the fact that defendants may also be in possession of some of the information sought by these interrogatories does not relieve plaintiffs of their obligation to provide full and complete answers."[7]  Neither does it justify the issuance of a protective order on the grounds of undue burden.  Just because Sprint may be able to pull together the information sought from its own records does not establish that asking the 41 class members to provide their own answers would be unduly burdensome.  In sum, plaintiffs have failed to establish good cause to issue a protective order.

II. Sprint Is Entitled to the Discovery It Seeks.

---

[6] Doc. 148 at 2, 8, 11, 15.

[7] Doc. 81 at 4.

Fed. R. Civ. P. 26(c)(2) provides that the court may, on just terms, order a party to provide discovery when a motion for a protective order is denied. Thus, having determined that a protective order is not warranted in this case, the next issue is whether plaintiffs should be required to comply with Sprint's discovery requests as to the 41 class members.

In deciding this question, it is important to note that Sprint is not seeking to serve discovery on *all* class members. By plaintiffs' estimates, the class as certified could have several thousand members.[8] But Sprint only seeks to serve a limited number of interrogatories and requests for production on 41 class members who have already actively participated in this litigation by submitting declarations in support of class certification. This was contemplated in the amended scheduling order (doc. 114), in which the court stated that discovery of "those class members who submit or have submitted a declaration in support of plaintiffs' claims" would be allowed barring the issuance of a protective order.[9] As noted above, plaintiffs have not established good cause to issue such an order, and thus Sprint should be allowed to continue with its discovery requests served on the 41 class members who submitted declarations.

Plaintiffs argue that discovery requests made to absent class members are generally disfavored. It's true that this is generally the rule.[10] But that rule is not absolute, and

---

[8] Doc. 99 at 12.

[9] Doc. 114 at 3.

[10] *See, e.g.*, *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008); *Barham v. Ramsey*, 246 F.R.D. 60, 62 (D.D.C. 2007).

discovery of absent class members may be allowed in certain circumstances.[11]  In considering the propriety of such requests, courts look to whether the information sought is necessary for trial preparation and whether the discovery requests made to class members are designed to be a tactic to take undue advantage of or otherwise limit the number of class members.[12]  Neither of these factors indicate that the instant discovery requests are improper.

First, plaintiffs have already relied on the declarations of the 41 named class members in arguing their case.  Sprint is entitled to seek information from those same individuals in preparing its own case.  Second, nothing indicates that Sprint's discovery requests will take advantage of or limit the class.  This is not a case where discovery has been served on the majority of a largely unknown class in hopes that a failure to respond will effectively disqualify a majority of the class from continuing in the lawsuit.[13]

Plaintiffs raise additional objections to the discovery requests in arguing that Sprint

---

[11]*Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 (7th Cir. 1971).

[12]*See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974); *see also McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class.").

[13]*Compare Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ (EMC), 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (finding no evidence of harassment where party sought discovery of "those absent class members who have injected themselves into the class certification motion by filing factual declarations") *with McCarthy*, 164 F.R.D. at 313 (noting that "the effect of this questionnaire is so clearly contrary to the opt-out policies of Fed. R. Civ. P. 23").

should not be allowed to seek responses from the 41 class members, but none of these objections persuades the court that the requests are improper. The objections raised are very similar to the objections raised by plaintiffs in objecting to the discovery requests served on the 9 class representatives. But as noted above, this court has already concluded that plaintiffs are not relieved from answering discovery requests simply because Sprint may also be in possession of some of the information sought. To the extent plaintiffs are without sufficient information to answer a given request, they should state as much in their response.

Plaintiffs have failed to show that a protective order is necessary to shield the 41 class members who have already provided factual declarations in this matter. Because Sprint's requests are targeted at a small number of class members who have actively participated in this litigation, are not designed to harass or limit the class, and are otherwise proper and relevant, plaintiffs are ordered to provide the requested discovery.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiffs' motion for a protective order (doc. 147) is denied.

2. Plaintiffs shall respond to Sprint's interrogatories and requests for production of documents as to the 41 class members by **November 9, 2009**.

Dated this 6th day of October, 2009, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge