IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROXIE SIBLEY, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 02:08-CV-02063-KHV |
| ) | |
| SPRINT NEXTEL CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO MODIFY THE COURT'S AMENDED
## SCHEDULING ORDER AND TO REQUEST A COURT CONFERENCE

Plaintiffs and Defendants hereby request that the Court modify the schedule set forth in the January 21, 2009 Amended Scheduling Order (Doc. No. 114) (as modified by the Court's June 2, 2009 Order (Doc. No. 138), October 26, 2009 Order (Doc. No. 163) and February 16, 2010 Order (Doc. No. 197)) as follows:

| SUMMARY OF DEADLINES AND SETTINGS | | |
|---|---|---|
| **Event** | **Current Date** | **Proposed Date** |
| Parties to confirm data necessary to perform commission analysis for entire class | N/A | May 27, 2011 |
| Defendants to produce the data the parties agree is necessary for the entire class | June 15, 2010 | November 15, 2011 |
| Expert disclosures and reports | October 15, 2010 | April 30, 2012 |
| Rebuttal expert disclosures and reports | February 15, 2011 | August 30, 2012 |
| Deadline for response to a rebuttal report, provided that the party that produced the rebuttal report did not produce a prior expert report | April 22, 2011 | October 15, 2012 |
| All discovery completed | April 15, 2011 | November 30, 2012 |
| All other potentially dispositive motions (e.g., summary judgment) | June 9, 2011 | January 30, 2013 |
| Motions challenging the admissibility of expert testimony | June 9, 2011 | March 1, 2013 |
| Proposed pretrial order due | May 12, 2011 | April 1, 2013 |
| Final pretrial conference | May 23, 2011 | April 15, 2013 |
| Trial | October 8, 2011 | April 30, 2013 |



EXHIBIT A

The schedule proposed above contemplates a Stage 3 production of data for all 42,000 – 45,000 class members. However, Defendants would like the Stage 3 data to be limited to a random sampling of 1,500 class members. Plaintiffs oppose this modification, for various reasons that can be briefed to the Court if necessary, and have prepared their case based on the parties' agreement over the past several years that Defendants would produce the data for the entire class. Moreover, Plaintiffs would like an agreement relating to the Stage 3 data production from Defendants as follows: "The parties agree that the data agreed to and produced at Stage 3 will be the data used for their experts' analyses regarding commissions in this action. The parties reach this agreement with the understanding that production of any such data, or use or production of other data, at a later date will result in a timely and expensive delay to the expert analyses being performed." Defendants do not believe such a provision is necessary. The parties respectfully request a conference with the Court to resolve these two issues.

In the event the Court orders the Stage 3 production of data for the entire class, good cause exists to make the proposed updates and modifications:

1. On April 19, 2010, at the request of the parties, the Court issued a stay of this matter to allow the parties explore whether they could agree to a plan to mediate this action. (Doc. No. 207.) The parties agreed on a mediation plan, and the Court subsequently continued the stay on several occasions while the parties mediated. (Doc. Nos. 209, 211, 213.)

2. Although the parties met and conferred extensively throughout the mediation process, they were unable to resolve this action. The efforts the parties made during mediation between October 2010 and January 2011 are summarized in the parties' Joint Motion to Further Stay Proceedings Pending Mediation, filed with the Court on January 11, 2011. (Doc. No. 212.)

3. Since the parties' January 11, 2011 motion to further stay the proceedings, the parties held additional mediation sessions with Justice James Zazzali. The parties had a third mediation session on February 22, 2011. At that mediation, the parties discussed the differences in their respective commission analyses and agreed to exchange certain information. The parties have since then exchanged that information.

4. The parties had a fourth mediation session on March 3, 2011. For that mediation, Plaintiffs provided Defendants with their experts' commission analysis for the mediation sample set of 95 selected class members, a class-wide damage calculation, and a settlement demand. At that meeting, Plaintiffs explained to Defendants how they calculated the class-wide damages, and their experts explained how they came to their conclusions. Defendants' expert discussed her analysis and how she reached her conclusions, and the experts discussed differences in their methodologies. The parties agreed to provide additional information relating to their analyses and then reconvene the mediation on March 25, 2011.

5. The parties held a fifth mediation session on March 25, 2011. Unfortunately, at that meeting the parties decided that a settlement is not possible at this time.

6. This action is currently stayed until May 2, 2011. (Doc. No. 220.)

7. Pursuant to the Court's Order staying the action, the parties are required to submit a revised proposed scheduling order if mediation fails. (Doc. No. 220.) As such, the parties submit this joint motion.

8. As the Court is aware, this is a nationwide class action lawsuit in which Plaintiffs allege Defendants did not pay them all their commissions due. Because of the very large volume of data at issue, on January 21, 2009 the Court entered a Scheduling Order that provided for a three-stage discovery process for the production of sales and commission related data. (Doc. No.

3

114.) At Stage 1 of that process, Defendants produced to Plaintiffs commissions-related data the parties agreed was necessary for the six named Plaintiffs who held non-supervisory positions. (Id. at ¶ 2.e.) At Stage 2, Plaintiffs were to specify what additional data they believed they would need to perform their analysis for the entire class. (Id. ¶ 2.f.) At Stage 3, Defendants were to produce the data the parties agreed was necessary for the entire class. (Id. ¶ 2.g.)

9. On July 13, 2009, Plaintiffs served their Stage 2 demand on Defendants. That Stage 2 demand requested a substantial production of data, and asked numerous questions regarding Defendants' computer systems and data sets.

10. In response, Defendants produced a substantial amount of technical information regarding their computer systems and data sets to Plaintiffs, so the parties could attempt to reach agreement on what would be included in the Stage 3 production. Moreover, the parties were working together to try to reach agreement on the queries that Defendants would use to collect the data, and engaging in discovery related to Defendants' systems.

11. As a result of Plaintiffs' continued efforts to become educated on Defendants' systems and Defendants' cooperation in providing that information in order to try to reach agreement on the Stage 3 production, the parties requested that the Court revise the deadline for Defendants' Stage 3 production from September 21, 2009 to February 15, 2010. (Doc. No. 162.) The Court granted that request and issued its Second Amended Scheduling Order. (Doc. No. 163.)

12. The Court, in its Third Amended Scheduling Order, subsequently extended that deadline, again at the parties' request, to June 15, 2010, so that the parties could continue to try to reach agreement on the class-wide data sets to be produced. (Doc. Nos. 193, 197.)

13. In May 2010, the parties agreed to discuss a plan for mediation. Since then, the action has been stayed and the parties have been actively trying to resolve this case through mediation.

14. During the mediation process, the parties agreed that Defendants would produce certain commission related data for the sample mediation set of 95 class members. Through this process, Defendants have provided additional information about Defendants' data and systems and their processes for pulling the data. In addition, Defendants assert they gained substantial information about the manpower hours and expense that would be required to conduct a data pull for the entire class of 42,000 – 45,000. Defendants have suggested a modification of the Stage 3 data to include a representative randomly selected sample of 1,500 class members, plus the 9 Named Plaintiffs and any other individuals identified by either party beyond this random sampling. Plaintiffs object to this proposal, have prepared their case based on the parties' prior agreement and Court's order that Defendants would produce the data for the entire class, and are prepared to discuss this issue with the Court. Therefore, the parties are requesting a court conference to address these issues.

Dated: May 2, 2011

/s/ George A. Hanson
**STUEVE SIEGEL HANSON LLP**
George A. Hanson
KS Bar No. 16805
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: 816-714-7100
Fax: 816-714-7101

**NICHOLS KASTER, PLLP**
Michele R. Fisher*
Paul J. Lukas*
Charles G. Frohman*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612-256-3200
Fax: 612-215-6870
(*Admitted Pro Hac Vice)
Attorneys for Plaintiffs

/s/ Michael L. Blumenthal
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No. 18582
300 Wyandotte, Suite 430
Kansas City, MO 64104
Tel: 816-756-0700
Fax: 816-756-3700

**PROSKAUER ROSE LLP**
Elise M. Bloom*
11 Eleven Times Square
New York, NY 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted Pro Hac Vice)
Attorneys for Defendants