IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
------------------------------------  X
ROXIE SIBLEY, JEANNE NOEL, ERNESTO    :
BENNETT, JAMIE WILLIAMS, GREG ST.     :
JULIEN, TRACIE HERNANDEZ, JOHN        :
JASINSKI, JAY RICHIE, and TEISHA KING,:
individually and on behalf of a class of others :
similarly situated,                   :
                                      :
              Plaintiffs,             :
                                      :
        v.                            :   Case No. 02:08-CV-02063-KHV/JPO
                                      :
SPRINT NEXTEL CORPORATION, a Kansas   :
corporation                           :
                                      :
        and                           :
                                      :
SPRINT/UNITED MANAGEMENT              :
COMPANY, a Kansas corporation         :
                                      :
              Defendants.             :
------------------------------------  X
```

## DECLARATION OF ELISE M. BLOOM, ESQ.

Elise M. Bloom, Esq. declares, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that the following is true and correct:

1. I am a member of the law firm Proskauer Rose, LLP, one of the counsel of record for the Defendants in this action. I make this Declaration on personal knowledge and submit it in support of Defendants' Motion to Compel Responses to Their Third Interrogatories.

2. On May 17, 2010, Defendants served their Third Interrogatories and Requests for Production on each of the Named Plaintiffs. Attached hereto as Exhibit A are true and correct copies of the relevant portions of Defendants' Third Interrogatories served on each of the Named Plaintiffs.

1

2

      3.      On June 17, 2010, Plaintiffs provided a set of nearly identical – and deficient – answers and responses.  Attached hereto as Exhibit B are true and correct copies of the relevant portions of each Named Plaintiff's Answers to Defendants' Third Interrogatories.

      4.      After Plaintiffs served their discovery responses, I was speaking with Plaintiffs' counsel, Michele R. Fisher, Esq. (one of the attorneys of record for Plaintiffs in this action), by telephone on a different issue and told her we believed there were a number of deficiencies in Plaintiffs' responses to Defendants' discovery requests.  I specifically referenced the fact that Plaintiffs had objected to providing a trial plan.  Ms. Fisher reiterated she was not inclined to share Plaintiffs' trial plan with Defendants.

      5.      I explained to Ms. Fisher that, in light of the recent Supreme Court decision in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2011 WL 2437013 (2011), Defendants believe they are entitled to Plaintiffs' trial plan.  Ms. Fisher indicated she had not yet reviewed the <u>Wal-Mart</u> decision.

      6.      I told Ms. Fisher we would write her a letter and detail Defendants' position concerning disclosure of Plaintiffs' trial plan.

      7.      On June 27, 2011, I wrote to Ms. Fisher concerning Plaintiffs' obligation to provide a trial plan, again citing the <u>Wal-Mart</u> decision and also enclosing a copy of a recent case supporting Defendants' position, <u>Martin v. Citizens Fin. Group, Inc.</u>, No. 2:10-cv-00260-MSG (E.D. Pa. June 23, 2011).  Attached hereto as Exhibit C is a true and correct copy of this letter and the enclosed decision.

      8.      On June 30, 2011, we sent Ms. Fisher a more comprehensive letter outlining the specific deficiencies in Plaintiffs' discovery responses.  In that letter, Defendants reiterated their

position that Plaintiffs are required to provide a trial plan in accordance with Interrogatories Nos. 3 and 4.

9. Defendants also requested, *inter alia*, that, to the extent documents were not produced based on privilege, Plaintiffs provide a comprehensive privilege log detailing each responsive document Plaintiffs claimed to be withholding on privilege grounds and setting forth the information Defendants would need to properly evaluate the privilege claims.

10. Defendants requested this information and documentation by July 7, 2011 in order to facilitate further communications and to resolve the discovery dispute before seeking the Court's intervention. A true and correct copy of this letter is attached hereto as Exhibit D.

11. Plaintiffs responded by letter dated July 11, 2011, but served on July 12, 2011, supplementing their responses, reiterating several objections, and promising to produce additional documentation. In particular, Plaintiffs stated they would provide a privilege log "by the end of [the] week" (i.e., the week of July 11, 2011), and would supplement their document production accordingly. However, with respect to Interrogatories Nos. 3 and 4, Plaintiffs continued to refuse to provide a trial plan. A true and correct copy of this letter is attached hereto as Exhibit E.

12. On July 15, 2011, Plaintiffs submitted a privilege log by email but produced no additional documentation. In light of this late production, Defendants have not yet been able to scrutinize and fully evaluate Plaintiffs' claims of privilege in advance of the 30-day time period for filing a motion to compel discovery pursuant to Local Rule 37.1. Defendants therefore reserve the right to challenge the sufficiency and appropriateness of Plaintiffs' privilege assertions, if necessary.

13. With respect to Plaintiffs' ability to provide a trial plan at this juncture, Defendants provided Plaintiffs with significant information pertaining to the Named Plaintiffs as part of discovery in this case.

14. Defendants have also provided Plaintiffs with significant information pertaining to 95 randomly selected class members for purposes of the mediation in this case.

15. I certify pursuant to Local Rule 37.2 that Defendants have conferred, or at the very least, made a reasonable effort to confer, with Plaintiffs concerning the matters in dispute prior to filing Defendants' Motion to Compel Responses to Their Third Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2011             */s/ Elise M. Bloom*
                                  Elise M. Bloom, Esq.