# Exhibit C



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Elise M. Bloom
Member of the Firm
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

June 27, 2011

**By Email**

Michele R. Fisher, Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

      Re:    *Sibley et al. v. Sprint Nextel Corporation*,
                Case No. 02:08-cv-02063 KHV/JPO

Dear Michele:

      We are still reviewing Plaintiffs' answers and responses to Defendants' third set of discovery and will be writing to you shortly about them.  However, following up on our conversation about the trial plan and your obligation to provide one in this case in light of the Supreme Court's decision in *Wal-Mart v. Dukes*, enclosed please find an Order issued late last week in *Martin v. Citizens Financial Group, Inc.*, No. 2:10-cv-00260-MSG (E.D. Pa.) which grants Defendants' "Motion to Compel Discovery Concerning Plaintiffs' Trial Plan." Accordingly, please supplement your answers to Interrogatory No. 3 and Interrogatory No. 4 of Defendants' Third Interrogatories to each of the Named Plaintiffs within five (5) days of the date of this letter.

                                    Very truly yours,

                                      */s/Elise M. Bloom*

Enclosure

cc:     Jonathon Wilan
         Gregory I. Rasin

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN MARTIN, et al** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITIZENS FINANCIAL GROUP, INC., et al.** | : | **No. 10-260** |

### ORDER

**AND NOW**, this 22nd day of June, 2011, after a telephone conference and upon consideration of Plaintiffs' "Motion for Order Allowing Late Opt-Ins" (Doc. No. 114); Defendants' Motions to "Compel Discovery Concerning Plaintiffs' Trial Plan" (Doc. Nos. 111, 117), and the responses thereto, we find as follows:

FACTUAL AND PROCEDURAL HISTORY

1. Plaintiffs, former bankers and tellers at Citizens Bank, allege that the Defendants[1] failed to pay overtime for periods that they worked in excess of forty hours a week in violation of the Fair Labor Standards Act ("FLSA").

2. On December 13, 2010, the Court conditionally certified this case as a collective action under the FLSA and approved the notice forms to be provided to potential collective action members. (Doc. No. 92.) Pursuant to that notice, individuals who wanted to become party plaintiffs had to submit their opt-in forms by April 8, 2011.

---

[1] The Defendants are: Citizens Bank of Pennsylvania, RBS Citizens, N.A. and Citizens Financial Group.

1

See (Doc. No. 92; Doc. No. 114.)

3. On May 10, 2011, Plaintiffs filed a motion requesting that the Court accept opt-in forms submitted after the April 8, 2010 deadline. (Doc. No. 114.) Defendants oppose this motion.

4. On May 18, 2011, Defendants filed a motion to compel discovery of Plaintiffs' "trial plan,"[2] (Doc. No. 117), which Plaintiffs oppose.

PLAINTIFFS' MOTION TO ALLOW LATE OPT-INS

5. Plaintiffs contend that we should accept the untimely opt-in forms of 14 individuals, asserting that it would be in the interests of judicial economy to include their claims within this collective action.[3] At the direction of the Court, Plaintiffs' Counsel submitted a supplemental motion explaining why these opt-in forms were untimely.

6. In determining whether to accept an individual's untimely opt-in form, courts apply a "general 'good cause' analysis[,]" considering whether there is a reasonable excuse and whether the defendant will be prejudiced. Moya v. Pilgrim's Pride Corp., 2006 WL 3486739 at *1 (E.D.Pa. Nov. 30, 2006) (citations omitted). Given the remedial nature of the FLSA, it is also appropriate to consider judicial economy and the general goals of the collective action mechanism. See In re Wells Fargo Home Mortgage Overtime Pay Litigation, 2008 WL 4712769 at **2-3 (N.D.Cal. Oct. 28, 2008) (considering judicial economy and prejudice to defendant, as it would have

---

[2] On April 26, 2011, Defendants filed a motion to compel discovery of Plaintiffs' trial plan regarding their state law claims. (Doc. No. 111.) Defendants have acknowledged that this motion is moot, however, since Plaintiffs have voluntarily dismissed their state law claims.

[3] The late opt-in forms were postmarked between April 11 and May 4, 2011.

2

      been impractical to require all 350 late filers to provide a reasonable excuse).

7.     We conclude that nine of the fourteen individuals who submitted untimely opt-in forms have established good cause and will be included in this action. These individuals have provided a reasonable excuse for their untimely submissions.[4] See Moya, 2006 WL 3486739 at **1-2 (holding that late opt-in who did not have access to mail because he was incarcerated and others who experienced delay attributable to postal service established good cause). Further, Defendants will not be unduly prejudiced by their inclusion in this action.

8.     We will not, however, accept the opt-in forms of the remaining individuals, as they have failed to offer a reasonable excuse for their untimely submissions.[5] Compare (Doc. No. 125) (reflecting that Errold Cangieter and Dave Schweizer lost track of the form and forgot to mail it on time, while Thomas Greenbaum and Christine Nkwanyuo offered no excuse) with Moya, 2006 WL 3486739 at **1-2 (refusing to accept the late opt-in forms of individuals who mistakenly left the form in "junk mail" or did not provide any excuse).

---

[4] Ashkar Chirin and Maria Contreras assert that they were not immediately aware of the notice because domestic issues kept them from their homes. Kayla Glendening and Jacqueline Sebastian contend that the notice was not sent to their current address and that those who received the notice did not tell them about it until after the deadline. Spencer Cosgrove and Andrea Korbey both contend that deaths in their families prevented them from filing timely forms. Pamela Riley claims that she did not get to her mail during the applicable period because she had hip surgery and rehabilitation. Andrew Corbin and Patricia Holmes cited to delay attributable to the postal service. See (Doc. No. 125; Doc. No. 126.) In addition, all of these individuals submitted their opt-in forms within approximately two weeks of the April 8, 2011 deadline. See (Doc. No. 114, Ex. A.)

[5] We note that Grace Cross has decided to withdraw her untimely opt-in form and no longer wants to participate in this litigation. (Doc. No. 125.)

DEFENDANTS' MOTION FOR DISCOVERY CONCERNING PLAINTIFFS' TRIAL PLAN

9. Defendants move to compel Plaintiffs to answer "Interrogatory No. 8(a) and (b)," which asks Plaintiffs "how [they] propose that" the issues raised in this case should be presented at trial. Defendants contend that this information is relevant to their eventual motion for decertification. (Doc. No. 117.) Plaintiffs' oppose this motion, asserting that it would be premature to require them to disclose their trial plan.

10. Plaintiffs' trial plan is relevant, because in determining whether this case should be decertified, the Court will be required to consider whether it is fair and procedurally appropriate to try this case as a single collective action. Lugo v. Farmer's Pride Inc., 737 F.Supp.2d 291, 300 (E.D.Pa. 2010); Moss v. Crawford & Co., 201 F.R.D. 398, 409-10 (W.D.Pa. 2010) (considering whether one trial will efficiently resolve common issues of law and fact). While Plaintiffs' trial plan may be "subject to alterations and edits based on the evidence collected during discovery[,]" (Doc. No. 123), they may amend or supplement their interrogatory answers accordingly. Thus, we do not consider Plaintiffs to be prejudiced by Defendants' request.

**THEREFORE**, it is hereby **ORDERED** that:

– Plaintiffs' "Motion for Order Allowing Late Opt-Ins" (Doc. No. 114) is **GRANTED** in part and **DENIED** in part, such that the untimely opt-in forms of Chirin Ashkar, Maria Contreras, Andrew Corbin, Spencer Cosgrove, Kayla Glendening, Patricia Homles, Andrea Korbey, Pamela Riley, Jacqueline Sebastian are accepted and each of these individuals shall be deemed party plaintiffs in this action;

– Defendants' "Motion to Compel Discovery Concerning Plaintiffs' Trial Plan" (Doc.

4

       No. 117) is **GRANTED**, such that Plaintiffs shall answer Defendants' Interrogatory No. 8(a) and (b), within **twenty-one (21) days** of the date of this Order;

–    Defendants' "Motion to Compel Discovery Concerning Plaintiffs' Trial Plan" (Doc. No. 111) is **DENIED** as moot.

                             **BY THE COURT:**

                             /s/ Mitchell S. Goldberg

                             _____
                             **Mitchell S. Goldberg, J.**