# Exhibit E



July 11, 2011

**VIA EMAIL**
Elise M. Bloom
Proskauer Rose, LLP
Eleven Times Square
New York, New York 10036-8299

Re:   **Sibley v. Sprint Nextel Corp.**
      **No.: 2:08-cv-02063-KHV-JPO**

Dear Elise:

I write in response to your letter dated June 30, 2011 regarding the deficiencies you perceived in Plaintiffs' responses to Defendants' third set of interrogatories and third requests for documents.

**I.    Privilege Log**

We will provided a privilege log to you by the end of this week, and will be supplementing our document production accordingly. We note that it is appropriate for the parties to identify certain categories of protected information on their privilege logs. This is particularly true when "voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed. R. Civ. P. 26(b)(5) advisory committee's notes (1993 amendments). Like Defendants have done with their own log, Plaintiffs identify the following categories of protected documents:

1. Communications between and among Class Counsel, their employees and agents.
2. Communications between Plaintiffs and Class Counsel.
3. Communications between class members and Class Counsel.
4. Class member responses to survey distributed by Class Counsel.
5. Memoranda, drafts, notes, and files of Class Counsel in this and other litigation.

**II.   Interrogatories**

**Interrogatory No. 1.** Defendants request that Plaintiffs identify (1) each class member they or their representatives have contacted or communicated with regarding this action; (2) the dates and times of each contact or communication; (3) the mode of each contact or communication; and (4) all documents "relating to or reflecting the information requested in this interrogatory," including any documents obtained from the class members.

**July 11, 2011**
Page 2

As you know, there are approximately 34,000 or more class members. Our firm has attempted to contact each class member since receiving the list from Defendants, which Plaintiffs' responses confirm. We have been contacted by numerous class members seeking information about the lawsuit in the past several years, and such inquiries continue to occur. The content of all such communications is protected by the attorney-client privilege. The dates and times and the modes of each such contact are irrelevant; additionally, providing a log of each such contact from each class member is type of unduly burdensome exercise for which the Rules provide relief. Regarding your request for the identities of witnesses to these communications, there are no witnesses to Class Counsel's efforts to contact the class members.

Regarding documents obtained from class members, we have produced all relevant, responsive documents received from Plaintiffs and class members that are related to the claims in this action (excepting communications between Plaintiffs/class members and Class Counsel). The documents we produced in response to Defendants' Set III requests are identified in response to Defendants' document request 9. Your request for all documents "relating to or reflecting the information requested in this interrogatory" is overbroad, vague and clearly requests the work product of counsel and privileged communications.

In their response, Plaintiffs identified each class member Plaintiffs' counsel has contacted or communicated with regarding this action apart from the distribution of the Court-approved notice of the action. Plaintiffs agree to provide the following additional information:

- Apart from the notice mailing, Plaintiffs confirm that they undertook three mass mailings to class members via U.S. Mail, on or around June 21, 2010, September 30, 2010, and January 19, 2010.
- Plaintiffs will identify each class member who responded to Plaintiffs' survey. See the attached spreadsheet, labeled Exhibit 1.

**Individual Plaintiffs' Responses.** The interrogatory seeks information relating to Planitiffs' contacts with class members. Defendant asserts that Plaintiffs' responses are improperly limited to the period of time after certification, but there were no class members until after the case was certified as a class action. Moreover, the interrogatory is duplicative and cumulative in that it seeks information already requested in Plaintiffs' depositions. Each of the named Plaintiffs were deposed after the case was certified. During those depositions, each of the Plaintiffs were asked to identify the people they had communicated with, and the Plaintiffs answered. For these reasons, Plaintiffs' responses properly address their communications with class members after certification.

- **Plaintiff Ernesto Bennett's Answer.**
    - Plaintiff provided information about communications with class members in his deposition; Defendants state that Plaintiff has not identified the specific instances. See, e.g., Bennett dep. at 22-25; 69-70; 116-120.
    - Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff Tracie Hernandez's Answer.**
    - Plaintiff provided information about communications with class members in her deposition; Defendants state that Plaintiff has not identified the

**July 11, 2011**
**Page 3**

- specific instances.  See, e.g., Hernandez dep. at 58-60; 238; 288-294; 299-300; 301-06; 323-39.  Plaintiff has had no other relevant communications with class members.
    - o The dates and times of Plaintiff's communications with other Named Plaintiffs are neither responsive nor relevant.
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff John Jasinski's Answer.**
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.
    - o As noted in Plaintiffs' response, he is currently employed as a manager with Sprint.  The issue of the lawsuit may have come up in passing with the class members he manages.  Plaintiff does not recall the details of any such communications. Otherwise, Plaintiff Jasinski discussed potentially responsive communications in his deposition.  See, e.g., Jasinski dep. at 144-45; 146-48; 173.

- **Plaintiff Teisha King's Answer.**
    - o Plaintiff provided information about communications with class members in her deposition; Defendants state that Plaintiff has not identified the specific instances.  See, e.g., King dep. at 77-83; 94-101; 107.
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff Jeanne Noel's Answer.**
    - o Plaintiff provided information about communications with class members in her deposition; Defendants state that Plaintiff has not identified the specific instances.  See, e.g., Noel dep. at 313-15; 319; 321; 323-25, 328-39.
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff Jay Richie's Answer.**
    - o Plaintiff provided information about communications with class members in his deposition; Defendants state that Plaintiff has not identified the specific instances.  See, e.g., Richie dep. at 74-76; 77-81; 82-83; 88-89; 120-21; 129.
    - o The communications Plaintiff identified occurred by telephone.  Plaintiff does not recall any further details about the dates or times of the communications.
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.
    - o Plaintiff has had no other relevant communications with class members.

- **Plaintiff Roxie Sibley's Answer.**
    - o Plaintiff provided information about communications with class members in her deposition; Defendants state that Plaintiff has not identified the specific instances.  See, e.g., Sibley dep. at 30-37; 40-43; 52-59; 67-69; 125-28.

July 11, 2011
Page 4

- o Plaintiff stated that her communications with class member Mundy occur on a near daily basis via telephone and/or text.  She recalls no further detail.  Plaintiff does not recall the details of any other responsive communications she may have had with any other class members.  The dates and times of Plaintiff's communications with other Named Plaintiffs are neither responsive nor relevant.
- o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff Gregory St. Julien's Answer.**
    - o Plaintiff provided information about communications with class members in his deposition; Defendants state that Plaintiff has not identified the specific instances.  See, e.g., St. Julien dep. at 153; 170-72.  Plaintiff has had no other communications with class members.
    - o The dates and times of Plaintiff's communications with other Named Plaintiffs are neither responsive nor relevant.
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.

- **Plaintiff Jamie Williams' Answer.**
    - o Plaintiff has no documents that are responsive to this interrogatory apart from any documents Plaintiffs previously produced.
    - o Plaintiff has had no other communications class members apart from those described in her deposition.  See, e.g., Williams dep. at 115-18; 134-36; 141; 160-61.

**Interrogatory No. 2.**  Defendants requested that Plaintiffs identify each meeting or conference call at which Plaintiffs or their representatives interviewed or otherwise communicated with class members relating to this action.  Defendants object that Plaintiffs' answers do not indicate whether there were any "meetings" at which Plaintiffs or their agents communicated with class members, and fail to identify any related documents.

The communications between Plaintiffs and class members are identified in Plaintiffs' responses to Interrogatory 1, and as supplemented above.  There have been no other meetings or conference calls between Plaintiffs and/or their counsel and class members; accordingly there are no documents to identify.  The details of any such meetings involving counsel would be protected from discovery under the work-product doctrine and by the attorney-client privilege, as would the documentation of counsel relating to any such occurrences.

**Interrogatories Nos. 3-4.**  In interrogatories 3 and 4, respectively, Defendants requested that Plaintiffs list the following information (a) questions of law or fact common to the class under Counts I and II and how they be tried; (b) questions of law or fact not common to the class under Counts I and II and how they be tried; and (c) Plaintiffs' proposed process for calculating and distributing damages under Counts I and II.  In response to both interrogatories, Plaintiffs objected to each subpart on the grounds that the requests are vague and ambiguous, seek privileged material and/or attorney work-product; and are premature, as discovery is ongoing.

**July 11, 2011**
Page 5

Defendants cite Wal-Mart v. Dukes, 564 U.S. ___ (2011), as authority for "the need for plaintiffs' counsel to submit a trial plan in advance of class certification so that the district court may determine whether plaintiffs have demonstrated that their alleged 'common contention' is actually 'capable of classwide resolution." The Wal-Mart decision does not impose any requirement that a trial plan be provided either pre- or post-certification. Other courts have recognized that Plaintiffs are under no obligation to produce a trial plan. See O'Sullivan v. Countrywide Home Loans, Inc., 202 F.R.D. 504, 514 (S.D. Tex. 2001) (finding Plaintiffs are under no obligation to submit a trial plan and failing to do so is no bar to certification), rev'd on other grounds, 319 F.3d 732 (5th Cir. 2003). This case has already been certified, and the Court has already identified common legal and factual contentions capable of classwide resolution. The Tenth Circuit denied Defendants' petition for interlocutory appeal. The Wal-Mart decision has no effect on the certification decision that has already been made in this case, including the issues the Court identified that are capable of classwide resolution.

You have had success in an FLSA collective action seeking this information, as evidenced by the Martin order you provided. Setting aside the applicability of a multi-plaintiff collective action to a Rule 23 action, discovery is ongoing in this case, and will be for a significant amount of time to come. Plaintiffs' trial plan and the common issues for trial will depend on the course of discovery and the results of the parties' dispositive motions. Accordingly, Plaintiffs' objections that the requests are premature are correct. Furthermore, Defendants' requests are essentially contention interrogatories, and responses to such interrogatories are commonly postponed until the close of discovery. See, e.g., Manual for Complex Litigation, Fourth, § 11.461 ("Rule 33(c) permits interrogatories that call for 'an opinion or contention that relates to fact or the application of law to fact,' but permits the court to defer an answer 'until after designated discovery has been completed or until a pretrial conference or other later time.'").

Regarding Defendants' request for Plaintiffs' proposed procedure for calculating and distributing damages, this request seeks information that will depend on the report provided by Plaintiffs' expert. Accordingly, it is premature and duplicative of Defendants' second interrogatories seeking information pertaining to our experts' opinion, conclusions and testimony. You are aware that the Court recently reconfirmed Defendants' obligation to produce classwide commissions-related data, which our experts will analyze for damages. As we have previously stated, we intend to perform an individualized damages analysis for each Plaintiff and class member using Defendants' commissions-related data. The results of this analysis will be provided in Plaintiffs' expert report.

**III.     Requests for Production.**

**Document Request No. 2.** Defendants request all documents reflecting communications between the Named Plaintiffs or their representatives and any class members "relating to the facts, claims, and/or allegations made in the Complaint," including any drafts of such documents.

This request calls for documents that are categorically protected by the attorney-client privilege and work product doctrine. Actual communications between Class Counsel and the class are protected by the attorney client privilege, and the work product doctrine protects any documents relating to such communications (if not also protected by the

July 11, 2011
Page 6

privilege). We have provided the names of the class members Class Counsel has communicated with. Providing the details of each communication with a class in excess of 34,000 members involves the kind of voluminous documentation that is appropriate for listing categorically, as recognized in the committee notes to Rule 26(b)(5). Defendants note as much in their own privilege log, treating communications between and among Defendants' counsel and Defendants as a category of privileged documents.

Furthermore, this request is overbroad. Overbreadth objections are commonly sustained when they are based on the use of a broad term such as "relating to" applied to a general category of documents, such as "the facts, claims, and/or allegations" in the Complaint. See Moses v. Halstead, 236 F.R.D. 667, 672-73 (D. Kan. 2006).

Regarding the individual Named Plaintiffs, there are no relevant, responsive documents between themselves and the class members to produce.

**Document Request No. 3.** Defendants request all surveys sent to class members or other persons by Plaintiffs and/or their representatives relating to this action that Plaintiffs "intend[] to rely upon or refer to in any way during the course of this litigation."

Plaintiffs have distributed one survey to class members that we may rely on in this litigation, a copy of which we produced. We have not determined what other potentially responsive documents we intend to rely upon in this litigation, if any, thus there is nothing else to produce. Plaintiffs have sent no other surveys to class members or other persons.

**Document Request No. 4.** Defendants request all signed or unsigned written statements provided to Plaintiffs or their representatives by any class members contacted or communicated with in connection with this action.

Plaintiffs have produced all signed statements received from class members, which includes declarations and discovery responses. If Defendants considers drafts of these documents to be "unsigned" statements, such drafts are categorically protected by the work-product doctrine and attorney-client privilege and are not subject to discovery. Defendants acknowledge as much in their own privilege log (withholding "Memoranda, drafts, notes, and files of counsel for the defendant in this and other litigation" as an overall category). There are no other unsigned statements.

To the extent a class member's responses to Plaintiffs' survey can be deemed a "statement," this request is duplicative of Request No. 5.

**Document Request No. 5.** Defendants request all documents" relating to or evidencing" any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiffs or their representatives obtained from class members relating to the allegations in the Complaint, and any drafts of such documents.

As noted in response to Request No. 4, Plaintiffs have already produced all signed statements that have been obtained from class members. Any drafts or records prepared by counsel "relating to or evidencing" such statements are protected by the work product

**July 11, 2011**
Page 7

doctrine, and any communications relating to such documents are also protected by the attorney-client privilege.

Plaintiffs have received 12,601 responses to their survey from class members, including duplicate and anonymous responses, which Plaintiffs have not produced. These responses are protected communications between Class Counsel and class members. Similarly, any other documents reflecting communications between class members and Class Counsel "relating to" their survey responses are privileged. However, Plaintiffs will identify the names of the class members who have responded.

**Document Request No. 6.**  Defendants request the same information as in Request Number 5, but narrow the topic of the request to commissions. This request is subsumed by request Number 5, which Plaintiffs address above. Plaintiffs have received no additional information to provide. To confirm, apart from protected communications between Class Counsel and class members, Plaintiffs have produced all documents received from class members related to this case.

**Document Request No. 7.**  Defendants request all documents relating to any meetings, discussions or conversations between class members and Plaintiffs or their representatives, including the dates, times and participants, and state that they are not seeking privileged content by this request. Plaintiffs have no responsive documents in their possession, custody or control. As discussed above, the notes and records of counsel are protected work product.

**Document Request No. 8.**  Defendants request all advertisements, solicitations, web pages, electronic communications, et cetera relating to this action "or the joining into, or representation of, class members in this action."

Plaintiffs produced a copy of the survey distributed to class members, the URLs of the websites maintained by Plaintiffs' counsel that relate to this action, and copies of all advertisements published by Plaintiffs' counsel. Defendants have already requested communications relating to this action between Plaintiffs and any other person in Document Request No. 1, Set I. Moreover, Class Counsel's communications with class members are protected by the attorney-client privilege and work product doctrine. There are no other responsive documents in Plaintiffs' possession, custody or control.

**Document Request No. 9.**  Defendants request all documents relating to any notes, writings, recordings, or other documents made by class members or any person other than Plaintiffs "that relate in any way to the allegations in the Complaint or any and all other matters encompassed by the Complaint."

As noted above, this is the type of request that courts routinely deem to be overbroad. See Moses v. Halstead, 236 F.R.D. 667, 672-73 (D. Kan. 2006). Plaintiffs possess no other documents made by class members that have not already been produced of that have not been addressed above.

**July 11, 2011**
**Page 8**

Please let us know when you would like to meet and confer further on these issues.

Regards,

*s/Charles G. Frohman*

Encl.