## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROXIE SIBLEY, JEANNE NOEL, ERNESTO   :
BENNETT, JAMIE WILLIAMS, GREG ST.   :
JULIEN, TRACIE HERNANDEZ, JOHN   :
JASINSKI, JAY RICHIE, and TEISHA KING,   :
individually and on behalf of a class of others   :
similarly situated,   :
  :
     Plaintiffs,   :
  :
     v.   :   Case No. 02:08-CV-02063-KHV/JPO
  :
SPRINT NEXTEL CORPORATION, a Kansas   :
corporation   :
  :
     and   :
  :
SPRINT/UNITED MANAGEMENT   :
COMPANY, a Kansas corporation   :
  :
     Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL RESPONSES TO THEIR THIRD INTERROGATORIES

### I.   INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and District of Kansas Local

Rule 37.1, Defendants Sprint Nextel Corporation and Sprint/United Management Company

(collectively referred to as "Sprint" or "Defendants") move to compel Named Plaintiffs Roxie

Sibley, Jeanne Noel, Ernesto Bennett, Jamie Williams, Greg St. Julien, Tracie Hernandez, John

Jasinski, Jay Richie, and Teisha King (collectively "Plaintiffs") to answer Defendants' Third Set

of Interrogatories, Nos. 3 and 4, which seek non-privileged information and information that by

law the Plaintiffs are required to provide.

## II.    <u>BACKGROUND</u>

On or about February 7, 2008, Plaintiffs filed a four count complaint in this Court on behalf of themselves and other individuals similarly situated alleging violations of the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.* and breach of contract, among other claims, arising from alleged problems with Defendants' computer systems that they claim impacted commission payments.  (Doc. No. 1.)  Plaintiffs amended that complaint on or about February 26, 2008.  (Doc. No. 8.)

On November 28, 2008, the Court granted Plaintiffs' Motion for Class Certification and ordered Defendants to produce class-wide data.  (Doc. No. 99.)  The Court indicated that it could decertify the class in the future, and specifically reserved the right to modify or amend the Class Certification Order pursuant to Fed. R. Civ. P. 23(c)(1)(C).

On May 17, 2010, Defendants served their Third Set of Interrogatories and Requests for Production of Documents on each of the Named Plaintiffs.  (Declaration of Elise M. Bloom Esq. ¶ 2, Doc. No. 226.)[1]  Plaintiffs, in turn, provided a set of nearly identical – and deficient – answers and responses on June 17, 2010.  (<u>Id.</u> at ¶ 3, Doc. No. 228.)  Relevant portions of the interrogatories and answers for each of the Named Plaintiffs are attached as Exhibits A and B to the Declaration of Elise M. Bloom, Esq.

As set forth in greater detail below, the parties have resolved most of their differences with respect to the Third Set of Interrogatories and Requests for Production of Documents.  (<u>See</u> <u>infra</u>, pages 4-5.)  However, the parties have not been able to resolve their disagreement with respect to Interrogatories Nos. 3 and 4, which call for non-privileged information regarding the

---

[1] Referenced documents are cited as "Ex. __" and are attached to the Declaration of Elise M. Bloom, Esq., hereinafter cited as "Bloom Decl."

Plaintiffs' trial plan in this case.  Specifically, Defendants made the following requests and

Plaintiffs provided the following answers:[2]

### Interrogatory No. 3

Set forth, and list separately for each of the following subparagraphs (a) through
(c):  (a) the questions of law or fact common to the class under Count I of the
Complaint and how you propose that they be tried; (b) the questions of law or fact
that are individualized and not common to the class under Count I of the
Complaint and how you propose that they be tried; and (c) your proposed process
for calculation and distribution of damages under Count I of the Complaint.

### Plaintiffs' Answer:

Plaintiffs object that this interrogatory is compound and each subparagraph is
properly counted as a separate Interrogatory. Accordingly, Plaintiffs will respond
to each subparagraph separately.

(a) Plaintiffs object on the grounds that this interrogatory is vague and ambiguous;
seeks information protected by the attorney-client privilege and work product
doctrine; calls for legal opinion and legal conclusion; and is premature, as
discovery is ongoing. Plaintiffs will comply with the Court's scheduling order and
the Federal Rules of Civil Procedure.

(b) Plaintiffs object on the grounds that this interrogatory is vague and
ambiguous; overly broad; seeks information protected by the attorney-client
privilege and work product doctrine; calls for legal opinion and legal conclusion;
and is premature, as discovery is ongoing. Plaintiffs will comply with the Court's
scheduling order and the Federal Rules of Civil Procedure.

(c) Plaintiffs object on the grounds that this interrogatory is vague and ambiguous;
calls for legal opinion and legal conclusion; seeks information protected by the
attorney-client privilege, work product doctrine and non-testimonial expert
privilege; seeks information pertaining to Plaintiffs' expert report; and is
premature, as discovery is ongoing. Plaintiffs will comply with the Court's
scheduling order and the Federal Rules of Civil Procedure.

### Interrogatory No. 4

Set forth, and list separately for each of the following subparagraphs (a) through
(c):  (a) the questions of law or fact common to the class under Count II of the
Complaint and how you propose that they be tried; (b) the questions of law or fact
that are individualized and not common to the class under Count II of the

---

[2] While the individual Plaintiffs' overall responses differed slightly, the responses to Interrogatories Nos. 3 and 4
were identical for each Plaintiff.

Complaint and how you propose that they be tried; and (c) your proposed process for calculation and distribution of damages under Count II of the Complaint.

**Plaintiffs' Answer:**

Plaintiffs object that this interrogatory is compound and each subparagraph is properly counted as a separate Interrogatory. Accordingly, Plaintiffs will respond to each subparagraph separately.

(a) Plaintiffs object on the grounds that this interrogatory is vague and ambiguous; seeks information protected by the attorney-client privilege and work product doctrine; calls for legal opinion and legal conclusion; and is premature, as discovery is ongoing. Plaintiffs will comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

(b) Plaintiffs object on the grounds that this interrogatory is vague and ambiguous; overly broad; seeks information protected by the attorney-client privilege and work product doctrine; calls for legal opinion and legal conclusion; and is premature, as discovery is ongoing. Plaintiffs will comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

(c) Plaintiffs object on the grounds that this interrogatory is vague and ambiguous; calls for legal opinion and legal conclusion; seeks information protected by the attorney-client privilege, work product doctrine and non-testimonial expert privilege; seeks information pertaining to Plaintiffs' expert report; and is premature, as discovery is ongoing. Plaintiffs will comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

The parties have attempted to resolve the disputes relating to these discovery requests, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, but have been unable to do so. After Plaintiffs served their discovery responses, counsel for Defendants was speaking with Plaintiffs' counsel by telephone on a different issue and told her that Defendants believed there were a number of deficiencies in Plaintiffs' responses to Defendants' discovery requests. (Bloom Decl. ¶ 4.) Defendants' counsel specifically referenced the fact that Plaintiffs had objected to providing a trial plan, but Plaintiffs' counsel reiterated that they were not inclined to share Plaintiffs' trial plan with Defendants. (Id.) Defendants' counsel explained that, in light of the recent Supreme Court decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2011 WL 2437013 (2011), Defendants believe they are entitled to Plaintiffs' trial plan. (Bloom Decl. ¶ 5.)

Plaintiffs' counsel indicated she had not yet reviewed the <u>Wal-Mart</u> decision. (<u>Id.</u>) Defendants' counsel told Plaintiffs' counsel that Defendants would write a letter and detail Defendants' position concerning disclosure of the trial plan. (<u>Id.</u> at ¶ 6.)

Counsel for Defendants subsequently wrote to Plaintiffs' counsel on June 27, 2011 concerning Plaintiffs' obligation to provide a trial plan, again citing the <u>Wal-Mart</u> decision and also enclosing a copy of a recent case supporting Defendants' position. (<u>Id.</u> at ¶ 7, Ex. C.)

Thereafter, on June 30, 2011, Defendants' counsel sent Plaintiffs' counsel a more comprehensive letter outlining the specific deficiencies in Plaintiffs' discovery responses. (<u>Id.</u> at ¶ 8.) In that letter, Defendants reiterated their position that Plaintiffs are required to provide a trial plan in accordance with Interrogatories Nos. 3 and 4. (<u>Id.</u>) Defendants also requested, *inter alia,* that, to the extent documents were not produced based on privilege, Plaintiffs provide a comprehensive privilege log detailing each responsive document Plaintiffs claimed to be withholding on privilege grounds and setting forth the information Defendants would need to properly evaluate the privilege claims. (<u>Id.</u> at ¶ 9.) Defendants requested this information and documentation by July 7, 2011 in order to facilitate further communications and to resolve the discovery dispute before seeking the Court's intervention. (<u>Id.</u> at ¶ 10, Ex. D.)

Plaintiffs responded by letter dated July 11, 2011, but served on July 12, 2011, supplementing their responses, reiterating several objections, and promising to produce additional documentation. (<u>Id.</u> at ¶ 11, Ex. E.) In particular, Plaintiffs stated they would provide a privilege log "by the end of [the] week" (i.e., the week of July 11, 2011), and would supplement their document production accordingly.[3] However, with respect to Interrogatories

---

[3] Defendants only received Plaintiffs' privilege log on July 15, 2011, and as a result, have not been able to scrutinize and fully evaluate Plaintiffs' claims of privilege in advance of the 30-day deadline for this motion under Local Rule 37.1. (Bloom Decl. ¶ 12.) Defendants reserve the right to challenge the sufficiency and appropriateness of Plaintiffs' privilege assertions, if necessary.

Nos. 3 and 4, Plaintiffs continued to refuse to provide a trial plan.  Since the Defendants are entitled to information regarding how Plaintiffs intend to try their case, particularly in a class action, Plaintiffs should be compelled to provide responses to Interrogatories Nos. 3 and 4.

### III.   ARGUMENT

Defendants are entitled to discovery on how Plaintiffs intend to try each of their remaining claims.  This type of non-privileged information is unquestionably relevant to Plaintiffs' ability to maintain – and eventually try – this case as a class action.  Plaintiffs' objections that Interrogatories Nos. 3 and 4 seek information that is privileged, comprises legal opinion and conclusion, and is premature because discovery is ongoing and because the interrogatories seek information pertaining to expert reports are not valid objections.  As such, because Plaintiffs have failed to respond to these interrogatories and have not provided an adequate basis for their objections, Defendants respectfully request that the Plaintiffs be compelled to answer Defendants' Third Set of Interrogatories Nos. 3 and 4 in their entirety.

### A.   PLAINTIFFS' TRIAL PLAN IS RELEVANT AND DISCOVERABLE

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Rule 26 is broadly construed, and "[a] request for discovery should be allowed 'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or defense of a party."  Sheldon v. Vermonty, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (emphasis in original) (quoting Scott v. Leavenworth Unified Sch. Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999)).  When the discovery sought appears facially relevant, the burden is on the party resisting discovery to show that the information does not fall within the broad scope of relevance

as defined by the Federal Rules, or that the potential harm outweighs the presumption in favor of broad disclosure.  Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 670 (D. Kan. 2003).

The Supreme Court's recent decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2011 WL 2437013 (2011) underscores the relevance and importance of a trial plan in making class certification determinations.  In addition to reinforcing the standards for class certification under Rule 23 of the Federal Rules of Civil Procedure and reaffirming the need to conduct a "rigorous analysis" and "probe behind the pleadings" to ensure that the requirements of Rule 23 are satisfied, the Supreme Court clarified Rule 23(a) as it pertains to a finding of commonality. Id. at *7.  In order to have a true "class," plaintiffs must now demonstrate "significant proof" that class members "suffered the same injury" and that their claims "depend upon a common contention . . . capable of classwide resolution," meaning that "the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.  The Supreme Court's decision emphasizes the significance of a trial plan to enable the district court to determine whether plaintiffs have demonstrated that their alleged "common contention" is actually "capable of classwide resolution."  See id.

Courts in the Tenth Circuit have recognized that the rigorous analysis necessary to determine whether the requirements of Rule 23 are satisfied may entail consideration of factual and legal issues regarding the proof of the merits of class claims.  See Shook v. El Paso County, 543 F.3d 597, 612 (10th Cir. 2008).  Such analysis includes consideration of plaintiffs' trial plans, which have been found to be relevant to the class certification decision.  See Benedict v. Altria Group, Inc., 241 F.R.D. 668, 679-81 (D. Kan. 2007) (reviewing plaintiff's proposed trial plan and finding the evidence insufficient to eliminate the individual questions that otherwise precluded Rule 23(b)(3) certification); Emig v. Am. Tobacco Co., 184 F.R.D. 379, 393-94 (D.

Kan. 1998) (considering plaintiffs' proposed trial plan and finding it insufficient to overcome potential class management problems).

Other recent federal case law makes clear that trial plans are not only relevant and discoverable, but are a critical part of the analysis to certify and maintain class actions.  For instance, the Third Circuit has specifically emphasized that "trial plans" are a necessary part of pre-certification in a class action suit and that when a District Court is evaluating whether the plaintiffs have met their burden relating to commonality, "[a] critical need is to determine how the case will be tried."  In re: Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 311-12 (3rd Cir. 2008) (emphasis added), quoting Fed. R. Civ. P. 23 Advisory Committee's Note, 2003 Amendments.  Indeed, as recognized at the time of the 2003 Amendments to Rule 23, it is critical "to determine how the case will be tried. An increasing number of courts require a party requesting class certification to present a 'trial plan' that describes the issues likely to be presented at trial and tests whether they are susceptible to class-wide proof."  Advisory Committee Note, 2003 Amendments to Fed. R. Civ. P. 23(c)(1) (citing Manual for Complex Litigation Third, §§ 21.213, 30.11 and 30.12).  Similarly, the Fifth Circuit recently reversed and remanded a class certification order in Madison v. Chalmette Refining, L.L.C., 637 F.3d 551 (5th Cir. 2011) because the district court failed to require a trial plan that would have assisted the district court in determining whether common issues predominated over individual issues.

Trial plans are relevant in the context of the initial certification decision as well as in any decertification motion.  Espenscheid v. DirectSat USA, LLC, No. 09-cv-625-bbc, 2011 WL 2009967, at *7 (W.D. Wis. May 23, 2011) (decertifying an FLSA action on the eve of trial after reviewing plaintiffs' proposed trial plan).  See also Thiessen v. G.E. Capital Corp., 267 F.3d 1095, 1105-07 (10th Cir. 2001) (overturning lower court order decertifying a class based on a

deficient trial plan in a pattern-or-practice discrimination case, but implicitly recognizing the significance of considering such plans in a motion to decertify a class).  Indeed, district courts are "charged with the duty of monitoring [their] class decisions in light of the evidentiary development of the case" and plaintiffs' proposed trial plan, and the district court "must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."  Espenscheid, 2011 WL 2009967, at *7 (quoting Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983) and citing Fed. R. Civ. P. 23(c)(1)).  See also Martin v. Citizens Fin. Group, Inc., No. 2:10-cv-00260-MSG (E.D. Pa. June 23, 2011) (granting motion to compel discovery of trial plan, and holding that trial plans are relevant to a defendants' motion for decertification and discovery of such is not premature).[4]  Furthermore, and as the Court recognized in its certification Order (Doc. No. 99), the Court may at a later date decertify the class if the Court is "persuaded that a class action is not the most efficient form of litigating this controversy."  Therefore, Plaintiffs' trial plan is necessary and relevant to any future decision this Court may make with respect to the continued viability of the class certified in this case.

In this matter, Plaintiffs have refused even to try to explain how they would prove their claims on a class-wide basis.  Plaintiffs' refusal to offer any trial plan or other form of explanation for how this case would proceed disregards the requirements of federal case law.  The Hydrogen Peroxide court was clear that "[i]t is incorrect to state that a plaintiff need only demonstrate an 'intention' to try the case" with class-wide proof.  552 F.3d at 321.  Rather, Plaintiffs are expected to present evidence that definitively demonstrates that there is a method of proving liability on a class-wide basis that is manageable and efficient for the court and parties.  Id.  See also Vega v. T-Mobile USA Inc., 564 F.3d 1256, 1278-79 (11th Cir. 2009) (vacating

---

[4] A copy of this decision is attached as part of Exhibit C to the Declaration of Elise M. Bloom, Esq.

district court's certification order where plaintiffs had done "nothing to acknowledge" the individualized issues presented in plaintiffs' claims for unpaid wages and had not "propose[d] a trial plan that would feasibly address them," explaining that "[b]y putting off these issues until trial, or blinking them entirely, both [plaintiff] and the district court ran an unnecessarily high risk of introducing needless and avoidable complexity into an already complex case"); Marlo v. United Parcel Serv. Inc., 251 F.R.D. 476, 480 (C.D. Cal. 2008) (concluding that maintaining a case as a class action would not be appropriate because "Plaintiff's counsel have not adequately explained how they intend to try this case, have not supported their assertion to having representative evidence, and have otherwise failed to take affirmative steps to assist the Court in management of trial").

As the above-referenced cases illustrate, courts, including the Supreme Court and those in the Tenth Circuit, have made it clear that plaintiffs in a class action must present a trial plan and cannot hold off doing so.  As such, the Plaintiffs in this matter must present their trial plan and cannot avoid the clear mandate of the courts by claiming that such discovery is premature or seeks privileged information.

## B.    PLAINTIFFS' OBJECTIONS ARE WITHOUT MERIT

Plaintiffs contend that Interrogatories Nos. 3 and 4 seek information that is privileged, comprises legal opinion and conclusion, and is premature because discovery is ongoing and because the interrogatories seek information pertaining to expert reports.  These are not valid objections and should be disregarded.

To begin, the information these interrogatories seek is not privileged.  The Federal Rules of Civil Procedure authorize contention interrogatories, which require a party to apply law to fact and explain the basis for a legal position that they are taking.  See generally 8B Wright et al.,

<u>Federal Practice & Procedure</u> § 2167 (3rd ed. 2010).  Requesting a trial plan is no different.

Plaintiffs contend that this case can be maintained on a class basis, without a need to have each

class member prove an underpayment and without giving Defendants an opportunity to challenge

that claim individually, and Defendants seek to know the basis for that contention.  In the context

of a class action, and in consideration of the District Court's role in determining whether to

maintain a class under Rule 23(c)(1), Plaintiffs' privilege or legal opinion claims are without

merit.

      In addition to not being privileged, the information sought in Interrogatories Nos. 3 and 4

is relevant and it is relevant *now*.  There is no good reason to delay a full answer to the

interrogatories.  It is Defendants' position that Plaintiffs cannot establish the systemic computer

problems that they allege affected commission payments to the class as a whole; rather, to prove

their case, Plaintiffs will have to undertake an individualized analysis of each class members'

commissions over the relevant time period.  Indeed, in objecting to these interrogatories,

Plaintiffs expressly state that they cannot estimate damages until their expert first conducts "an

individualized damages analysis for each Plaintiff and class member using Defendants'

commissions-related data," the results of which will be provided in their expert report.  (<u>See</u>

Bloom Decl. ¶ 11, Ex. E.)  This type of analysis is essentially no different from that which would

be necessary if each of the class members had brought their own lawsuits.  This undercuts the

very premise upon which this class was certified, and Defendants intend to make a motion to

decertify the class on this basis.  To do so, and to properly educate the Court when it undertakes

the requisite "rigorous analysis," Defendants need to first understand how Plaintiffs intend to try

their case.  Interrogatories Nos. 3 and 4 seek this information.

Even if Plaintiffs were correct in objecting to disclosure of a trial plan before the close of discovery, which they are not, Defendants have already provided Plaintiffs with significant information pertaining to the Named Plaintiffs as part of discovery in this case (Id. at ¶ 13), and have also provided Plaintiffs with significant information pertaining to 95 randomly selected class members for purposes of the mediation in this case.  (Id. at ¶ 14.)  These facts undercut Plaintiffs' objection.  That Plaintiffs still cannot prepare or disclose a trial plan after all of the information provided in connection with discovery and mediation is further proof that this case is not suitable for class treatment.

Defendants' discovery will be shaped in large measure, of course, by the demands of trial.  In a non-class case, the contours of the trial are clear, and there is less justification for a trial plan.  But here, Defendants need to know how the Plaintiffs intend to try the case, so they can conduct appropriate discovery to prepare their defense and for dispositive motions aimed at class certification.  Delaying a response to these interrogatories until the close of discovery or the pretrial conference would deprive Defendants of important information that is needed now.

## IV.    CONCLUSION

Accordingly, Defendants respectfully request that the Plaintiffs be compelled to answer their Third Set of Interrogatories, Nos. 3 and 4, in their entirety.

Respectfully submitted this 18th day of July, 2011.

/s/ Michael L. Blumenthal
**SEYFERTH, BLUMENTHAL &**
**HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, Missouri 64105
Tel: 816-756-0700
Fax:  816-756-3700

*/s/ Elise M. Bloom*

**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, New York 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2011, the foregoing **Defendants'**

**Memorandum in Support of Motion to Compel Responses to Their Third Interrogatories**

was electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send email notification of such filing to the following attorneys of record:

> George A. Hanson
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402

> Respectfully submitted,
>
> /s/ Michael L. Blumenthal
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte Street, Suite 430
> Kansas City, Missouri 64105
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com