IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROXIE SIBLEY, JEANNE NOEL, ERNESTO BENNETT, JAMIE WILLIAMS, GREG ST. JULIEN, TRACIE HERNANDEZ, JOHN JASINSKI, JAY RICHIE, and TEISHA KING, individually and on behalf of a class of others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> SPRINT NEXTEL CORPORATION, a Kansas corporation, <br><br> and <br><br> SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation, <br><br>    Defendants. | Case No. 02:08-CV-02063-KHV/JPO |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR DOCUMENTS, SET 1, NO. 4

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and District of Kansas Local Rule 37.1, Plaintiffs move to compel Defendants to produce all compensation plans applicable to class members during the class period. The parties have agreed that membership in the class for the relevant employees (which are defined in the Court's certification order, ECF No. 99) begins August 15, 2005 and ends September 30, 2009. The parties agree that the end date for damages is January 30, 2010. Defendants have refused to provide the compensation plans applicable in the time period from September 30, 2009 to January 30, 2010. However, the plans during that timeframe are necessary to calculate damages. Plaintiffs respectfully request that the Court order Defendants to produce all compensation plans that applied to Plaintiffs from August 11, 2005 to January 30, 2010.

1

## **PROCEDURAL HISTORY**

Plaintiffs served their first requests for production on Defendants on before this case was certified as a class action, and Defendants answered.  The Court certified this case as a class action under Federal Rule of Civil Procedure 23 on November 24, 2008.  (ECF No. 99.) Defendants subsequently served supplemental responses to Plaintiffs discovery requests on February 6, 2009, in which they agreed to produce documents responsive to request number 4 for the class through the date of the certification order.  (Ex. A.)  Plaintiffs' request, and Defendants supplemental response, is as follows:

> 4. All compensation and commission plans and other documents relating to your policies, procedures or methods of compensating retail employees from August 2005 to the present, and any documents relating to changes to those policies, procedures and methods.
>
> RESPONSE: Sprint asserts the Relevancy Objection.  Plaintiffs' request for "other documents relating to your policies, procedures or methods of compensating retail employees" and "any documents relating to changes to those policies, procedures and methods" seeks documents that are not relevant to any claim in this case and not reasonably calculated to lead to the discovery of admissible evidence. Compensation beyond payments for commissions under the Commissions Plan is irrelevant to this action.  Indeed, since only payments relating to commissions are relevant to Plaintiffs' allegations, documents relating to hours, non-commission pay, non-commission related deductions and the description of non-commission compensation is not reasonably calculated to lead to the discovery of responsive information. Subject to, and without waiving any of these Objections or its Preliminary Objections, Sprint will produce the commission plans that applied to the Named Plaintiffs during the specified time period and the commission plans in which retail employees were eligible to participate during the specified time period. Sprint is currently investigating the records of the class members' acknowledgements of the commission plans in which they participated during the specified time period and, to the extent they exist, will produce them to the extent that it is not unduly burdensome to gather and produce such acknowledgments.

Sprint also asserted the following objection in its responses:

> Sprint objects to each of the specific requests, definitions or instructions and all of them in combination, to the extent that they purport to impose unreasonable and unduly burdensome obligations on Sprint, including the production of all documents relating generally to commission-related topics or issues after

2

November 24, 2008. This objection shall be referred to herein as the Undue Burden Objection.

(Ex. A.)

The parties have since reached an agreement on the end date for membership in the class and for calculating damages. The parties have agreed that membership in the class for the relevant employees begins August 15, 2005 and ends September 30, 2009, and that the end date for damages is January 30, 2010.[1] After reaching that agreement, Plaintiffs requested by letter that Defendants supplement their discovery requests through the class period. Defendants responded on July 12, 2011. (Ex. G.) The parties disagreed on a number of issues that are not the subject of this motion. With regard to Plaintiffs' request 4, Defendants noted that they objected generally to the request to the extent it called for the production of documents beyond November 24, 2008. (Id. at 10.) Defendants stated as follows:

> Subject to the stated objections and limitations, Defendants subsequently produced all commission plans and CAFs applicable to the Named Plaintiffs and retail employees. (See July 9, 2008 letter from Defendants; October 16, 2008 letter from Defendants.) In June 2009, Defendants produced CAF records for the entire class and other commission plan-related documents, consistent with Defendants' response to Request No. 4.
>
> The parties have agreed upon a class cut-off date of September 30, 2009. Therefore, Defendants have produced all commission plans and CAFs for the class period, and Defendants' response to Request No. 4 is complete.

---

[1] See Ex. B at 1, Letter from Plaintiffs to Defendants ("it is our understanding that the Sibley class list will include those who worked in the relevant positions from August 15, 2005 to September 30, 2009, and their damages will be calculated through January 30, 2010."); Ex. C at 1, Email from Defendants to Plaintiffs ("Thus, the parties are now in agreement that the class cut off date as to liability is September 30, 2009. The cut-off date for damages is January 31, 2010."); Ex. D at 1, Email from Plaintiffs to Defendants ("As I mentioned in our conversation on July 6th and in my June 28th letter, we agree that the *Sibley* class list cut-off date is September 30, 2009, but that damages will be calculated for those on that class list through January 31, 2010.")

(Id.) Plaintiffs subsequently confirmed that they sought responsive documents through January 31, 2010. (Ex. E. at 2-3.) Defendants stated in response that they have produced all commission plans and CAFs—the principal documents in question—for the class period, which they defined as August 12, 2005 through September 30, 2009. (Ex. F. at 4.) Cognizant of the requirement in Local Rule 37.1 that motions to compel be filed no later than 30 days after receiving the objection to the requested discovery, and given that Defendants objected to Plaintiffs' supplementation requests on July 12, 2011, Plaintiffs filed this motion.

## ARGUMENT

The threshold requirement of discoverability is whether the information sought is relevant to a claim or defense of any party in the pending action. See Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 applies to "any non-privileged matter that is relevant to any party's claim or defense." Id. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Relevance is broadly construed, and a discovery request is relevant if there is "any possibility" that the information sought may pertain to the claim or defense of any party. Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 649, 652 (D. Kan. 2004) (quoting Sheldon v. Vermonty, 204 F.R.D. 679, 689-90 (D. Kan. 2001)). "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence." Mackey v. IBM, Inc., 167 F.R.D. 186, 193 (D. Kan. 1996). Thus, the district court should resolve any doubts in favor of relevance. Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1212 (Fed. Cir. 1987).

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does

not come within the broad scope of relevance as defined by Rule 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 670 (D. Kan. 2003) (internal citations omitted).  Defendants cannot satisfy this burden.

The documents Plaintiffs seek apply to the class period.  The documents are principally Master Incentive Compensation Guides ("MICGs") and their corresponding commission agreement forms ("CAFs").  These documents govern the payment of commissions to class members.  Defendants have already produced the documents applicable through September 30, 2009.  Plaintiffs merely seek responsive documents through January 31, 2009, an additional time period of four months that falls within the parties' agreed-upon class period.  There is no burden to producing these documents, which will amount to a handful.  Moreover, The MICGs state that adjustments to incentive compensation are applied in the month they are resolved and paid out in accordance with the compensation plan in effect at the time of review.   Assuming this provision is enforceable, to analyze damages, the parties will need the applicable compensation plan documents through the end of the class damages period.

For these reasons, Plaintiffs respectfully request that the Court order Defendants to produce all responsive documents to Plaintiffs' Requests for Documents, Set I, no. 4  for the entire class period, from August 12, 2010 to January 31, 2010.

Dated:  August 12, 2011                    **STUEVE SIEGEL HANSON LLP**

                                           */s/ George A. Hanson*
                                           George A. Hanson, KS Bar # 16805
                                           Email: hanson@stuevesiegel.com
                                           460 Nichols Road, Suite 200
                                           Kansas City, MO 64112
                                           Tel: 816-714-7100
                                           Fax: 816-714 7101

**NICHOLS KASTER, PLLP**
*/s/ Charles G. Frohman*
Charles G. Frohman
Email: frohman@nka.com
Michele R. Fisher
Email: fisher@nka.com
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: 612-256-3200
Fax: 612-215-6870
(Admitted Pro Hac Vice)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, a true and correct copy of **Plaintiffs' Memorandum in Support of Motion to Compel Responses to Request for Production, Set I No. 4,** and all supporting documents, were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification to the following attorneys of record:

| | |
|---|---|
| J. Timothy McDonald<br>Rogers & Hardin<br>2700 International Tower,<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>tmcdonald@rh-law.com | Hunter Hughes<br>Rogers & Hardin<br>2700 International Tower,<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>hrh@rh-law.com |
| Christopher Willis<br>Thomas Mew<br>Rogers & Hardin<br>2700 International Tower,<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>ewillis@rh-law.com<br>TMew@rh-law.com | Mark W. Batten<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02110<br>617-526-9850<br>Fax: 617-526-9899<br>mbatten@proskauer.com |
| Michael L. Blumenthal<br>Seyferth, Blumenthal & Harris LLC<br>300 Wyandotte, Suite 430<br>Kansas City, MO 64104<br>mike@sbhlaw.com | Elise M. Bloom<br>Gregory Rasin<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>ebloom@proskauer.com |
| Steven D. Hurd<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>shurd@proskauer.com | Jacqueline M. Dorn<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>jdorn@proskauer.com |

Dated: <u>August 12, 2011</u>

**STUEVE SIEGEL HANSON LLP**
*/s/ George A. Hanson*
George A. Hanson, KS Bar # 16805
Email: hanson@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, MO 64112

7

Tel: 816-714-7100
Fax: 816-714 7101

**NICHOLS KASTER, PLLP**
Charles G. Frohman
Email: frohman@nka.com
Paul J. Lukas
Email: lukas@nka.com
Michele R. Fisher