**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROXIE SIBLEY, JEANNE NOEL, ERNESTO     :
BENNETT, JAMIE WILLIAMS, GREG ST.     :
JULIEN, TRACIE HERNANDEZ, JOHN     :
JASINSKI, JAY RICHIE, and TEISHA KING,     :
individually and on behalf of a class of others     :
similarly situated,     :
    :
          Plaintiffs,     :
    :
          v.     :     Case No. 02:08-CV-02063-KHV/JPO
    :
SPRINT NEXTEL CORPORATION, a Kansas     :
corporation     :
    :
          and     :
    :
SPRINT/UNITED MANAGEMENT     :
COMPANY, a Kansas corporation     :
    :
          Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**THEIR MOTION TO COMPEL RESPONSES TO THEIR**
**FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

## I.    <u>INTRODUCTION</u>

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and District of Kansas Local

Rule 37.1, Defendants Sprint Nextel Corporation and Sprint/United Management Company

(collectively referred to as "Sprint" or "Defendants") move to compel Named Plaintiffs Roxie

Sibley, Jeanne Noel, Ernesto Bennett, Jamie Williams, Greg St. Julien, Tracie Hernandez, John

Jasinski, Jay Richie, and Teisha King (collectively, "Plaintiffs") to appropriately respond to

Defendants' Fourth Set of Requests for Production of Documents No. 1, which seeks non-

privileged information and documents that by law the Plaintiffs are required to provide.

Specifically, Defendants are entitled to class member and prospective class member responses to Plaintiffs' counsel's surveys.

## II.     BACKGROUND

### A.     PROCEDURAL HISTORY

On or about February 7, 2008, Plaintiffs filed a four-count complaint in this Court on behalf of themselves and other individuals similarly situated alleging violations of the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.* and breach of contract, among other claims, arising from alleged problems with Defendants' computer systems that they claim impacted commission payments.  (Doc. No. 1.)  Plaintiffs amended that complaint on or about February 26, 2008.  (Doc. No. 8.)

On November 28, 2008, the Court granted Plaintiffs' Motion for Class Certification and ordered Defendants to produce class-wide data.  (Doc. No. 99.)  The Court indicated that it could decertify the class in the future, and specifically reserved the right to modify or amend the Class Certification Order pursuant to Fed. R. Civ. P. 23(c)(1)(C).

### B.     DEFENDANTS' SEEK CLASS MEMBER AND PROSPECTIVE CLASS MEMBER RESPONSES TO PLAINTIFFS' COUNSEL'S SURVEYS

On May 17, 2010, Defendants served their Third Set of Requests for Production of Documents on each of the Named Plaintiffs.  (Declaration of Steven D. Hurd Esq. ¶ 2, Doc. No. 226.)[1]  On June 17, 2011 (although dated June 16, 2011), Plaintiffs provided a set of identical responses to Defendants' Third Set of Requests for Production of Documents.  (Id. ¶ 3, Doc. 228.)  With regards to the relevant document requests at issue, Defendants made the following requests and Plaintiffs provided the following responses:

---

[1] Referenced documents are cited as "Ex. __" and are attached to the Declaration of Steven D. Hurd, Esq., hereinafter cited as "Hurd Decl."

**Defendants' Third Set – Document Request No. 3:**

Any and all surveys sent to Class Members or other persons by Plaintiff, Named Plaintiffs, and/or their agents, attorneys, representatives, and/or other persons acting on their behalves regarding this action that Plaintiff intends to rely upon or refer to in any way during the course of this litigation.

**Plaintiffs' Response:**

Plaintiffs object to this request on the grounds that it is vague and ambiguous; calls for documents protected by the attorney-client privilege and work product doctrine; and is overly broad and unduly burdensome.  Plaintiffs have not determined what documents that may be responsive to this request that they intend to rely on for purposes of this litigation. Plaintiffs will comply with the Court's scheduling order and the Federal Rules of Civil Procedure.  Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

See the following document: NKA168709-715.

**Defendants' Third Set – Document Request No. 4:**

All written statements (signed or unsigned) or documents provided to Plaintiff, Named Plaintiffs, and/or their agents or representatives, by any Class Members contacted, interviewed, or otherwise communicated with in connection with the claims in this action.

**Plaintiffs' Response:**

Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from Plaintiffs and class members.  Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

**Defendants' Third Set – Document Request No. 5:**

Any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other

documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to the facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

**Plaintiffs' Response:**

Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from class members. See Plaintiffs' answer to request 9. Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

**Defendants' Third Set – Document Request No. 6:**

Any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to commissions, including, but not limited to the alleged amounts of commissions earned, alleged amounts of commission payments or underpayments, and commissions appeals, and any drafts of these documents.

**Plaintiffs' Response:**

Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from class members. See Plaintiffs' answer to request 9. Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

As set forth above, in response to Defendants' Third Set of Requests for Production of

Documents No. 3, Plaintiffs produced the blank survey identified at NKA168709-715. (Hurd

Decl. ¶ 4, Ex. C). Further, in response to Defendants' Third Set of Requests for Production of

Documents Nos. 4, 5, and 6, Plaintiffs objected on the grounds that each Request was "overbroad" and "vague and ambiguous."[2]

Thus, given that Plaintiffs produced a blank survey that they sent to class members coupled with the fact that Plaintiffs claimed Defendants Requests Nos. 4, 5, and 6 were "overbroad" and "vague and ambiguous," Defendants decided to propound a more defined and focused (i.e. narrow) Fourth Set of Requests for Production of Documents explicitly requesting survey responses from class members and prospective class members, including responses to the survey identified at NKA168709-15.

On August 11, 2011, Defendants served their Fourth Set of Requests for Production of Documents on each of the Named Plaintiffs.  (Hurd Decl. ¶ 7, Doc. 235.)  On September 12, 2011, Plaintiffs provided a set of identical – and deficient – responses to Defendants' Fourth Set of Requests for Production of Documents.  (Id. at ¶ 8, Doc. 249.)  With regards to Defendants' Document Request No. 1, Defendants made the following request and Plaintiffs provided the following response:

**Defendants' Fourth Set – Document Request No. 1:**

Any and all surveys completed by Class Members or prospective Class Members regarding this action, including, but not limited to, responses to the survey identified at NKA168709-15.

**Plaintiffs' Response:**

Plaintiffs object to this request on the grounds that it is duplicative and cumulative and seeks information protected by the attorney-client privilege and/or work product doctrine. This request seeks documents already requested and encompassed in Defendants' requests 4, 5 and 6 of Defendants' Second Set of Requests for Production of Documents.

---

2 On June 30, 2011, Defendants' counsel sent Plaintiffs' counsel a comprehensive letter outlining the specific deficiencies in Plaintiffs' discovery responses, including Plaintiffs' responses to Defendants' Third Set of Requests for Production of Documents.  (Hurd Decl. ¶ 5, Ex. D.)  Plaintiffs responded by letter dated July 11, 2011, but served on July 12, 2011, supplementing some of their responses and reiterating several objections.  (Hurd Decl. ¶ 6, Ex. E.)

Plaintiffs objected to those requests, and Defendants did not move to compel responses. "Any motion to compel discovery . . . must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  Otherwise, the objection to the default, response, answer, or objection is waived." L.R. 37.1(b). Defendants have waived their objection to Plaintiffs' response to requests seeking these documents.[3]

Thus, Plaintiffs claim that Defendants' Fourth Set of Requests for Production of Documents No. 1 regarding the survey responses is duplicative of Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6.  As such, Plaintiffs argue that Defendants have waived their right to file a motion to compel Plaintiffs to produce the survey responses because they did not move to compel within thirty days, as required by Local Rule 37.1(b), after Plaintiffs provided their responses to Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6.

Defendants vehemently disagree with Plaintiffs' erroneous assessment.  Indeed, Defendants maintain that they properly propounded a more specific request concerning the survey responses (Fourth Set of Requests for Production of Documents No. 1) only because Plaintiffs previously objected to their Third Set of Requests for Production of Documents Nos. 4, 5, and 6 on the grounds that these Requests were "overbroad" and "vague and ambiguous."  As a result, Defendants maintain that their more defined Fourth Set of Requests for Production of Documents No. 1 cannot possibly be "duplicative and cumulative" of document requests that Plaintiffs previously claimed were "overbroad" and "vague and ambiguous."

The parties have attempted to resolve the disputes relating to these survey responses, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.2, but have been unable to do so.  Specifically, on September 30, 2011, Defendants' counsel spoke with Plaintiffs' counsel via

---

3 Note that it appears that Plaintiffs mistakenly refer to Defendants' Second Set of Requests for Production of Documents instead of Defendants' Third Set of Requests for Production of Documents.

telephone to attempt to resolve the waiver issue and the discoverability of the survey responses. (Hurd Decl. ¶ 9)  Despite their best efforts, the parties were unable to reach agreement on these issues.  Instead, Plaintiffs have continued to refuse to provide the survey responses on the flawed grounds that Defendants have waived their right to move to compel the survey responses and that the survey responses are protected by the attorney-client privilege and work-product doctrine.

Since the Defendants did not waive their right to move to compel Plaintiffs to provide the survey responses and since the survey responses are not protected by any privilege, this Court should compel Plaintiffs to provide the survey responses sought in Defendants' Fourth Set of Requests for Production of Documents No. 1.

### III.    ARGUMENT

Defendants are entitled to documents responsive to its request for completed survey responses by class members and prospective class members.  Defendants have not waived their right to move to compel Plaintiffs to produce the survey responses.  Further, the survey responses are non-privileged information and unquestionably relevant to Plaintiffs' ability to maintain – and eventually try – this case as a class action.

### A.    DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO MOVE TO COMPEL THE SURVEY RESPONSES

Plaintiffs claim that Defendants' Fourth Set of Requests for Production of Documents No. 1 regarding the survey responses is "duplicative and cumulative" of Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6.  Therefore, Plaintiffs argue that Defendants have waived their right to file a motion to compel Plaintiffs to produce the survey responses under Local Rule 37.1(b) because Defendants did not move to compel Plaintiffs to produce the survey responses within thirty days after Plaintiffs provided their responses to

Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6.[4]  Plaintiffs' argument that Defendants waived their right to move to compel Plaintiffs to produce the survey responses is unpersuasive and fraught with contradictions.

In response to Defendants' Third Set of Requests for Production of Documents No. 3 asking for surveys sent <u>to</u> class members, Plaintiffs produced the blank survey identified at NKA168709-715.  In response to Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6, Plaintiffs claimed that these Requests were "overbroad" and "vague and ambiguous" and produced no documents in response to these specific Requests based on those objections.  Given the foregoing objections coupled with the recently produced blank survey identified at NKA168709-715, Defendants issued a more specific request regarding survey responses in their Fourth Set of Requests for Production of Documents No. 1. Specifically, Defendants explicitly requested survey responses from class members and prospective class members, including responses to the survey identified at NKA168709-15. Thus, whereas Defendants' Third Set of Requests for Production of Documents No. 3 asked for surveys sent <u>to</u> class members, Defendants' Fourth Set of Requests for Production of Documents No. 1 asked for survey responses <u>received</u> from class members and prospective class members.

Further, Plaintiffs' objections to Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6 preclude Plaintiffs from arguing that Defendants waived their right to file a motion to compel Plaintiffs to produce the survey responses.  In response to Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6, Plaintiffs claimed that these Requests were "overbroad" and "vague and ambiguous."   As a result, Defendants issued a more

---

4 Local Rule 37.1(b) provides that: "Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  Otherwise, the objection to the default, response, answer, or objection is waived."

specific request regarding survey responses in their Fourth Set of Requests for Production of Documents No. 1 solely in an effort to address and cure Plaintiffs' objections.  Now, in response to Defendants' Fourth Set of Requests for Production of Documents No. 1, Plaintiffs claim that Defendants' request for the survey responses are "duplicative and cumulative."  Simply put, Plaintiffs cannot have it both ways.  They cannot claim, on the one hand, that a document request is "overbroad" and "vague and ambiguous," and therefore not respond to that document request, and then, on the other hand, argue that a subsequent more specific document request that attempts to cure any alleged deficiencies to which Plaintiffs objected is somehow "duplicative and cumulative" of the document request that was previously claimed to be "overbroad" and "vague and ambiguous."  Indeed, such a conclusion is nonsensical.  The terms "overbroad," "vague," and "ambiguous" infer that something is unclear or has more than one meaning.  Thus, to summarily conclude that a clear and explicit request that cannot possibly have more than one meaning is "duplicative" (i.e. the same) of a document request characterized as "overbroad," "vague," and "ambiguous" defies logic.[5]  In short, it is illogical for a party to claim that a well-defined and focused document request is "duplicative and cumulative" of prior document requests that were allegedly "overbroad" and "vague and ambiguous."

As a result, it is apparent that Defendants' Fourth Set of Requests for Production of Documents No. 1 is not "duplicative and cumulative" of their Third Set of Requests for Production of Documents Nos. 4, 5, and 6.  Accordingly, since Defendants have filed the instant motion to compel within thirty days of Plaintiffs' deficient responses to Defendants' Fourth Set

---

5 Additionally, Defendants requested survey responses from <u>prospective</u> class members in their Fourth Set of Requests for Production of Documents No. 1, which they did not explicitly seek in their Third Set of Requests for Production of Documents.  This is yet another reason why Defendants' Fourth Set of Requests for Production of Documents No. 1 is not "duplicative and cumulative" of Defendants' Third Set of Requests for Production of Documents Nos. 4, 5, and 6.

of Requests for Production of Documents, Defendants' did not waive their right to compel

Plaintiffs to produce the class member and prospective class member survey responses.

**B.     PLAINTIFFS MUST PRODUCE THE SURVEY RESPONSES**

Plaintiffs refuse to provide the survey responses requested in Defendants' Document

Request No. 1 on the basis that the survey responses are "protected by the attorney-client

privilege and/or work product doctrine."[6]  (Hurd Decl. ¶ 8, Ex. G.)  Plaintiffs' objections that the

survey responses requested in Defendants' Document Request No. 1 are protected by the

attorney-client privilege and the work-product doctrine are erroneous.

**1.      Discovery Is Broad In Scope**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.

P. 26(b)(1).  Rule 26 is broadly construed, and "[a] request for discovery should be allowed

'unless *it is clear* that the information sought can have *no possible* bearing' on the claim or

defense of a party."  Sheldon v. Vermonty, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (emphasis in

original) (quoting Scott v. Leavenworth Unified Sch. Dist. No. 453, 190 F.R.D. 583, 585 (D.

Kan. 1999)).  When the discovery sought appears facially relevant, the burden is on the party

resisting discovery to show that the information does not fall within the broad scope of relevance

as defined by the Federal Rules, or that the potential harm outweighs the presumption in favor of

broad disclosure.  Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 670 (D. Kan. 2003).

---

6 It is unclear from the Plaintiffs' response whether all the surveys that Plaintiffs' counsel sent out to class members and prospective class members were sent out following class certification.  For the purposes of this discussion, Defendants assume that all the surveys were sent out to class members and prospective class members following class certification.  To the extent that Plaintiffs' counsel sent out surveys prior to class certification, Plaintiffs must produce responses to those surveys immediately as well.

2.        **The Survey Responses Are Not Protected By The Attorney-Client Privilege**

The standards for evaluating the attorney-client privilege are well established.  In federal court, "the determination of what is privileged depends upon the dictates of Rule 501 of the Federal Rules of Evidence."  ERA Franchise System, Inc., v. Northern Ins. Co. of New York, 183 F.R.D. 276, 278 (D. Kan. 1998) (quoting Fisher v. City of Cincinnati, 753 F. Supp. 692, 694 (S.D. Ohio 1990).  Since "state law supplies the rule of decision," the attorney-client privilege is determined in accordance with Kansas law.  Fed. R. Evid. 501.  Under Kansas law, "the essential elements of the attorney-client privilege are: (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived."  Stallings v. Werner Enters., No. 07-1387-WEB, 2008 U.S. Dist. LEXIS 77501, at *3 (D. Kan. Aug. 28, 2008).[7]

A review of the survey that Plaintiffs' counsel provided to class members and prospective class members (NKA168709-715) clearly shows that the survey asks for factual information and does not involve legal advice.[8]  (Hurd Decl. ¶ 4, Ex. C.)  Indeed, among other items, the survey identified at NKA168709-715 provides the following inquiries:

- During your employment, did Sprint pay you for all the commissions you earned?

- Why do you believe Sprint did not pay you all your commissions?

- How much do you believe Sprint owes you in unpaid commissions?

---

7 Note that the "elements of attorney-client privilege are the same under Kansas law and federal common law." Ace USA v. Union Pac. R.R. Co., No. 09-2194 KHV/DJW, 2011 U.S. Dist. LEXIS 59999, at *7-8 (D. Kan. June 6, 2011).

8 To the best of Defendants' knowledge, this is the only type of survey that Plaintiffs' counsel sent to class members and prospective class members.  If there are other surveys that Plaintiffs' counsel sent to class members and prospective class members asking for factual responses, Plaintiffs must produce those surveys and the responses to those surveys immediately as well.

- If you weren't denied commissions on a monthly basis, or have other comments about unpaid commissions, please explain:

- Did you appeal all of your unpaid commissions?

- How much time did you spend per month on payment issues such as filing or tracking appeals?

Thus, it is apparent that any responses to these survey inquiries are purely factual.

Courts from various jurisdictions have held that responses to such factual surveys/questionnaires are discoverable because they do not involve legal advice, regardless of any attorney-client relationship that may exist between plaintiffs' counsel and class members. Morisky v. PSE&G, 191 F.R.D. 419 (D. N.J. 2000) (granting defendant's motion to compel 141 responses to questionnaires that plaintiffs' counsel sent to potential class members because the questionnaires contained factual information); Penk v. Oregon State Board of Higher Education, 99 F.R.D. 511, 517 (D. Or. 1983) (holding that "factual information gleaned by plaintiffs' counsel from the questionnaires sent to class members is discoverable by defendant through interrogatories served on plaintiffs' counsel"); Gates v. Rohm and Haas Co., No. 06-1743, 2006 U.S. Dist. LEXIS 85562, at *6-7 (D. Pa. Nov. 22, 2006) (noting that "[e]ven if putative class members are considered clients, the attorney-client privilege does not protect against discovery of factual information conveyed to an attorney by a party/client").  In fact, in Morisky, the court noted that "[e]ven if certified as a class, class members are really neither parties to the litigation nor clients of plaintiffs' counsel." Morisky, 191 F.R.D. at 424.  As a result, "[plaintiffs' counsel] cannot assert the attorney-client privilege with respect to the employees who submitted the questionnaires but are not named plaintiffs because only clients can claim this privilege." Id. Further, the Morisky court found that "[n]evertheless, even if that were not the case [and the

class members were clients of counsel], factual [questionnaire] information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege" because "the questionnaires contain fact inquiries that have nothing to do with legal representation."  Id. Thus, the fact that Plaintiffs' counsel sent out the surveys after the class certified, and whether an attorney-client relationship arguably attached at that juncture, has no bearing on the discoverability of the factual survey responses.  As a result, it is apparent that the survey responses requested in Defendants' Document Request No. 1 are not protected by the attorney-client privilege because the information requested is factual, not legal, in nature.

Moreover, even if the questionnaires are somehow protected by the attorney-client privilege, which they are not, Plaintiffs must still provide Defendants with the factual information supplied in the class members' and prospective class members' responses to the surveys.  Gates, 2006 U.S. Dist. LEXIS 85562, at *17-20 (ordering plaintiffs to produce the factual information contained in responses to questionnaires sent to class members, even though the attorney-client privilege protected the actual questionnaires from being produced, because the purely factual information was not protected).

Based on the survey questions and corresponding case law, it is apparent that the surveys completed by class members and prospective class members are not privileged because they are factual, not legal, in nature.  Accordingly, because Plaintiffs have failed to respond to this document request and have not provided an adequate basis for their objection, Defendants respectfully request that the Plaintiffs be compelled to answer Defendants' Fourth Set of Requests for Production of Documents No. 1 in its entirety.

3.      **The Survey Responses Are Not Protected By The Work-Product Doctrine**

To the extent that Plaintiffs claim that the survey responses are protected by the work-product doctrine, that argument is equally unavailing.  To establish work-product protection, a party must show that: "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."  Johnson v. Gmeinder, 191 F.R.D. 638, 643 (D. Kan. 2000) (citing Fed. R. Civ. P. 26(b)(3)).  The work-product doctrine "protects from discovery those documents, things and mental impressions of a party or his representative, particularly his attorney, developed in anticipation of litigation."  Presbyterian Manors, Inc. v. SimplexGrinnell, L.P., No. 09-2656-KHV, 2010 U.S. Dist. LEXIS 102868, at *21 (D. Kan. Sept. 28, 2010).

In Morisky, the court held that the work-product doctrine did not protect the questionnaires from disclosure because, primarily, plaintiffs' produced a blank questionnaire during discovery.  Morisky, 191 F.R.D. at 425.  Acknowledging that "the actual questions conceived and organized by [plaintiffs' counsel] are the only arguable work product," the court held that the attorneys waived this objection when they produced the blank questionnaire.  Id. Here, Plaintiffs' situation is strikingly similar – the only arguable work-product material is the actual survey questions and plaintiffs have already produced a copy of the blank survey with those listed questions.  (Hurd Decl. ¶ 4, Ex. C.)  Accordingly, Plaintiffs cannot rely on the work-product doctrine to avoid disclosing the responses to the survey.

Moreover, even if the responses to the surveys are somehow protected by the work-product doctrine, which they are not, Plaintiffs' must still produce those documents because Defendants have substantial need for the information and it would be overly burdensome to

14

obtain the requested information through other means.  If a party demonstrates that certain

information/documents are protected by the work-product doctrine, the opposing party may still

be entitled to the information if it can show that "it has a substantial need for the material and

that it is unable to acquire the substantial equivalent of the information without undue hardship."

Jackson v. Coach, Inc., No. 07-2128-JTM-DWB, 2008 U.S. Dist. LEXIS 27818, at *4 (D. Kan.

April 4, 2008) (citing Fed. R. Civ. P. 26(b)(3)).

     The responses to the surveys are not protected by the work-product doctrine because

Defendants maintain a substantial need for the information to try this case as a class action.  In

the class-action context, one court has held that a "verbatim witness statement is per se necessary

to the full and efficient development of a case."  Dobbs v. Lamonts Apparel, Inc., 155 F.R.D.

650, 653 (D. Alaska 1994) (noting that "this court views the attorney work product rule as

involving a kind of fiction when the subject is the verbatim statements of witnesses").  The

Dobbs court held that witness responses to plaintiffs' counsel's questionnaire were not protected

by the work-product doctrine because, in part, "[n]o substitute form of discovery can realistically

take the place of a witness' prior written statement" and the "fact that counsel posed the

questions…should not insulate the answers from discovery."  Id.

     Further, acquiring the information contained in the responses to the survey through other

avenues would involve undue hardship.  In this situation, Plaintiffs have noted that they are

withholding 12,601 responses to their survey.  (Hurd Decl. ¶ 6, Ex. E.)  In Morisky, the court

reasoned that deposing or serving individualized interrogatories upon 141 individuals that

completed the factual questionnaire would be unduly burdensome and cause unnecessary delay.

Morisky, 191 F.R.D. at 426.  Indeed, the Morisky court held that the work-product doctrine did

not protect the 141 questionnaires from disclosure.  Id.  Thus, given the fact that Plaintiffs in this

case are withholding 12,601 responses (nearly 90 times as many as in <u>Morisky</u>), it is clear that requiring Defendants to obtain the information via depositions or interrogatories would constitute an undue hardship.

Given the foregoing, the responses to the surveys are not protected by the work-product doctrine and Plaintiffs must produce these documents.

## IV.   <u>CONCLUSION</u>

Accordingly, Defendants respectfully request that the Plaintiffs be compelled to appropriately respond to their Fourth Set of Requests for Production of Documents No. 1 in its entirety.

Respectfully submitted this 12th day of October, 2011.


*/s/ Michael L. Blumenthal*
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, Missouri 64105
Tel: 816-756-0700
Fax:  816-756-3700


*/s/ Elise M. Bloom*
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, New York 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2011, the foregoing **Defendants'**

**Motion to Compel Responses to Their Fourth Set of Requests for Production of Documents**

was electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send email notification of such filing to the following attorneys of record:

> George A. Hanson
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402

> Respectfully submitted,
>
> /s/ Michael L. Blumenthal
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte Street, Suite 430
> Kansas City, Missouri 64105
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com

17