# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROXIE SIBLEY, JEANNE NOEL,
ERNESTO BENNETT, JAMIE WILLIAMS,
GREG ST. JULIEN, TRACIE HERNANDEZ,
JOHN JASINSKI, JAY RICHIE, and TEISHA
KING, individually and on behalf of a class of
others similarly situated,

      Plaintiffs,

v.

SPRINT NEXTEL CORPORATION,
a Kansas corporation,

and

SPRINT/UNITED MANAGEMENT
COMPANY, a Kansas corporation,

      Defendants.

Case No. 08-cv-2063 KHV/JPO

### PLAINTIFF JAY RICHIE'S RESPONSES TO DEFENDANTS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all documents Plaintiff identified or relied upon in answering Defendants' Third Interrogatories to Plaintiff Jay Richie, or which in any way relate to or reflect the information requested in those Interrogatories and Plaintiff's answers thereto, other than documents produced in response to the requests set forth below.

**ANSWER:** Plaintiffs object to this request on the grounds that it calls for documents protected by the attorney-client privilege and work product doctrine; is overly broad and unduly burdensome; and seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

See Exhibit A to Plaintiffs' Interrogatory responses. Plaintiffs have no other responsive, discoverable documents in their possession.

2. Any and all documents reflecting communications between Plaintiff, Named Plaintiffs, and/or their agents or representatives and any Class Member relating to the facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

**ANSWER:** Plaintiffs object to this request on the grounds that it is cumulative and duplicative (see Defendants' First Request for Production of Documents, request 1); vague and ambiguous; calls for documents protected by the attorney-client privilege and work product doctrine; and is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. See Exhibit A to Plaintiffs' Interrogatory responses. Discovery is ongoing.

3. Any and all surveys sent to Class Members or other persons by Plaintiff, Named Plaintiffs, and/or their agents, attorneys, representatives, and/or other persons acting on their behalves regarding this action that Plaintiff intends to rely upon or refer to in any way during the course of this litigation.

**ANSWER:** Plaintiffs object to this request on the grounds that it is vague and ambiguous; calls for documents protected by the attorney-client privilege and work product doctrine; and is overly broad and unduly burdensome. Plaintiffs have not determined what documents that may be responsive to this request that they intend to rely on for purposes of this litigation. Plaintiffs will comply with the Court's scheduling order and the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

See the following document: NKA168709-715.

4. All written statements (signed or unsigned) or documents provided to Plaintiff, Named Plaintiffs, and/or their agents or representatives, by any Class Members contacted, interviewed, or otherwise communicated with in connection with the claims in this action.

**ANSWER:** Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from Plaintiffs and class members. Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

5. Any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to the facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

**ANSWER:** Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

3

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from class members. See Plaintiffs' answer to request 9. Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

6.     Any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to commissions, including, but not limited to the alleged amounts of commissions earned, alleged amounts of commission payments or underpayments, and commissions appeals, and any drafts of these documents.

**ANSWER:**   Plaintiffs object to this request on the grounds that it is cumulative and duplicative; overbroad and unduly burdensome; vague and ambiguous; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. Plaintiffs have already produced all signed statements and interrogatory responses received from class members. See Plaintiffs' answer to request 9. Any class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine. Discovery is ongoing.

7.     Any and all documents that relate to, pertain to, or otherwise concern any

4

meetings, discussions, or conversations between Class Members and Plaintiff, Named Plaintiffs, their agents, attorneys, representatives, and/or other persons acting on their behalves, including, but not limited to, dates, times, and participants of such meetings, discussions, or conversations. By this document request, Defendants are not seeking any privileged content.

**ANSWER:** Plaintiffs object to this request on the grounds that it is vague and ambiguous; overbroad and unduly burdensome; seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; and calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

This request is overbroad and unduly burdensome as it is unlimited as to time or subject matter. Notably, Named Plaintiff John Jasinski is still employed by Sprint as a manager, and in performing his regular job duties he continues to have meetings, discussions, or conversations with actual or potential class members on a daily basis. Documents related to such communications are not relevant to this action. Moreover, Plaintiffs are unaware of what materials may be in each class members' possession.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession. See Exhibit A to Plaintiffs' Interrogatory responses.

8. Any and all advertisements, commercials, articles, solicitations, letters, newspaper or magazine ads, media materials, web pages, electronic communications, or documents that relate to, pertain to, or otherwise concern this action or the joining into, or representation of, Class Members in this action.

**ANSWER:** Plaintiffs object to this request on the grounds that it is vague and ambiguous; overbroad and unduly burdensome; cumulative and duplicative, seeks information

5

that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; and calls for documents protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

This request is overbroad and unduly burdensome as it could apply to all documents in the public domain that relate in any way this action, regardless of authorship; accordingly, it is effectively unlimited in scope.  This request also seeks documents publicly available to Defendants.  See, .e.g., www.nka.com; www.overtimecases.com; sprintcommissions.com; sprintretaillawsuit.com; www.sprintcommissionlawsuit.com.

Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession.  See Plaintiffs' response to request 3.  See the following documents: NKA168683-706.

9.    To the extent not otherwise produced in response to these Requests, any and all documents constituting, discussing, or relating to any notes, writings, audio or other recordings, or other documents made by Class Members or any person other than Plaintiff or the Named Plaintiffs that relate in any way to the allegations in the Complaint or any and all other matters encompassed by the Complaint.

**ANSWER:**    Plaintiffs object to this request on the grounds that it is vague and ambiguous; overbroad and unduly burdensome; seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; and calls for documents protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing objections, Plaintiff answers as follows.

This request is overbroad and unduly burdensome as it applies to "any person" other than Plaintiffs; accordingly, it is effectively unlimited in scope.  Moreover, Plaintiffs are unaware of

what documents may be in each class member's possession that relate to the matters and allegations encompassed by the Complaint.  Plaintiffs will produce any responsive, non-protected documents in Plaintiffs' possession.  See the following documents:

- Class Member Opt-Out Requests:    NKA167513 - NKA167563
- Anthony Iademarco:    NKA000355-421
- John Jasinski:    NKA50471-84; NKA167257-79; NKA167298-321
- Mark Lowman:    NKA167488-91
- Jason Harper:    NKA167492-511
- Kelli Reiter:    NKA168716-20
- Milton Nazario:    NKA167286-297
- Linda Heuer:    NKA167586-682

Discovery is ongoing.

Dated:    June 16, 2011            NICHOLS KASTER, PLLP

   */s/Charles G. Frohman*
   Donald H. Nichols, MN Bar No. 78918*
   Email: nichols@nka.com
   Paul J. Lukas, MN Bar No. 22084X*
   Email: lukas@nka.com
   Michele R. Fisher, MN Bar No. 303069*
   Email: fisher@nka.com
   Charles G. Frohman, MN Bar No. 3686695*
   Email: frohman@nka.com
   4600 IDS Center, 80 South 8th Street
   Minneapolis, Minnesota 55402
   Telephone: (612) 256-3200
   Fax: (612) 215-6870
   *admitted pro hac vice*

   STUEVE SIEGEL HANSON LLP
   George A. Hanson, KS Bar # 16805
   Email: hanson@stuevesiegel.com
   460 Nichols Road, Suite 200
   Kansas City, Missouri 64112
   Telephone: (816) 714-7100
   Fax: (816) 714-7101

   ATTORNEYS FOR PLAINTIFFS