# Exhibit 2

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

Elise M. Bloom
Member of the Firm
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

June 30, 2011

**By Email**

Michele R. Fisher, Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Re: Sibley et al v. Sprint Nextel Corporation
Case No. 02:08-cv-02063 KHV/JPO

Dear Michele:

We write to you with regard to Plaintiffs' Answers to Defendants' Third Set of Interrogatories and Responses to Defendants' Third Requests for Production of Documents and the deficiencies that we have identified in those answers and responses. In an effort to comply with Local Rule 37.2 and to avoid court intervention, we write as to those deficiencies and to give Plaintiffs the opportunity to provide complete responses and answers. Please supplement your discovery accordingly, correct the deficiencies set forth below, and provide a comprehensive privilege log no later than July 7, 2011 so that we may move to compel discovery, if necessary, within the 30 day time period provided by Local Rule 37.1.

## I. Plaintiffs' Answers to Defendants' Third Set of Interrogatories are Deficient.[1]

### A. Deficiencies in Plaintiffs' Objections

In each response to Defendants' Third Set of Interrogatories, Plaintiffs object and purportedly withhold responsive documents on the basis of the attorney-client privilege. To the extent privilege is being asserted, please provide a privilege log to Defendants detailing each responsive document they are withholding on the grounds that the document is protected from disclosure by the attorney-client privilege, as well as the other required information so that we can evaluate the appropriateness of the assertions and whether we need to move to compel.

[1] Each Named Plaintiff served identical answers to Defendants' Third Set of Interrogatories. Accordingly, this section applies to each of the Named Plaintiff's answers, except where otherwise noted.

**B. Deficiencies in Plaintiffs' Individual Answers**

Plaintiffs have either failed to fully answer Defendants' Third Set of Interrogatories or have provided no response at all:

**<u>Interrogatory No. 1</u>:** Interrogatory No. 1 asked Plaintiffs to identify each and every Class Member that Plaintiff, Named Plaintiffs or their representative(s) and/or agent(s) have contacted, interviewed, and/or communicated with relating to this action, and state the date(s) and time(s) of each such contact, interview, or communication, identify any and all witnesses or participants thereto, identify the mode of such contact or communication, and identify any and all documents relating to or reflecting the information requested in the interrogatory, including but not limited to, documents obtained from such persons.

In response, Plaintiffs state that they sent out all class notices and received responses from "numerous class members" as identified in Exhibit A.

This answer is insufficient. Plaintiffs have provided nothing more than a list of names of class members they assert "were responsive, by telephone, U.S. mail, or electronically via e-mail or the Internet, to Plaintiffs' counsel [sic] efforts to contact them." Plaintiffs have failed to identify the dates and times of specific communications with each class member, any witnesses or participants to each communication, the mode of each communication, and any specific documents. Please provide the information and documents as requested by the interrogatory.

In addition, Plaintiffs' answer is incomplete in that it does not specifically identify (much less produce) any of the responsive documents that Plaintiffs state they intend to "provide" to Defendants. Indeed, it is not clear from the answer whether Plaintiffs have provided any documents that fall within this interrogatory. Plaintiffs' assertion that "[d]iscovery is ongoing" does not excuse a deficient discovery response. Plaintiffs must either specifically identify responsive documents and produce them, or affirmatively state that they have no such documents.

Finally, as noted above, Plaintiffs have objected to this interrogatory and purportedly withhold responsive documents based on the attorney-client privilege. Plaintiffs must immediately provide a privilege log to Defendants detailing the responsive documents that they are withholding on privilege grounds. (*See supra*, Part I.A.)

- **<u>Plaintiff Ernesto Bennett's Answer</u>:** In addition to the general deficiencies noted above, Plaintiff Bennett's answer is deficient for the following reasons:
  - Plaintiff Bennett has improperly limited his answer to the period post-dating class certification;
  - Plaintiff Bennett has not identified the specific "instances" he "described in his deposition;" and

- Plaintiff Bennett has failed to identify any documents that he may have that are responsive to this interrogatory. If Plaintiff Bennett has no such documents, he must say so.

- **<u>Plaintiff Tracie Hernandez's Answer</u>:** In addition to the general deficiencies noted above, Plaintiff Hernandez's answer is deficient for the following reasons:

  - Plaintiff Hernandez has improperly limited her answer to the period post-dating class certification;

  - Plaintiff Hernandez has not identified the specific "communications" she "described in her deposition;"

  - Plaintiff Hernandez has not identified the dates and times of the specific communications she identifies, nor has she identified the mode of communication or any witnesses or participants thereto;

  - Plaintiff Hernandez has failed to identify any documents that she may have that are responsive to this interrogatory; if Plaintiff Hernandez has no such documents, she must say so; and

  - Plaintiff Hernandez has not said whether she has communicated with any class members besides the Named Plaintiffs; Plaintiff Hernandez must affirmatively state whether she has had such contact with class members and provide the information requested by the interrogatory.

- **<u>Plaintiff John Jasinski's Answer</u>:** In addition to the general deficiencies noted above, Plaintiff Jasinski's answer is deficient for the following reasons:

  - Plaintiff Jasinski has improperly limited his answer to the period post-dating class certification;

  - Plaintiff Jasinski has failed to identify any documents that he may have that are responsive to this interrogatory; if Plaintiff Jasinski has no such documents, he must say so; and

  - Plaintiff Jasinski must specifically identify the "other class members" Plaintiff Jasinski has communicated with and provide the details requested by this interrogatory.

- **<u>Plaintiff Teisha King's Answer</u>:** In addition to the general deficiencies noted above, Plaintiff King's answer is deficient for the following reasons:

  - Plaintiff King has improperly limited her answer to the period post-dating class certification;

- Plaintiff King has not identified the specific "communications" she "described in her deposition;" and

- Plaintiff King has failed to identify any documents that she may have that are responsive to this interrogatory. If Plaintiff King has no such documents, she must say so.

- **Plaintiff Jeanne Noel's Answer:** In addition to the general deficiencies noted above, Plaintiff Noel's answer is deficient for the following reasons:

  - Plaintiff Noel has improperly limited her answer to the period post-dating class certification;

  - Plaintiff Noel has not identified the specific "instances" she "described in her deposition;" and

  - Plaintiff Noel has failed to identify any documents that she may have that are responsive to this interrogatory. If Plaintiff Noel has no such documents, she must say so.

- **Plaintiff Jay Richie's Answer:** In addition to the general deficiencies noted above, Plaintiff Richie's answer is deficient for the following reasons:

  - Plaintiff Richie has improperly limited his answer to the period post-dating class certification;

  - Plaintiff Richie has not identified the specific "instances" he "described in his deposition;"

  - Plaintiff Richie has not identified the dates and times of the specific communications he identifies, nor has he fully identified the mode of communication or any witnesses or participants thereto;

  - Plaintiff Richie has failed to identify any documents that he may have that are responsive to this interrogatory; if Plaintiff Richie has no such documents, he must say so; and

  - Plaintiff Richie has not said whether he has communicated with any other class members or Named Plaintiffs; Plaintiff Richie must affirmatively state whether he has had such contact or communications and provide the information requested by the interrogatory.

- **Plaintiff Roxie Sibley's Answer:** In addition to the general deficiencies noted above, Plaintiff Sibley's answer is deficient for the following reasons:

- Plaintiff Sibley has improperly limited her answer to the period post-dating class certification;
- Plaintiff Sibley has not identified the specific "instances" she "described in her deposition;"
- Plaintiff Sibley has not fully identified the dates and times of the specific communications she identifies, nor has she fully identified the mode of communication or any witnesses or participants thereto; and
- Plaintiff Sibley has failed to identify any documents that she may have that are responsive to this interrogatory. If Plaintiff Sibley has no such documents, she must say so.

- **Plaintiff Gregory St. Julien's Answer:** In addition to the general deficiencies noted above, Plaintiff St. Julien's answer is deficient for the following reasons:
  - Plaintiff St. Julien has improperly limited his answer to the period post-dating class certification;
  - Plaintiff St. Julien has not identified the specific "communications" he "described in his deposition;"
  - Plaintiff St. Julien has not identified the dates and times of the specific communications he identifies, nor has he identified the mode of communication or any witnesses or participants thereto;
  - Plaintiff St. Julien has failed to identify any documents that he may have that are responsive to this interrogatory; if Plaintiff St. Julien has no such documents, he must say so; and
  - Plaintiff St. Julien has not said whether he has communicated with any class members besides the Named Plaintiffs specified in the answer; Plaintiff St. Julien must affirmatively state whether he has had such contact with class members and provide the information requested by the interrogatory.

- **Plaintiff Jamie Williams's Answer:** In addition to the general deficiencies noted above, Plaintiff Williams's answer is deficient for the following reasons:
  - Plaintiff Williams has improperly limited her answer to the period post-dating class certification;
  - Plaintiff Williams has failed to identify any documents that she may have that are responsive to this interrogatory; if Plaintiff Williams has no such documents, she must say so; and

- Plaintiff Williams has not said whether she has communicated with any class members besides the Named Plaintiffs identified in her answer; Plaintiff Williams must affirmatively state whether she has had such contact with class members and provide the information requested by the interrogatory.

**Interrogatory No. 2:** In Interrogatory No. 2, Plaintiffs were asked to identify each and every meeting, town hall meeting, and/or telephone, video, or electronic conference call at which Plaintiff, Named Plaintiffs or their representative(s) and/or agent(s) have contacted, interviewed, and/or communicated with Class Members relating to this action, and state the date(s) and time(s) of each such meeting, town hall meeting, and/or telephone, video, or electronic conference call, identify any and all witnesses or participants thereto, identify the mode of such contact or communication, and identify any and all documents relating to or reflecting the information requested in the interrogatory, including but not limited to, documents obtained from such persons.

In response, Plaintiffs state that they have not participated in any town hall meetings or telephone, video, or electronic conference calls in which they contacted, interviewed, and/or communicated with Class Members relating to this action, and refer Defendants to Plaintiffs' responses to Interrogatory No. 1 "regarding other communications with class members."

Plaintiffs' answer is incomplete. Plaintiffs' answer does not indicate whether there were any *meetings* at which Plaintiffs or their representative(s) and/or agent(s) have contacted, interviewed, and/or communicated with Class Members relating to this action. Any such meetings should be identified. In addition, Plaintiffs' answer does not indicate whether their "representative(s) and/or agent(s)" have participated in such meetings or conference calls with Class Members. Plaintiffs must identify any such meetings or conference calls and provide any information and documents responsive to this interrogatory.

Furthermore, Plaintiffs' answer is incomplete in that it does not specifically identify (much less produce) any responsive documents or state that there are none. Plaintiffs' assertion that "[d]iscovery is ongoing" does not excuse a deficient discovery response. Plaintiffs must either specifically identify responsive documents and produce them, or affirmatively state that they have no such documents. If Plaintiffs are withholding documents responsive to this interrogatory based on the attorney-client privilege, they must immediately provide a privilege log to Defendants detailing the responsive documents that they are withholding on privilege grounds. (*See supra*, Part I.A.)

**Interrogatory No. 3:** Interrogatory No. 3 asked Plaintiffs to set forth, and list separately for each of the following subparagraphs (a) through (c): (a) the questions of law or fact common to the class under Count I of the Complaint and how you propose that they be tried; (b) the questions of law or fact that are individualized and not common to the class under Count I of the Complaint and how you propose that they be tried; and (c) your proposed process for calculation and distribution of damages under Count I of the Complaint.

In response to subparagraph (a), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, seeks information protected by the attorney-client privilege and work product doctrine, calls for legal opinion and conclusion, and is premature. Plaintiffs stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

In response to subparagraph (b), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, is overly broad, seeks information protected by the attorney-client privilege and work product doctrine, calls for legal opinion and conclusion, and is premature. Plaintiffs again stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

In response to subparagraph (c), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, calls for legal opinion and conclusion, seeks information protected by the attorney-client privilege, work product doctrine, and non-testimonial expert privilege, seeks information pertaining to Plaintiffs' expert report, and is premature. Plaintiffs again stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

Plaintiffs have failed to respond to this interrogatory and have not provided an adequate basis for their objections. Interrogatory No. 3, which seeks Plaintiffs' trial plan in this case with respect to Count I of the Complaint, seeks non-privileged information and information that by law the Plaintiffs are required to provide under Federal Rule of Civil Procedure 26(b)(1) and federal case law. As to each of the subparagraphs, Plaintiffs have objected on the grounds that the interrogatory seeks information that is privileged, comprises legal opinion and conclusion, and is premature because discovery is ongoing. None of these are valid objections.

As you are aware, the Supreme Court's recent decision in *Wal-Mart v. Dukes*, 564 U.S. ___ (2011), reinforced the standards for class certification under Rule 23 of the Federal Rules of Civil Procedure. Not only did the Court reaffirm the need to "probe behind the pleadings" to ensure that the requirements of Rule 23 are satisfied, but the Court further clarified Rule 23(a) as it pertains to a finding of commonality. In order to have a true "class," plaintiffs must now demonstrate "significant proof" that class members "suffered the same injury" and that their claims "depend upon a common contention . . . capable of classwide resolution," meaning that "the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." The Supreme Court's decision emphasizes the importance of a trial plan and the need for plaintiffs' counsel to submit a trial plan in advance of class certification so that the district court may determine whether plaintiffs have demonstrated that their alleged "common contention" is actually "capable of classwide resolution."

Recent district court decisions, such as that of late last week in *Martin v. Citizens Financial Group, Inc.*, No. 2:10-cv-00260-MSG (E.D. Pa. June 23, 2011),[2] also make clear that trial plans are relevant to a defendants' motion for decertification, and discovery of such is not premature. Accordingly, please supplement your answers to Interrogatory No. 3.

---

[2] Defendants provided Plaintiffs with a copy of this decision in a letter dated June 27, 2011.

**Interrogatory No. 4:** Interrogatory No. 4 asked Plaintiffs to set forth, and list separately for each of the following subparagraphs (a) through (c): (a) the questions of law or fact common to the class under Count II of the Complaint and how you propose that they be tried; (b) the questions of law or fact that are individualized and not common to the class under Count II of the Complaint and how you propose that they be tried; and (c) your proposed process for calculation and distribution of damages under Count II of the Complaint.

In response to subparagraph (a), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, seeks information protected by the attorney-client privilege and work product doctrine, calls for legal opinion and conclusion, and is premature. Plaintiffs stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

In response to subparagraph (b), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, is overly broad, seeks information protected by the attorney-client privilege and work product doctrine, calls for legal opinion and conclusion, and is premature. Plaintiffs again stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

In response to subparagraph (c), Plaintiffs objected on the grounds that the interrogatory is vague and ambiguous, calls for legal opinion and conclusion, seeks information protected by the attorney-client privilege, work product doctrine, and non-testimonial expert privilege, seeks information pertaining to Plaintiffs' expert report, and is premature. Plaintiffs again stated that they would comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

Plaintiffs have failed to respond to this interrogatory and have not provided an adequate basis for their objections. Interrogatory No. 4, which seeks Plaintiffs' trial plan in this case with respect to Count II of the Complaint, seeks non-privileged information and information that by law the Plaintiffs are required to provide under Federal Rule of Civil Procedure 26(b)(1) and federal case law. As to each of the subparagraphs, Plaintiffs have objected on the grounds that the interrogatory seeks information that is privileged, comprises legal opinion and conclusion, and is premature because discovery is ongoing. None of these are valid objections.

Indeed, as noted above, the Supreme Court's recent decision in *Wal-Mart v. Dukes* emphasizes the importance of a trial plan and the need for plaintiffs' counsel to submit a trial plan in advance of class certification so that the district court may determine whether plaintiffs have demonstrated that their alleged "common contention" is actually "capable of classwide resolution." Recent district court decisions, such as that of late last week in *Martin v. Citizens Financial Group, Inc.*, No. 2:10-cv-00260-MSG (E.D. Pa. June 23, 2011), also make clear that trial plans are relevant to a defendants' motion for decertification, and discovery of such is not premature. Accordingly, please supplement your answers to Interrogatory No. 4.

## II. Plaintiffs' Responses to Defendants' Third Requests for Production of Documents are Deficient.[3]

### A. Deficiencies in Plaintiffs' Objections

In each response to Defendants' Third Requests for Production of Documents, Plaintiffs object and purportedly withhold responsive documents on the basis of the attorney-client privilege. To the extent privilege is being asserted, please provide a privilege log to Defendants detailing each responsive document that they are withholding on the grounds that the document is protected from disclosure by the attorney-client privilege, as well as the other required information so that we can evaluate the appropriateness of the assertions and whether we need to move to compel.

### B. Deficiencies in Plaintiffs' Individual Responses

Plaintiffs' responses to Defendants' Third Request for Production of Documents are deficient for the following reasons:

**Document Request No. 2:** In Document Request No. 2, Plaintiffs were asked to produce any and all documents reflecting communications between Plaintiff, Named Plaintiffs, and/or their agents or representatives and any Class Member relating to the facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

In response, Plaintiffs stated that they would produce any responsive, non-protected documents in Plaintiffs' possession, and referred Defendants to Exhibit A to Plaintiffs' Interrogatory responses.

Plaintiffs' response is deficient because they failed to specifically identify (much less produce) any documents reflecting communications between any Plaintiff(s) and/or any Plaintiff(s)' agents or representatives and any Class Member relating to the facts, claims, and/or allegations made in the Complaint. Instead, Plaintiffs have provided a single document consisting of the names of the individuals who were responsive to Plaintiffs' counsel's efforts to contact Class Members. If Plaintiffs are suggesting that Exhibit A is the only "responsive, non protected document[]" in their possession, they must affirmatively state as such. Otherwise, Plaintiffs must specifically identify any responsive documents they "will produce," and produce those documents. Plaintiffs' assertion that "[d]iscovery is ongoing" does not excuse a deficient discovery response.

Plaintiffs object and purportedly withhold responsive documents on the basis of the attorney-client privilege. To the extent privilege is being asserted, please provide a privilege log

---

[3] Each Named Plaintiff served identical responses to Defendants' Third Requests for Production of Documents. Accordingly, this section applies to each of the Named Plaintiff's responses.

to Defendants detailing each responsive document that they are withholding on the grounds that the document is protected from disclosure by the attorney-client privilege. (*See supra*, Part II.A.)

**Document Request No. 3:** Document Request No. 3 asked Plaintiffs to produce any and all surveys sent to Class Members or other persons by Plaintiff, Named Plaintiffs, and/or their agents, attorneys, representatives, and/or other persons acting on their behalves regarding this action that Plaintiff intends to rely upon or refer to in any way during the course of this litigation.

In response, Plaintiffs stated that they "have not determined what documents that may be responsive to this request that they intend to rely on for purposes of this litigation," and produced a single document.

Plaintiffs' response is deficient because it failed to identify and produce all surveys that Plaintiffs intend to rely upon in this litigation. Rather, Plaintiffs only provided a copy of one survey that is accessible on Plaintiffs' website. That Plaintiffs "have not determined what documents that may be responsive to this request that they intend to rely on for purposes of this litigation" does not excuse a deficient discovery response. This request must be responded to immediately.

**Document Request No. 4:** Document Request No. 4 asked Plaintiffs to produce all written statements (signed or unsigned) or documents provided to Plaintiff, Named Plaintiffs, and/or their agents or representatives, by any Class Members contacted, interviewed, or otherwise communicated with in connection with the claims in this action.

In response, Plaintiffs stated that they will produce any responsive, non-protected documents in Plaintiffs' possession, and that they had already produced all signed statements and interrogatory responses received from Plaintiffs and class members. Plaintiffs objected that "[a]ny class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine."

Plaintiffs' response is deficient because Plaintiffs have failed to produce any documents in response to this document request. To the extent Plaintiffs are withholding documents responsive to this request based on the attorney-client privilege, they must immediately provide a privilege log to Defendants detailing each document responsive to this request that they are withholding on privilege grounds. (*See supra*, Part II.A.) Otherwise, all responsive documents must be produced immediately. Plaintiffs' assertion that "[d]iscovery is ongoing" does not excuse a deficient discovery response.

**Document Request No. 5:** Plaintiffs were asked in Document Request No. 5 to produce any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to the facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

In response, Plaintiffs stated that they will produce any responsive, non-protected documents in Plaintiffs' possession, and that they had already produced all signed statements and interrogatory responses received from Plaintiffs and class members (citing Plaintiffs' answer to Request No. 9). Plaintiffs objected that "[a]ny class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine."

Plaintiffs' response is incomplete. While Plaintiffs claim that they "have already produced all signed statements and interrogatory responses received from class members" in response to Defendants' Document Request No. 9 (*see infra*.), they must produce all other responsive documents in their possession. Although Plaintiffs claim they are withholding documents responsive to this request based on the attorney-client privilege, no privilege log was provided to Defendants detailing each document responsive to this request that they are withholding on privilege grounds. (*See supra*, Part II.A.) Plaintiffs' assertion that discovery is ongoing does not excuse a deficient discovery response, and Plaintiffs' complete response must be provided.

**Document Request No. 6:** Document Request No. 6 asked Plaintiffs to produce any and all documents relating to or evidencing any written statements (signed or unsigned), affidavits, declarations, responses to surveys and/or notices, or any other documents that Plaintiff, Named Plaintiffs, and/or their agents or representatives obtained from Class Members relating to commissions, including, but not limited to the alleged amounts of commissions earned, alleged amounts of commission payments or underpayments, and commissions appeals, and any drafts of these documents.

In response, Plaintiffs stated that they will produce any responsive, non-protected documents in Plaintiffs' possession, and that they had already produced all signed statements and interrogatory responses received from Plaintiffs and class members (citing Plaintiffs' answer to Request No. 9). Plaintiffs objected that "[a]ny class member responses to survey questions distributed by Plaintiffs' counsel after this case was certified as a class action are protected from disclosure by the attorney-client privilege and work product doctrine."

Plaintiffs' response is incomplete. While Plaintiffs claim that they "have already produced all signed statements and interrogatory responses received from class members" in response to Defendants' Document Request No. 9 (*see infra*.), they must produce all other responsive documents in their possession. Although Plaintiffs claim they are withholding documents responsive to this request based on the attorney-client privilege, no privilege log was provided to Defendants detailing each document responsive to this request that they are withholding on privilege grounds. (*See supra*, Part II.A.) Plaintiffs' assertion that discovery is ongoing does not excuse a deficient discovery response, and Plaintiffs' complete response must be provided.

**Document Request No. 7:** Document Request No. 7 asked Plaintiffs to produce any and all documents that relate to, pertain to, or otherwise concern any meetings, discussions, or

conversations between Class Members and Plaintiff, Named Plaintiffs, their agents, attorneys, representatives, and/or other persons acting on their behalves, including, but not limited to, dates, times, and participants of such meetings, discussions, or conversations. By this document request, Defendants are not seeking any privileged content.

In response, Plaintiffs stated that they would produce any responsive, non-protected documents in Plaintiffs' possession, and referred Defendants to Exhibit A to Plaintiffs' Interrogatory responses. In addition, Plaintiffs objected in that the request is overbroad and unduly burdensome as it is unlimited as to time or subject matter, and that "[d]ocuments related to such communications are not relevant to this action." Plaintiffs also stated that they "are unaware of what documents may be in each class member's possession that relate to the matters and allegations encompassed by the Complaint."

Plaintiffs' response is deficient because they have failed to identify (much less produce) any documents relating to, pertaining to, or otherwise concerning any meetings, discussions, or conversations between Class Members and Plaintiff(s) or Plaintiff(s)' agents, attorneys, representatives, and/or other persons acting on their behalves. Instead, Plaintiffs have only produced a single document consisting of the names of the individuals that were responsive to Plaintiffs' counsel's efforts to contact Class Members. Please provide all documents responsive to Request No. 7 or state that Plaintiffs do not possess any such documents.

Plaintiffs object and purportedly withhold responsive documents on the basis of the attorney-client privilege. To the extent privilege is being asserted, please provide a privilege log to Defendants detailing each responsive document that they are withholding on the grounds that the document is protected from disclosure by the attorney-client privilege. (*See supra*, Part II.A.)

**Document Request No. 8:** In Document Request No. 8, Plaintiffs were asked to produce any and all advertisements, commercials, articles, solicitations, letters, newspaper or magazine ads, media materials, web pages, electronic communications, or documents that relate to, pertain to, or otherwise concern this action or the joining into, or representation of, Class Members in this action.

In response, Plaintiffs stated that they would produce any responsive, non-protected documents in Plaintiffs' possession, and referred Defendants to Plaintiffs' response to Request No. 3 and the single document produced in connection with that request. In addition, Plaintiffs objected that the request is overbroad and unduly burdensome in that it "could apply to all documents in the public domain that relate in any way to this action." Plaintiffs further stated that the request "seeks documents publicly available to Defendants," and identified several websites.

It is unclear from Plaintiffs' response whether Plaintiffs possess any further responsive documents. To the extent that Plaintiffs have failed to produce and identify documents responsive to this request, please do so. If Plaintiffs do not possess any other responsive

documents, please so indicate. In addition, Plaintiffs' assertion that the request "seeks documents publicly available to Defendants" is not a valid ground for an objection.

As noted above, to the extent Plaintiffs are withholding documents responsive to this request based on the attorney-client privilege, they must immediately provide a privilege log to Defendants detailing the responsive documents that they are withholding on privilege grounds. (*See supra*, Part II.A.)

**Document Request No. 9:** Document Request No. 9 asked that Plaintiffs produce, to the extent not otherwise produced in response to these Requests, any and all documents constituting, discussing, or relating to any notes, writings, audio or other recordings, or other documents made by Class Members or any person other than Plaintiff or the Named Plaintiffs that relate in any way to the allegations in the Complaint or any and all other matters encompassed by the Complaint.

In response, Plaintiffs stated that they would produce any responsive, non-protected documents in Plaintiffs' possession, and referred Defendants to a list of documents. Among Plaintiffs' other objections, they stated that they "are unaware of what documents may be in each class member's possession that relate to the matters and allegations encompassed by the Complaint."

It is unclear from Plaintiffs' response whether Plaintiffs possess any further responsive documents. To the extent that Plaintiffs have failed to produce and identify documents responsive to this request, please do so. If Plaintiffs do not possess any other responsive documents, please so indicate.

As noted above, to the extent Plaintiffs are withholding documents responsive to this request based on the attorney-client privilege, they must immediately provide a privilege log to Defendants detailing the responsive documents that they are withholding on privilege grounds. (*See supra*, Part II.A.)

* * *

As set forth above, Plaintiffs must supplement their deficient answers to Defendants' Third Interrogatories and their deficient responses to Defendants' Third Requests for Production of Documents, and Plaintiffs must immediately provide a privilege log to Defendants detailing the responsive documents they may be withholding on privilege grounds. Please do so no later than July 7, 2011, or Defendants will be forced to seek the Court's intervention. In addition, and as you are well aware, these discovery requests are continuing in nature under the Federal Rules of Civil Procedure, and accordingly, Plaintiffs are obligated to provide supplemental responses as necessary. We look forward to receiving your supplemental responses.

Very truly yours,

*/s/Elise M. Bloom*

Proskauer»

Michele R. Fisher, Esq.
June 30, 2011
Page 14

cc: Jonathon Wilan
Gregory I. Rasin
Steven D. Hurd
Jacqueline M. Dorn
Nicole Eichberger