# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
ROXIE SIBLEY, JEANNE NOEL, ERNESTO
BENNETT, JAMIE WILLIAMS, GREG ST.
JULIEN, TRACIE HERNANDEZ, JOHN
JASINSKI, JAY RICHIE, and TEISHA KING,
individually and on behalf of a class of others
similarly situated,

               Plaintiffs,

            v.

SPRINT NEXTEL CORPORATION, a Kansas
corporation

            and

SPRINT/UNITED MANAGEMENT
COMPANY, a Kansas corporation

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

Case No. 02:08-CV-02063-KHV/JPO

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFFS' EXPERT AFFIDAVIT
AND EXCLUDE TESTIMONY FROM PLAINTIFFS' EXPERT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. The Nickel Declaration Should Be Stricken Because Plaintiffs Have Unjustifiably, And Repeatedly, Failed To Comply With The Expert Testimony Disclosure Requirements of Rule 26(a)(2). ................... 2

    B. The Nickel Declaration Should Also Be Stricken Because It Lacks The Requisite Specificity And Evidentiary Support Sufficient To Present An Issue Of Material Fact Under Rule 56(e). ................................. 7

III. CONCLUSION ................................................................................................... 11

CERTIFICATE OF SERVICE ........................................................................................ 12

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Celestine v. Petroleos de Venez. SA,
  266 F.3d 343 (5th Cir. 2001) (5th Cir. 2001) ............................................................................. 8

Citizens Envtl.Council v. Volpe,
  484 F.2d 870 (10th Cir. 1973) .................................................................................................. 9

Diaz v. Paul J. Kennedy Law Firm,
  289 F.3d 671 (10th Cir. 2002) .................................................................................................. 9

Dunkin Donuts Inc. v. Patel,
  174 F. Supp. 2d 202 (D.N.J. 2001) ........................................................................................... 3

G. D. Searle & Co. v. Chas. Pfizer & Co.,
  231 F.2d 316 (7th Cir. 1956) .................................................................................................... 8

Gust v. Jones,
  162 F.3d 587 (10th Cir. 1998) .................................................................................................. 5

In re Acceptance Ins. Cos., Sec. Litig.,
  352 F. Supp. 2d 940 (D. Neb. 2004), aff'd, 423 F.3d 899 (8th Cir. 2005) ................................ 8

M & M Med. Supplies v. Pleasant Valley Hosp.,
  981 F.2d 160 (4th Cir. 1992) .................................................................................................... 7

Mann v. Walden,
  482 F. Supp. 154 (S.D.N.Y. 1979) ......................................................................................... 10

Mehus v. Emporia State Univ.,
  326 F. Supp. 2d 1213 (D. Kan. 2004) ....................................................................................... 5

Meyers v. AMTRAK,
  619 F.3d 729 (7th Cir. 2010) .................................................................................................... 3

Noblett v. Gen. Elec. Credit Corp.,
  400 F.2d 442 (10th Cir. 1968) .................................................................................................. 8

Okla. v. Tyson Foods, Inc.,
  No. 05-cv-329-GKK-PSC, 2009 U.S. Dist. LEXIS 66530 (N.D. Okla. July 24,
  2009) ............................................................................................................................ 2, 4, 5, 6

Raytheon Aircraft Co. v. United States,
  Case No. 05-2328, 2008 U.S. Dist. LEXIS 17201 (D. Kan. Mar. 4, 2008) .............................. 5

Riggs v. Airtran Airways, Inc.,
    497 F.3d 1108 (10th Cir. 2007) ........................................................................................ 8

Starling v. Union Pac. R.R. Co.,
    203 F.R.D. 468 (D. Kan. 2001) ........................................................................................ 4

Warrensburg v. RCA Corp.,
    550 F. Supp. 1364 (W.D. Mo. 1982) .............................................................................. 11

**OTHER AUTHORITIES**

6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 26.23 ................................ 3

11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, Ch. 56, SUMMARY
    JUDGMENT .................................................................................................................... 7

3 WEINSTEIN'S FEDERAL EVIDENCE § 705.07 ................................................................... 8

Fed. R. Civ. P. 26 ........................................................................................................ passim

Fed. R. Civ. P. 37 ........................................................................................................ passim

Fed. R. Civ. P. 56 ........................................................................................................ passim

Fed. R. Evid. 702 ................................................................................................................ 2

Fed. R. Evid. 703 ................................................................................................................ 2

Fed. R. Evid. 705 ................................................................................................................ 8

Local Rule 26.4 .................................................................................................................. 1

## I.     INTRODUCTION

Defendants Sprint Nextel Corporation and Sprint/United Management Company (collectively referred to as "Sprint" or "Defendants"), through undersigned counsel, submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 37 ("Rule 37"), to strike Plaintiffs' expert declaration from Nile L. Nickel in Support of their Opposition to Defendants' Motion for Summary Judgment, and for appropriate sanctions against Plaintiffs, including the reasonable costs, expenses and attorneys' fees incurred in connection with bringing this motion.

The substance of the controversy between Sprint and Plaintiffs is set forth in Sprint's papers supporting its pending motion for summary judgment, filed on December 22, 2011, to which Sprint respectfully refers the Court.  In opposition, Plaintiffs suggest that there remains an issue of material fact as to their damages.  (Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opp'n"), Doc. No. 292, at 1.)

Not only is this factual claim incorrect, it is also based solely on inadmissible statements contained in the declaration of Plaintiffs' purported "expert" witness, Nile L. Nickel ("Nickel Decl.").  (See Ex. 15 to Plaintiffs' Opp'n, Doc. No. 292-18, ¶¶ 1 and 2.) Plaintiffs have filed this "expert" declaration with their Opposition papers, despite failing to disclose the identity of their expert and to provide an expert report, as required by Rule 26(a)(2).[1]

---

[1] Rule 26(a)(2)(B) provides that a party's disclosure of its expert witness's identity must be accompanied by a written report, "[u]nless otherwise stipulated or ordered by the court…."  Fed. R. Civ. P. 26(a)(2)(B). Under District of Kansas Local Rule 26.4, "[n]otwithstanding Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is in writing and filed and approved by the court."  The Court has not approved any stipulation by the

As set forth more fully below, the Nickel Affidavit must be stricken, as it both (1) fails to comply with the requirements for disclosure of expert testimony pursuant to Rule 26(a)(2); and (2) is insufficient to oppose a motion for summary judgment under Rule 56, as it fails to cite a single piece of evidence, and consists of inadmissible conclusory statements and opinions, and therefore lacks requisite specificity to assist the trier of fact under Federal Rule of Evidence 702.

## II. ARGUMENT

### A. The Nickel Declaration Should Be Stricken Because Plaintiffs Have Unjustifiably, And Repeatedly, Failed To Comply With The Expert Testimony Disclosure Requirements of Rule 26(a)(2).

Rule 26(a)(2)(A) requires disclosure of the identity of experts a party intends to use pursuant to Federal Rules of Evidence 702, 703 and 705.  Fed. R. Civ. P. 26(a)(2)(a); see also Okla. v. Tyson Foods, Inc., No. 05-cv-329-GKK-PSC, 2009 U.S. Dist. LEXIS 66530, *23 (N.D. Okla. July 24, 2009).  Further, Rule 26(a)(2)(B) requires an expert witness to contemporaneously prepare, serve and file a report containing:

> (i)  a complete statement of all opinions to be expressed;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witnesses's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, and
> (v) a statement of the compensation to be paid for the study and testimony in the case.

---

parties, which affects the timing of expert disclosures, and no currently-effective Court order sets a date for expert disclosure relevant to the Stage 1 data production, which is relevant herein.  Consequently, pursuant to Rule 26(a)(2)(B), the parties were required to identify expert witnesses and provide their written reports contemporaneously, and prior to relying on their testimony in support of a motion, at a hearing .or at trial. Fed. R. Civ. P. 37(c)(1).

2

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  The advisory committee on Rule 26 admonishes that expert reports are to be "detailed and complete," and that the disclosures are to be sufficiently detailed so as to avoid unfair surprise to the opposing party and to conserve resources."  (6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 26.23).

When an expert witness report is submitted in opposition to a motion for summary judgment, district courts have excluded the expert's testimony when the expert has not been properly identified and/or disclosed.  6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 26.23.  For example, in Dunkin Donuts Inc. v. Patel, 174 F. Supp. 2d 202 (D.N.J. 2001), the defendant, in opposition to a motion for summary judgment, submitted a "Certification" and "Memorandum" from an expert the defendant had not previously disclosed and for whom the defendant had not submitted an expert report within the time established by the trial court.  Id. at 213.  In granting the plaintiff's motion to strike the certification and memorandum, the court analyzed the expert's submissions under the requirements of Rule 26(a)(2)(B) and found that the materials submitted by the expert should be disregarded because they failed to comply with the expert report requirements.  Id. (expert's documentation failed to set forth basis and reasons for expert's opinions, and failed to include list of publications, expert's compensation and list of cases in which expert had previously testified); see also, Meyers v. AMTRAK, 619 F.3d 729, 733-35 (7th Cir. 2010) (appellate court upheld district court's granting of summary judgment to defendants after district court struck report from plaintiff's expert for failure to indicate what methods were used by expert to reach her opinion, making her opinion unreliable, and for failing to provide basis and reasons for opinion).  The same conclusion should be reached in this case.

Rule 37(c)(1) contemplates strong penalties if a party fails to comply with the expert witness disclosure requirements of Rule 26(a)(2).  Fed. R. Civ. P. 37(c)(1); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 476-477 (D. Kan. 2001).  Under Rule 37(c)(1), a party's failure to disclose the identity of an expert witness or to provide information, as required by Rule 26(a)(2), prevents that party from using that witness to supply evidence on a motion, unless the failure is substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1); see Starling, 203 F.R.D. at 477 ("A party that without substantial justification fails to disclose information required by Rule 26 (a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."); see also Tyson Foods, 2009 U.S. Dist. LEXIS 66530, *23-24 ("Under Rule 37(c)(1), a party's failure to disclose the identity of an expert witness or provide an expert report, as required by Rule 26(a)(2), mandates that the court exclude expert testimony unless the failure was 'substantially justified or is harmless.'") quoting, Fed. R. Civ. P. 37(c)(1).

"In addition to or in lieu of exclusion, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions . . . including attorney's fees caused by the failure . . . [and] any of the actions authorized under Rule 37 (b)(2)(A), (B), and (C), and may include informing the jury of the failure to make the disclosure." Starling, 203 F.R.D. at 477 (quoting Fed. R. Civ. P. 37(c)(1)(A)-(C)).  The sanctions authorized under Rule 37(b)(2)(A) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

4

> (iii) **striking pleadings in whole or in part;**
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added.)

The Tenth Circuit regularly excludes testimony by parties who fail to abide by the expert disclosure requirements. See, e.g., Gust v. Jones, 162 F.3d 587, 592 (10th Cir. 1998) (district court did not err in refusing to allow expert to testify that defendant's acts breached the appropriate standard of care in medical malpractice action because expert's report did not express any opinion as to relevant standard of care.); see also Raytheon Aircraft Co. v. United States, Case No. 05-2328, 2008 U.S. Dist. LEXIS 17201, *42 (D. Kan. Mar. 4, 2008) (quoting Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir. 2004) ("Failure to make proper disclosures may require exclusion of the expert as a witness."); see also Mehus v. Emporia State Univ., 326 F. Supp. 2d 1213 (D. Kan. 2004) (State university, on allegation that "[p]laintiff has been well aware for some time that [witness] occupied a position at issue in this case," did not provide substantial justification for failing to disclose identity of witness or nature of his testimony, or that its failure was harmless, and, consequently, witness was excluded from lawsuit brought by female coach against state university alleging violation of Equal Pay Act (EPA) and Title VII).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Tyson Foods, 2009 U.S. Dist. LEXIS 66530 at *24 (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)). The Tenth Circuit has identified four factors the

Court should consider: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.  Id. (citing Woodworker's, 170 F.3d at 993).

Plaintiffs failed to properly disclose Nickel, and consequently, his Declaration should be stricken.  Nickel's declaration advises the Court and Sprint that he is serving as Plaintiffs' expert, by stating, "Plaintiffs' Counsel has retained me as a wireless industry and data processing expert to review and analyze commissions-related data." (Nickel Decl. at ¶ 2.).  However, the declaration neither adequately identifies him nor includes any of the following mandatory materials under Rule 26(a)(2)(B): any exhibits used to summarize or support his opinions; a list of his qualifications, including all publications authored in the past 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, and a statement of compensation to be paid for his study and testimony in the case.  See Fed. R. Civ. P. 26(a)(2)(B).  Moreover, Nickel's declaration omits a complete statement of all opinions to be expressed and avers instead that he cannot supply such opinions until he has analyzed the Stage 3 data production.  (Nickel Decl. at ¶ 8.)  As set forth in detail in Sprint's concurrently filed Reply, Nickel's claim misses the mark here, as Sprint's Motion for Summary Judgment, and accompanying expert analysis by Janet R. Thornton, Ph.D. ("Dr. Thornton"), focus on data pertaining to the nine named plaintiffs, all of which was produced at Stage 1.

Sprint will suffer substantial prejudice by the introduction of Nickel's Declaration because it will have been deprived of the opportunity to challenge Nickel's qualifications,

and the validity of his methodology, assumptions, opinions, and analyses. Plaintiffs have willfully made no attempt to comply with Rule 26(a)(2), even after conferring with counsel for Sprint on this issue. See Declaration of N. Eichberger, filed concurrently herewith, at ¶9. Indeed, the filing of the declaration at issue constitutes their second willful violation of Rule 26(a)(2): on May 10, 2011, Plaintiffs filed an "expert" declaration by Nickel, lacking the same identifying information and failing to satisfy the disclosure requirements of Rule 26(a)(2). (Nickel Decl., Doc. 224-2.) Plaintiffs have not offered (and cannot offer) any justification for their willful failure to abide by Rule 26(a)(2) and their failure to even attempt to comply with these disclosure requirements, *repeatedly*, despite their knowledge that they would rely on Nickel's opinions dating back to "approximately June/July 2008." (Nickel Decl. at Doc. 292-18.) Plaintiffs' unjustifiable, repeated and prejudicial failure to properly disclose their purported expert witness, in connection with their filing of not just one, but two, "expert" affidavits in his name, presents a textbook example of an improper, willful and prejudicial expert disclosure that warrants sanctions under Rule 37(c)(1).

    **B.**    **The Nickel Declaration Should Also Be Stricken Because It Lacks The Requisite Specificity And Evidentiary Support Sufficient To Present An Issue Of Material Fact Under Rule 56(e).**

Even if Plaintiffs had properly disclosed the existence of their expert and provided an expert report, Nickel's Declaration would still be inadmissible, as it fails to demonstrate the specificity required by Federal Rule of Civil Procedure 56. Under Rule 56(e), affidavits submitted in summary judgment proceedings must set forth the facts at issue with proper support and a certain degree of specificity. Fed. R. Civ. P. 56(e); 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, Ch. 56, SUMMARY JUDGMENT. see also M & M Med. Supplies v. Pleasant Valley Hosp., 981 F.2d 160, 165 (4th Cir.

7

1992) (specific provision in Fed. R. Civ. P. 56 requiring recitation of facts trumps more general provision of Fed. R. Evid. 705).

On a motion for summary judgment there is no opportunity for cross-examination of the expert on the bases for his or her opinion, which increases the importance of disclosure.  3 WEINSTEIN'S FEDERAL EVIDENCE § 705.07.  Courts are thus empowered to require that the parties lay some of their evidentiary cards on the table.  Id.  Specifically, on a motion for summary judgment expert declarations must not be conclusory; rather, they should set forth the facts and evidence relied upon in forming opinions and reaching conclusions.  Id.  To be considered on summary judgment, an expert's affidavit must include materials upon which expert based his opinion, as well as indication of the reasoning process underlying his opinion.  Celestine v. Petroleos de Venez. SA, 266 F.3d 343 (5th Cir. 2001).  See also Noblett v. Gen. Elec. Credit Corp., 400 F.2d 442 (10th Cir. 1968) (An affidavit that does not measure up to standards of Rule 56(e) is subject to motion to strike); In re Acceptance Ins. Cos., Sec. Litig., 352 F. Supp. 2d 940 (D. Neb. 2004), aff'd, 423 F.3d 899 (8th Cir. 2005) (Fed. R. Civ. P. 56(e) requires experts to set forth facts and explain reasoning that they used in reaching their conclusions, not just conclusions; expert's affidavit was stricken because it provided court with little more than bottom line opinion); G. D. Searle & Co. v. Chas. Pfizer & Co., 231 F.2d 316 (7th Cir. 1956) (Affidavits that are inadequate under rule 56(e) must be disregarded.).

When ruling on a motion for summary judgment, "the court acts as a gatekeeper, granting summary judgment as a matter of law unless the plaintiff has adduced relevant and probative evidence sufficient to support a jury verdict in his or her favor."  Riggs v. Airtran Airways, Inc., 497 F.3d 1108, 1117 (10th Cir. 2007) (affirming summary

judgment for defendant because plaintiff "failed to come forward with sufficient evidence to create a genuine issue of material fact."). It is a well-settled principle in the Tenth Circuit that an expert opinion will not be sufficient to overcome summary judgment if "it is conclusory and thus fails to raise a genuine issue of material fact." Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (quoting Matthiesen v. Banc One Mortgage Corp., 173 F.3d 1242, 1247 (10th Cir. 1999)); Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 675 (10th Cir. 2002) ("Conclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.") (quoting United States v. Simons, 129 F.3d 1386, 1388-89 (10th Cir. 1997)); Citizens Envtl.Council v. Volpe, 484 F.2d 870 (10th Cir. 1973) (Rule 56(e) requires personalized affidavits to successfully oppose motion for summary judgment, and generalized, conclusory, and unsubstantiated affidavits filed in opposition to such motion are insufficient to create genuine factual dispute).

Nickel's Declaration fails to meet the admission threshold under Rule 56(e). Oddly, the declaration does not attach, or even reference, a single exhibit or piece of evidence. Further, throughout his Declaration, Nickel references Plaintiffs' "system" and/or "automated process," which he avers to have been working on for "several years" (see, e.g., Nickel Decl., at ¶¶ 7, 10, 24, 28, 33 and 35), yet he does not specifically explain how Plaintiffs' "system" and "automated process" function differently than Sprint's system so as to produce the more accurate outcome he claims it will produce. Nor does he include any diagrams or charts demonstrating the functionality of this system and automated process or provide even one example. Nickel states that Plaintiffs "tested

9

[their] automated process on a sample of data provided during mediation," yet fails to cite to any results of that test or an explanation regarding how it was performed.  (Id. at ¶33.) Nickel also concludes that "errors in Defendants' systems and data involved in this case [do] not allow for . . . a straightforward analysis," without supplying the requisite specific facts and evidence regarding his journey to that conclusion.  (Nickel Decl., ¶ 15.)  Nickel goes on to conclude, without and evidentiary support, that "the RMS Point-of-Sale data does not contain all the potentially commissionable retail employee transactions and information necessary to properly process them – that is, the RMS Point-of-Sale data is missing transactions and employee identifiers."  Id. at ¶18.  Additionally, Nickel concludes that Sprint's experts "damages calculation is not accurate, but simply repeats errors and omission that lead to the underpayments in the first place."  Id. at ¶ 20.  Nickel draws all of these conclusions without reference to specific facts, deposition testimony, documents from either Plaintiffs or Sprint – or any other evidence whatsoever.

  Nickel's Declaration is replete with examples of unsubstantiated and unspecific alleged facts, yet from them, he somehow arrives at the conclusion that Sprint's expert's analysis is flawed and contends that Plaintiffs' mystery system will somehow, someday arrive at the correct conclusion.  In contrast, Sprint has submitted a 133-page expert affidavit, which references and attaches numerous pieces of evidence and includes specific facts that support and substantiate all of Dr. Thornton's conclusions.  Plaintiffs have failed to properly respond to, let alone rebut, Dr. Thornton's declaration with Nickel's.  See Mann v. Walden, 482 F. Supp. 154 (S.D.N.Y. 1979) (Under Rule 56(e), when motion for summary judgment is supported by documents listed in Rule 56(c)--depositions, affidavits, answers to interrogatories, and admissions--adverse party may not

10

rest upon mere conclusory allegations or denials, but must set forth concrete particulars.); see also Warrensburg v. RCA Corp., 550 F. Supp. 1364 (W.D. Mo. 1982) (On motion for summary judgment pursuant to Rule 56, plaintiff's affidavit in opposition to motion which merely attempts to support counsel's conclusory view of factual circumstances plaintiff hopes to establish at trial does not comply with requirements of Rule 56 for opposing motion for summary judgment.)  Accordingly, the Nickel Declaration should be stricken for failure to comply with Rule 56(e).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiffs' expert Affidavit of Nile L. Nickel and impose appropriate sanctions against Plaintiffs, including the reasonable costs, expenses and attorneys' fees incurred in connection with bringing this motion.

Respectfully submitted this 26th day of January 2012.

/s/ Michael L. Blumenthal
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte, Suite 430
Kansas City, MO  64104
Tel: 816-756-0700
Fax:  816-756-3700

/s/ Elise M. Bloom
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, NY 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2012, the foregoing Defendants' Memorandum Of Law In Support Of Their Motion To Strike Plaintiffs' Expert Affidavit And Exclude Testimony From Plaintiffs' Expert was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> George A. Hanson
> Steve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402

> Respectfully submitted,
>
> /s/ Michael L. Blumenthal
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte, Suite 430
> Kansas City, MO  64104
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com