IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

------------------------------- X
ROXIE SIBLEY, JEANNE NOEL, ERNESTO :
BENNETT, JAMIE WILLIAMS, GREG ST. :
JULIEN, TRACIE HERNANDEZ, JOHN :
JASINSKI, JAY RICHIE, and TEISHA KING, :
individually and on behalf of a class of others :
similarly situated, :
 :
           Plaintiffs, :
 :
      v. : Case No. 02:08-CV-02063-KHV/JPO
 :
SPRINT NEXTEL CORPORATION, a Kansas :
corporation :
 :
    and :
 :
SPRINT/UNITED MANAGEMENT :
COMPANY, a Kansas corporation, :
 :
          Defendants. :
------------------------------- X

## DECLARATION OF JUDITH F. TRAIN

I, Judith F. Train, hereby submit this Declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1.     I have been employed by Sprint/United Management Company since 1998, most recently as Vice President, National Channels.

2.     From 2007 through March, 2009, I served as Vice President, Relationship Management in Human Resources. In that role, I served as a member of the Oversight Committee for the CPMO and ACT PMO, and would have knowledge about the content of documents, or would have seen the actual documents, or variations thereof, that are attached as

1

exhibits to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, including Plaintiffs' Exhibits 1, 5-11, 13, 18-21, 23, 26, 28, 30, 32, 34, and 36.

3. Following the Sprint-Nextel merger on August 12, 2005, the newly merged Sprint set about to first create unified commission plans for all channels, including Retail Sales Channel, Business Direct Channel and the Indirect Channel.

4. At the same time, the newly merged Sprint worked to create unified commissions systems for all channels, including Retail Sales Channel, Business Direct Channel and the Indirect Channel.

5. In late summer 2007, Sprint commenced a process to evaluate the merged company's commission processes, from beginning to end, to make Sprint's sales teams strongly competitive within the telecommunications industry. This process evaluated all of Sprint's commission based channels, including the Retail Sales Channel, Business Direct Channel, and Indirect Channel.

6. Thus, documents, including Plaintiffs' Exhibits 1, 5-11, 13, 18-21, 23, 26, 28, 30, 32, 34, and 36, relate to the evaluation of the Retail Sales Channel, Business Direct Channel and the Indirect Channel.

7. Some of Plaintiffs' Exhibits, and certain terms used within the exhibits, may only apply to one specific commission based channel and not to all commission based channels. For example, Plaintiffs' Exhibit 8 is relevant only to the Business, Telesales, and Consumer Indirect Channels. Additionally, references to "OE" or "Order Entry" relate only to the Business Direct and Indirect Channels, not the Retail Sales Channel. Other examples include:

   a. The terms "dealers" and "National Retailer" refer to Sprint's Indirect Channel, with either term correlating to Sprint's indirect retailers such as Best Buy and Radio Shack.

   b. The term "rebates" only applies to Sprint's Indirect Channel.

   c. The term "NFS" means National Field Sales and refers to Sprint's Business Direct Channel.

8. The term "Agent Code" refers to tables in Sprint's billing system, and primarily relates to Sprint's Business Direct Channel or Indirect Channel.

9. The term "Agent Code" is not a table in Sprint's Retail Sales Channel RMS point-of-sale system.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of January, 2012 in Overland Park, Kansas.

_____
Judith F. Train

3