# EXHIBIT G

## Documents Attached To Plaintiffs' Opposition Do Not Create
## A Genuine Issue Of Material Fact That The Nine Named Plaintiffs
## Were Overpaid

| **Plaintiffs' Exhibit** | **Defendants' Response** |
|---|---|
| **Exhibit 1**: Sales Compensation Program Diagnostic, dated December 2007 | Exhibit 1 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face:<br>• The document references "agent codes" and "dealer codes," which are primarily used in the Business Direct and Indirect Channels, and "agent codes" do not apply to the Retail Sales Channel's RMS point-of-sale system.  See Declaration of Judith F. Train, dated January 24, 2012 ("Train Decl."), ¶¶6-9; January 26, 2012 Affidavit of Janet R. Thornton ("January 2012 Thornton Aff."), ¶¶6-7.<br>• The nine named plaintiffs worked in the Retail Sales Channel and used the RMS point-of-sale system, which did not have "agent codes."  See Train Decl., ¶¶8-9; January 2012 Thornton Aff., ¶¶6-7. |
| **Exhibit 5**: Commissions System Upstream Feeds/Inputs, SPRSIB-2630407 | Exhibit 5 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "dealer codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7. |
| **Exhibit 6**: ICE Workstream Website Template, SPRSIB-2624316-2624324 | Exhibit 6 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "dealer codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "Order Entry Systems" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-7. |
| **Exhibit 7**: Sales Operations Commissions Project, Initiative Impact Analysis, September 28, 2007, SPRSIB-2645070-2645089 | Exhibit 7 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "National Retailer" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-7. |

# Documents Attached To Plaintiffs' Opposition Do Not Create A Genuine Issue Of Material Fact That The Nine Named Plaintiffs Were Overpaid

| **Plaintiffs' Exhibit** | **Defendants' Response** |
|---|---|
| **Exhibit 8**: 2007 Sales Compensation Review, Audit Postponement Key Takeaways, SPRSIB-0008731-0008739 | Exhibit 8 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the first page of the document states that it does not apply to the Retail Sales Channel.  See SPRSIB-0008731; Train Decl., ¶7. |
| **Exhibit 9**: The Stabilization Workstream: Progress to-date and 90 day Roadmap, SPRSIB-2625005-2625021 | Exhibit 9 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "dealer codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "dealers" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7. |
| **Exhibit 10**: The Stabilization Workstream: The Half Time Show, SPRSIB-2624598-2624625 | Exhibit 10 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face:<br>• The document's references to "agent codes" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• The document's references to "dealers" do not apply to the Retail Sales Channel.  See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• The document does not list the Retail Sales Channel in its discussion.  See SPRSIB-2624613. |
| **Exhibit 11**: Data Production War Room, SPRSIB-2620128-2620136 | Exhibit 11 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the first page of the document states that it does not apply to the Retail Sales Channel.  See SPRSIB-2620128. |
| **Exhibit 12**: April 1, 2008 Email with "Commissions Update" Attachment, NKA000282-000285 | Exhibit 12 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document concerns appeals submitted in 2008 and the nine named plaintiffs did not submit appeals in 2008.  See Doc. No. 282-2, December 16, 2011 Affidavit of Janet R. Thornton ("December 2011 Thornton Aff."), ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |
| **Exhibit 13**: ACT Stakeholder Meeting Powerpoint, SPRSIB-0017260-0017278 | Exhibit 13 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document concerns appeals submitted in 2008 and the nine named plaintiffs did not submit appeals in 2008.  See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |

## Documents Attached To Plaintiffs' Opposition Do Not Create
## A Genuine Issue Of Material Fact That The Nine Named Plaintiffs
## Were Overpaid

| Plaintiffs' Exhibit | Defendants' Response |
|---|---|
| **Exhibit 17**: March 26, 2007 Email from Mark McKinney (IT) regarding order entry and POS errors that prevent accurate system calculations, SPRSIB-1008276-1008278 | Exhibit 17 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face:<br>• The document's references to "order entry" or "OE" systems do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-7.<br>• The document references "PowerSource" sales, and the nine named plaintiffs did not submit appeals related to "PowerSource" sales. See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |
| **Exhibit 18**: Notes, Commission Architecture Discussion, September 14, 2007 | Exhibit 18 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "dealers" do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7. |
| **Exhibit 19**: High-Level Workstream Charter 2008, SPRSIB-2621436-2621437 | Exhibit 19 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document references the term "business units," which does not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9. |
| **Exhibit 20**: Sales Compensation Program Diagnostic, dated January 11, 2008, SPRSIB-2624244-2624282 | Exhibit 20 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• References to "business units" do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9.<br>• References to "order entry" or "OE" systems do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-7. |
| **Exhibit 21**: Retail Accessory SPIFF Presentation, dated April 5, 2007, SPRSIB-2602118-2602120 | Exhibit 21 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document discusses select SPIFF transactions and the nine named plaintiffs do not identify any SPIFF transactions for which they have not received commissions. See December 2011 Thornton Aff., ¶¶66-125. |
| **Exhibit 23**: High-Level Project Charter - ACT Stabilization: ODR Usability and Communication, SPRSIB-2623268-2623269 | Exhibit 23 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document only discusses "ODR" in the abstract and not with respect to the Retail Sales Channel. See Train Decl., ¶¶6-9. |

## Documents Attached To Plaintiffs' Opposition Do Not Create A Genuine Issue Of Material Fact That The Nine Named Plaintiffs Were Overpaid

| **Plaintiffs' Exhibit** | **Defendants' Response** |
|---|---|
| **Exhibit 24**: Email thread dated Mar. 26, 2007, SPRSIB-1008276-8278 | Exhibit 24 is the same e-mail thread as Exhibit 17. Exhibit 24 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face:<br>• The document's references to "order entry" or "OE" systems do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-7.<br>• The document relates to "PowerSource" sales, and the nine named plaintiffs did not submit appeals related to "PowerSource" sales. See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |
| **Exhibit 26**: Retail Compensation Survey Comments- November 2007, SPRSIB-0010422-0010472 | Exhibit 26 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document discusses survey responses and the nine named plaintiffs are not linked to any of the survey responses. |
| **Exhibit 28**: iRMS Commissions Feeds, SPRSIB-2662830-2662834 | Exhibit 28 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document only describes an overview of the RMS point-of-sale system and nothing else. |
| **Exhibit 29**: Email thread dated Nov. 2, 2007, SPRSIB-1005079-1005081 | Exhibit 29 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document discusses handsets upgrades and the nine named plaintiffs do not identify any handset upgrade transactions for which they have not received commissions. See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |
| **Exhibit 30**: Commissions Get Well Plan, SPRSIB-002673611-2673685 | Exhibit 30 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document's:<br>• References to "agent codes" do not apply to the Retail Sales Channel. See Train Decl., ¶¶6-9; January 2012 Thornton Aff., ¶¶6-7.<br>• The document's references to "agent codes" and "handset upgrade" issues are with respect to indirect dealers, such as Wal-Mart. See, e.g., SPRSIB-2673624. |
| **Exhibit 31**: Email thread dated June 7, 2006, SPRSIB-2542597-2542600 | Exhibit 31 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document discusses transactions that are related to specifically named individuals who are not the nine named plaintiffs. |
| **Exhibit 32**: Anticipatory Risk Spreadsheet, June 2007 Global Issues, SPRSIB-2564174 | Exhibit 32 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document does not relate to the data and discovery on the nine named plaintiffs. |

## Documents Attached To Plaintiffs' Opposition Do Not Create A Genuine Issue Of Material Fact That The Nine Named Plaintiffs Were Overpaid

| Plaintiffs' Exhibit | Defendants' Response |
|---|---|
| **Exhibit 34**: Retail Commissions Update, SPRSIB-0007734-7735 | Exhibit 34 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face:<br>• The document discusses "PowerSource" sales and the nine named plaintiffs did not submit appeals related to "PowerSource" sales.  See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10.<br>• The nine named plaintiffs have not identified any "PowerSource" transactions for which commissions are still owed. |
| **Exhibit 35**: Email thread dated February 11, 2008, SRPSIB-1002021-2022 | Exhibit 35 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document concerns appeals submitted in 2008 and the nine named plaintiffs did not submit appeals in 2008.  See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |
| **Exhibit 36**: ACT Weekly Update - January 11, SPRSIB-0016198 | Exhibit 36 is not relevant to defendants' motion for summary judgment on the nine named plaintiffs because on its face the document discusses the 2008 appeals process itself and the nine named plaintiffs did not submit appeals in 2008.  See December 2011 Thornton Aff., ¶¶66-125; January 2012 Thornton Aff., ¶¶9-10. |