# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROXIE SIBLEY, JEANNE NOEL, ERNESTO :    Case No. 02:08-CV-02063-KHV/JPO
BENNETT, JAMIE WILLIAMS, GREG ST. :
JULIEN, TRACIE HERNANDEZ, JOHN :
JASINSKI, JAY RICHIE, and TEISHA KING, :
individually and on behalf of a class of others :
similarly situated, :
                             :
           Plaintiffs, :
                             :
            v. :
                             :
SPRINT NEXTEL CORPORATION, a Kansas :
corporation :
                             :
           and :
                             :
SPRINT/UNITED MANAGEMENT :
COMPANY, a Kansas corporation :
                             :
           Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' EXPERT AFFIDAVIT AND EXCLUDE TESTIMONY FROM PLAINTIFFS' EXPERT

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................2

ARGUMENT ..........................................................................................................................3

I.   Plaintiffs' Attempt To Justify Their Flawed Expert Declaration By Claiming It Is
     Admissible Under Rule 56(d) Is Unavailing ................................................................3

     A.   Defendants Produced All Data Pertinent To Their Summary Judgment Motion Years
          Before They Filed The Motion .............................................................................4

     B.   If Any Facts Precluding Summary Judgment Exist, Nickel Should Have Identified
          Them In His Declaration, As He Has Examined The Stage 1 Data ..............................5

II.  Plaintiffs' Admission That They Have Not Disclosed Their Expert Pursuant To Rule
     26(a)(2) Yet Rely On His Testimony In Opposing Summary Judgment Means That His
     Unsubstantiated Declaration Should Also Be Struck Under Rule 37(c)(1)...........................8

     A.   It Is Undisputed That Plaintiffs Have Failed To Disclose Their Expert Witness
          Pursuant To Rule 26(a)(2)'s Expert Disclosure Requirements.....................................8

     B.   Plaintiffs' Misplaced Reliance On The Court's Scheduling Order Does Not Excuse
          Their Failure To Comply With Rule 26(a)(2)................................................................9

III. Nickel's Declaration Should Also Be Struck Under Rule 56(c) Because It Fails To Set Forth
     Facts That Would Be Admissible In Evidence ...........................................................11

IV.  Defendants' Motion To Strike Was Timely Filed ......................................................13

CONCLUSION......................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Akeva L.L.C. v. Mizuno Corp.,
   212 F.R.D. 306 (M.D.N.C. 2002) ..........................................................................10

Anderson v. Farmland Indus., Inc.,
   136 F. Supp. 2d 1192 (D. Kan. 2001) ......................................................................6

Citizens Envtl. Council v. Volpe,
   484 F.2d 870 (10th Cir. 1973) ...............................................................................12

Comm. for First Amendment v. Campbell,
   962 F.2d 1517 (10th Cir. 1992) ...............................................................................6

Daubert v. Merrell Dow Pharms, Inc.,
   509 U.S. 579 (1993)................................................................................................13

Diaz v. Paul J. Kennedy Law Firm,
   289 F.3d 671 (10th Cir. 2002) ...............................................................................11

Fraser v. Primarily Primates, Inc.,
   966 F. Supp. 63 (D. Mass. 1996) ......................................................................10, 11

Int'l Bus. Machines Corp. v. Fasco Indus., Inc.,
   1995 WL 115421 (N. D. Cal., Mar. 15, 1995).......................................................10

Kumho Tire Co. v. Carmichael,
   526 U.S. 137 (1999)................................................................................................13

Luma Corp. v. Stryker Corp.,
   226 F.R.D. 536 (S.D. W.Va. 2005)........................................................................10

Matthiesen v. Banc One Mortg. Corp.,
   173 F.3d 1242 (10th Cir. 1999) .............................................................................11

Medina v. Cram,
   252 F.3d 1124 (10th Cir. 2001) .............................................................................11

United States v. Simons,
   129 F.3d 1386 (10th Cir. 1997) .............................................................................11

Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.,
   616 F.3d 1086 (10th Cir. 2010) ...........................................................................4, 5

OTHER AUTHORITIES

Fed. R. Civ. P. 16(f)...................................................................................................10

Fed. R. Civ. P. 26(a)(2)................................................................................................ passim

Fed. R. Civ. P. 26(a)(2)(D) .................................................................................................8

Fed. R. Civ. P. 37 ......................................................................................................2, 10

Fed. R. Civ. P. 37(c)(1) .....................................................................................................8

Fed. R. Civ. P. 37(b)(2)(iii) ...............................................................................................8

Fed. R. Civ. P. 56(c) and (e) ............................................................................................11

Fed. R. Evid. 702-705 ......................................................................................................13

## PRELIMINARY STATEMENT

Defendants Sprint Nextel Corporation and Sprint/United Management Company (collectively referred to as "Sprint" or "Defendants"), submit this Reply Memorandum of Law in further support of their motion, pursuant to Fed. R. Civ. P. 37, to strike Plaintiffs' "expert" declaration of Nile L. Nickel, and for appropriate sanctions against Plaintiffs, including reasonable costs, expenses and attorneys' fees incurred in connection with bringing this motion.

In response to Defendants' motion to strike, Plaintiffs concede that they neither identified their expert nor made any of the expert disclosures required by Fed. R. Civ. P. 26(a)(2) before they relied on his wholly unsupported testimony in opposition to Defendants' motion for summary judgment. Instead, Plaintiffs have attempted to justify their prejudicial and improper reliance on an unsubstantiated and conclusory expert declaration by claiming it is not an expert report, couching their opposition to Defendants' summary judgment motion under Rule 56(d), and stringing together peripheral facts and law outside the Tenth Circuit.

However, Plaintiffs' opposition to the motion to strike ignores the following key facts in support of Defendants' motion to strike: (1) while Plaintiffs attempt to pass their opposition to Defendants' motion for summary judgment off as a "Rule 56(d) motion" and seek to utilize it, along with the attached Nickel Declaration, to delay these proceedings so that they may analyze a voluminous document production that has no bearing on Defendants' summary judgment motion, Nickel's declaration reveals that he has already analyzed the relevant documents and there is no basis for the delay Plaintiffs seek; (2) despite having reviewed the data relevant to Defendants' summary judgment

motion prior to preparing his expert declaration, and referring to such data therein, Nickel

fails to cite to a single piece of evidence from that production in his expert declaration;

(3) Plaintiffs admit that they neither identified nor disclosed Nickel prior to relying on his

testimony in opposition to Defendants' motion for summary judgment, in violation of

Rule 26(a)(2); (4) the Scheduling Order is inapplicable to Defendants' motion for

summary judgment, as it sets forth guidelines and deadlines relating to the production of

<u>class-wide</u> data, rather than data pertaining to the nine named Plaintiffs (the "Named

Plaintiffs") to whom Defendants' summary judgment motion is directed; and (5) nothing

that Plaintiffs have asserted in response to Defendants' motion to strike changes the fact

that they were required to disclose any expert witnesses before relying on their expert

testimony on a motion, consistent with the terms of Rule 26(a)(2), precluding the Nickel

declaration.  Given these key facts, Plaintiffs' arguments in opposition to Defendants'

motion to strike strain credulity and are fatally flawed.[1]

**ARGUMENT**

I.      **Plaintiffs' Attempt To Justify Their Flawed Expert Declaration By Claiming It Is Admissible Under Rule 56(d) Is Unavailing.**

Plaintiffs repeatedly attempt to justify their failure to disclose their expert and the

flaws in their expert declaration by redefining their opposition to Defendants' motion for

summary judgment as a "Rule 56(d) motion" and claiming the Nickel Declaration

satisfies Rule 56(d).  Plaintiffs never filed a Rule 56(d) motion; rather, they filed an

opposition to summary judgment, which included a Rule 56(d) argument.  (<u>See</u> Plaintiffs'

---

[1] Plaintiffs' assertions relating to the purported diligence of their class-wide discovery efforts, as well as the merits of Defendants' summary judgment motion, are irrelevant to Defendants' motion to strike. Consequently, they are not addressed herein.  However, Defendants note that Plaintiffs' attempts to continue to oppose Defendants' summary judgment show that Plaintiffs filed an Opposition and *not* just a Rule 56(d) motion.

Memorandum in Opposition to Defendants' Motion to Strike Plaintiffs' Expert Affidavit and Exclude Testimony from Plaintiffs' Expert (ECF No. 305).)  And both their opposition and attached expert declaration fail to explain why facts precluding summary judgment cannot be presented in order to entitle Plaintiffs to more time for discovery before responding to Defendants' motion for summary judgment.  (ECF No. 305 at 2, 4.) As such, Rule 56(d) does not save their expert declaration.

### A. Defendants Produced All Data Pertinent To Their Summary Judgment Motion Years Before They Filed The Motion.

A declaration under Rule 56(d) must "explain[] why facts precluding summary judgment cannot be presented." Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010).  The Nickel Declaration fails to meet this standard, precluding Rule 56(d) protection.

As Defendants set forth in detail in their summary judgment motion, and the accompanying expert analysis by Janet R. Thornton, Ph.D. ("Dr. Thornton"), their summary judgment motion is based solely on data pertaining to the Named Plaintiffs. (ECF No. 227 at 1.)  Sprint produced all of the data and documents relating to the Named Plaintiffs - not just in the RMS system, but the Named Plaintiffs' appeals, ODR reports, and everything else - in 2008 and 2009, one year after which the parties subjected the information to intense scrutiny.[2]  Despite having possession of this data for over three years, Plaintiffs now insist on delaying this litigation based on Nickel's unsubstantiated allegations unrelated to the Named Plaintiffs.  Specifically, Plaintiffs contend that their expert could not analyze damages for the Named Plaintiffs until they had data for the

---

[2] (See ECF No. 301, Declaration of Nicole Eichberger, dated January 26, 2012 ("Eichberger Decl."), ¶¶ 2-6, Exs. A-E (demonstrating that Sprint produced documents concerning the Named Plaintiffs in 2008, and Sprint produced the underlying data relating to potentially commissionable transactions concerning the six non-supervisory Named Plaintiffs ("Stage 1 data") on February 27, 2009).

entire class (i.e., "Stage 3 data").  (ECF No. 305. at 6.)  As discussed in detail in

Defendants' reply memorandum of law regarding their motion for summary judgment,

Plaintiffs have failed to supply any evidence, or even any substantiated facts, in support

of their theory that somewhere among the 20 billion or so transactions included in the

Stage 3 data, there might be some that could be attributed to the Named Plaintiffs, which

might overcome the overpayments that Dr. Thornton has identified and documented and

which Defendants have properly offered into evidence.  Tellingly, Plaintiffs do not offer

any support for this argument from the data produced over two years ago that does relate

to the Named Plaintiffs.  Plaintiffs' baseless theory that data relating to the Named

Plaintiffs lurks somewhere within the Stage 3 data is pure conjecture and should be

summarily dismissed.

> **B.  If Any Facts Precluding Summary Judgment Exist, Nickel Should Have Identified Them In His Declaration, As He Has Examined The Stage 1 Data.**

Rather than explain why facts precluding summary judgment cannot be presented

at this juncture, Nickel effectively defeats Plaintiffs' 56(d) argument by attesting to facts

in his declaration that verify his access to the Stage 1 data – i.e., all data that is pertinent

in analyzing Defendants' summary judgment motion.

In <u>Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.</u>, 616 F.3d 1086,

1096 (10th Cir. 2010), the Tenth Circuit applied the following test and found that the

district court did not abuse its discretion when it denied the defendants' Rule 56(d)

request for additional discovery: (1) probable facts not available, (2) why those facts

cannot be presented concurrently, (3) what steps have been taken to obtain these facts,

and (4) how additional time will enable them to obtain those facts and to rebut the motion

for summary judgment.  (ECF No. 305. at 4, <u>citing</u> <u>Id.</u>) ("In this circuit, a party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit 'explain[ing] why facts precluding summary judgment cannot be presented.' [. . .]  The affidavit before us falls short against this yardstick.") (<u>quoting</u> <u>Comm. for First Amendment v. Campbell</u>, 962 F.2d 1517, 1522 (10th Cir. 1992) (citations omitted)).  The Court should draw the same conclusion as the <u>Valley Forge</u> district court.

Plaintiffs have not and cannot satisfy the Rule 56(d) test set forth in <u>Valley Forge</u>. Most of the Nickel Declaration is taken up with a description of the analysis Nickel would like to perform *as to the class* with no supporting evidence.  (Nickel Decl., ¶¶ 23-30; <u>see</u> <u>also</u> January 2012 Thornton Aff., ¶¶ 3-5.)   However, Nickel's Declaration is lacking on the critical point under Rule 56(d): whether there is any reason to believe that a delay, and the completion of the proposed analysis, would turn up any admissible evidence of an underpayment to any of the Named Plaintiffs.

While Nickel plainly is of the generalized opinion that there may be problems with employee identifiers in the relevant data (Nickel Decl. ¶¶ 16, 22), the declaration falls well short of providing any evidence that this is so, or - critically, for purposes of Rule 56(d) - any evidence that further review will turn up any underpayments to any of the Named Plaintiffs. The declaration gives no examples of any such "fragmentary" data, relying instead on vague commentary in support:  "I have observed these problems in the data."  (Id., ¶ 16.) Under governing case law, such vague statements are legally insufficient to support Plaintiffs' requested delay.  "Mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable is insufficient to invoke Rule 56(f)."  <u>Anderson v. Farmland Indus., Inc.</u>, 136 F. Supp. 2d

1192, 1194-95 (D. Kan. 2001) (denying plaintiffs' Rule 56(f) motion because, inter alia, plaintiffs "fail[ed] to identify specific facts that would defeat the instant summary judgment motion if given time to be discovered" as "[i]t appear[ed] to the court that plaintiffs [were] attempting to use discovery as a fishing expedition to search for any possible evidence which would support their strict liability claim").

Even as to the "fragmentary transactions" that Nickel speculates exist, (Id., ¶ 22), he offers no testimony, citations or supporting evidence of any kind that any of that alleged fragmentary data represents a commissionable transaction under the relevant incentive compensation plan but was not paid because of a systematic computer error. Indeed, he does not offer any explanation as to why one should expect that the data he claims to have "observed" might represent a commissionable transaction - let alone one that can be traced to the Named Plaintiffs.

Nor, again, can the generality of Nickel's statements be excused by lack of time to review the Stage 3 data.[3]  Anything with any connection to the Named Plaintiffs, in any Sprint system, was produced in discovery years ago.  See n.1, supra.  As Nickel acknowledges, he was involved in the mediation process (Nickel Decl., ¶ 6.), and thus analyzed all of the exhaustive data connected with the Named Plaintiffs and the 100 randomly selected class members that Defendants produced as part of that exercise. Throughout his declaration, Nickel references Plaintiffs' "system" and/or "automated process," which he avers to have been working on for "several years" (Nickel Decl. at ¶¶ 7, 10, 24, 28, 33 and 35).  Yet, Nickel does not cite one example, even tentatively, of a

---

[3] Nickel's declaration makes an unsupported statement that he did not receive any data until January 11, 2012. (Nickel Decl. ¶7.)  Nickel's declaration fails to substantiate any of his statements regarding the Stage 1 data and documents relating to the Named Plaintiffs produced in 2008 and 2009.  In addition, Defendants produced the Stage 3 data to Plaintiffs on December 22 and 23, 2011.

problem based on the Named Plaintiffs' data provided as part of the "Stage 1" production in February 2009, or his study of the mediation data[4] – and there is no indication in the record of any such problem.  Accordingly, Plaintiffs have failed to offer any justification for delay under Rule 56(d), and the Nickel Declaration should be struck

## II.   Plaintiffs' Admission That They Have Not Disclosed Their Expert Pursuant To Rule 26(a)(2) Yet Rely On His Testimony In Opposing Summary Judgment Means That His Unsubstantiated Declaration Should Also Be Struck Under Rule 37(c)(1).

In the absence of a Court order or stipulation dictating when an expert disclosure must be filed, the Federal Rules of Civil Procedure control timing.  Fed. R. Civ. P. 26(a)(2)(D).  Plaintiffs have failed to offer any facts or evidence that alters the statutory deadline here.

### A.   It Is Undisputed That Plaintiffs Have Failed To Disclose Their Expert Witness Pursuant To Rule 26(a)(2)'s Expert Disclosure Requirements.

Rule 37(c)(1) prohibits reliance on expert testimony in connection with a motion absent prior compliance with the identification and disclosure requirements of Rule 26(a)(2), and authorizes the Court to strike improperly disclosed expert testimony.  Fed. R. Civ. P. 37(c)(1) and (b)(2)(iii).  Plaintiffs repetitively state in their response to Defendant's motion that "Mr. Nickel's declaration is not an expert report."  (See, e.g., ECF No. 305 at 7.)   Nevertheless, Nickel identifies himself as Plaintiffs' "wireless industry and data processing expert" in his declaration, (Nickel Decl., ¶ 2), and Plaintiffs identify him as their expert in their opposition to summary judgment.  (See, e.g., PI. Mem. at 31.)  If Nickel is not being offered as an expert, there is absolutely no basis to consider his statements of opinion on which Plaintiffs rely.  Thus, the declaration should be

---

[4] That data included detailed information not just on the nine Named Plaintiffs, but on a total of 100 class members. The lack of any example or evidence, or even a reasoned explanation of why such orphaned transactions should be expected, is even more telling.

ignored.  Assuming Plaintiffs are attempting to offer Nickel as an expert, his declaration

should be disregarded for failure to comply with Plaintiffs' disclosure obligations under

Rule 26(a)(2).  Plaintiffs cannot have it both ways – if Nickel is not an expert here, then

he is never their expert.

> **B.    Plaintiffs' Misplaced Reliance On The Court's Scheduling Order Does
> Not Excuse Their Failure To Comply With Rule 26(a)(2).**

Plaintiffs aver that their filing of Nickel's expert declaration without first

identifying him as their expert and producing his report is proper, relying on the

falsehood that the Court's Scheduling Order, which contains a May 21, 2012 deadline

for expert disclosures, dictates when they must produce an expert report for Nickel.  (See,

e.g., ECF No. 305 at 13.)  However, Plaintiffs' reliance on the Scheduling Order here,

and throughout their opposition, which relates only to Stage 3 data, is misplaced.  The

Court has never issued any expert disclosure deadline pertaining to the Stage 1 data

production.  And even if the Scheduling Order was applicable here, a later deadline in the

Scheduling Order would not excuse Plaintiffs from identifying and disclosing their expert

before relying on his testimony in an opposition to summary judgment.  (See Fed. R. Civ.

P. 37(c)(1).)  Consequently, Plaintiffs' failure and refusal to comply[5] with Rule 26(a)(2)'s

expert disclosure requirements before, or even contemporaneous[6] with, their filing of a

purported expert declaration in opposition to Defendants' motion for summary judgment,

---

[5] Contrary to Plaintiffs' assertion that their counsel told Defendants' counsel that they would not provide an
expert report for Nickel in connection with his declaration in opposition to summary judgment because the
Scheduling Order dictates their deadline, when Sprint asked Plaintiffs counsel for such disclosures over the
telephone, counsel for Plaintiffs stated that a response to the identified deficiencies was forthcoming.  (See
Eichberger Decl., ¶ 9.)

[6] In response to Defendants' analysis of Rules 26(a)(2) and 37(c)(1) in their motion to strike, Plaintiffs
argue that "[t]here is no requirement in Rule 26 that if one party makes its expert disclosures in advance of
the deadline, the other party is obligated to make 'contemporaneous' early disclosures regarding the same
subject matter."  (ECF No. 305. at 10.)  Plaintiffs again misunderstand Defendants' argument.  Defendants
do not assert that Plaintiffs are required to identify and disclose their expert just because Defendants did so.
Rather, Defendants assert that if Plaintiffs are going to rely on their expert's testimony to defeat a
dispositive motion, they must first, or contemporaneously at latest, identify and disclose the expert.

prohibits them from relying on the declaration – unless the failure was "substantially justified or is harmless."[7]  Fed. R. Civ. P. 37(c)(1).[8]

In support of their flawed theory that the Scheduling Order applies to the data production relevant to Defendants' motion for summary judgment and controls deadlines for filing expert reports, Plaintiffs rely on three district court cases outside of the Tenth Circuit,[9] one of which is unreported, another of which has been overruled (though not on this specific point), and none of which have even one positive citing reference on the relevant point of law.  (ECF No. 305 at 7-9, n.2., citing Fraser v. Primarily Primates, Inc., 966 F. Supp. 63 (D. Mass. 1996), Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306 (M.D.N.C. 2002), and Int'l Bus. Machines Corp. v. Fasco Indus., Inc., 1995 WL 115421 (N. D. Cal., Mar. 15, 1995) (unreported)).  Akeva and IBM did not involve dispositive motions and therefore are consistent with Defendants' position that once a party seeks to rely on expert opinion to support a motion, at hearing or at trial, the expert must be

---

[7] In connection with their argument that any failure to properly disclose under Rule 26(a)(2) was "both justified and harmless," Plaintiffs assert that "Defendants have filed three previous affidavits from their expert, Dr. Janet R. Thornton, without making expert disclosures." (ECF No. 305 at 12.)  While that is accurate, all three affidavits are distinguishable from the Nickel Declaration in critical ways.  One of Dr. Thornton's affidavits was in response to objections to her affidavit in support of summary judgment; consequently, it was compliant.  Dr. Thornton's other two declarations were just a few pages long; one responds to discovery issues as to the random sampling, and one as to production logs.  Notably, in all three affidavits, Dr. Thornton cites to and provides the information underlying her opinions – which is what is missing from Nickel's declaration here.  Regardless, Plaintiffs have not, and cannot, show that their filing of the Nickel Declaration, which was improperly submitted absent expert capacity, is replete with conclusory statements, and fully lacking in factual and evidentiary support, could be considered justified or harmless if admitted and accepted as true in connection with Defendant's summary judgment motion.

[8] Plaintiffs' fundamental misunderstanding concerning the scope of the Court's Scheduling Order provides the only support for their argument that Rule 37 is inapplicable to this case.  Relying on Luma Corp. v. Stryker Corp., 226 F.R.D. 536 (S.D. W.Va. 2005), Plaintiffs argue that "[b]ecause the Court's scheduling order governs the parties' expert disclosures, the Court should look to Fed. R. Civ. P. 16(f) for compliance and sanctions, not Rule 37(c)(1)."  (ECF No. 305 at 9, n.2.) (citations omitted.)  Rule 16(f) provides, in pertinent part, "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any orders provided in Rule 37(b)(2)(B), (C), (D)."  Luma Corp., 226 F.R.D. at 539 (quoting Fed. R. Civ. P. 16(f)).  No scheduling or pretrial order exists regarding the Stage 1 data; so, Rule 37 governs the Court's analysis of compliance and sanctions in connection with Plaintiffs' improperly filed expert declaration.

[9] The 10th Circuit has not spoken on this issue.

disclosed.  <u>See</u> 212 F.R.D. 306 and 1995 WL 115421.  <u>Fraser</u> is wrongly decided and should not be considered, as it allows a party to use expert opinion evidence on a dispositive motion that cannot be challenged by the other side because no disclosures have been made.  966 F. Supp. 63.  Regardless, this point of law is irrelevant to Defendants' motion to strike, given that once Plaintiffs decided to affirmatively offer the declaration to substantively rebut Defendants' motion for summary judgment, the scheduling order would not excuse them from complying with their disclosure requirement.  Accordingly, Plaintiffs have not provided any justification that excuses them from their obligation to comply with Rule 26(a)(2).  Thus, the Nickel Declaration should be struck pursuant to Rule 37(c)(1).

### III.   Nickel's Declaration Should Also Be Struck Under Rule 56(c) Because It Fails To Set Forth Facts That Would Be Admissible In Evidence.

Rule 56(c) requires expert declarations to set forth facts that would be admissible in evidence, and Rule 56(e) provides for issuing any appropriate order for failing to comply with Rule 56(c) -- including an order striking the declaration and summary judgment.  Fed. R. Civ. P. 56(c) and (e).  Both are appropriate here.

As discussed at length in Defendants' moving papers, Defendants reiterate here the Tenth Circuit's well-settled principle that an expert opinion is <u>insufficient to overcome summary judgment</u> if "it is conclusory and thus fails to raise a genuine issue of material fact."  <u>Medina v. Cram</u>, 252 F.3d 1124, 1133 (10th Cir. 2001) (<u>quoting Matthiesen v. Banc One Mortg. Corp.</u>, 173 F.3d 1242, 1247 (10th Cir. 1999)); <u>Diaz v. Paul J. Kennedy Law Firm</u>, 289 F.3d 671, 675 (10th Cir. 2002) ("Conclusory allegations made by a non-movant will not suffice.  Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a

specific exhibit incorporated therein.") (quoting United States v. Simons, 129 F.3d 1386, 1388-89 (10th Cir. 1997)); Citizens Envtl. Council v. Volpe, 484 F.2d 870 (10th Cir. 1973) (Rule 56(e) requires personalized affidavits to successfully oppose motion for summary judgment, and generalized, conclusory, and unsubstantiated affidavits filed in opposition to such motion are insufficient to create genuine factual dispute).

Despite Nickel's conspicuous failure to so much as explain the reasoning in support of his theories or to reference any admissible evidence supporting his theories in opposition to summary judgment, Plaintiffs suggest that the Nickel Declaration provides sufficient grounds to deny Defendants' summary judgment motion under Rule 56(e) because Nickel's declaration was submitted in response to "Defendants' summary judgment motion under Rule 56(d)." (ECF No. 305 at 18.) Plaintiffs further contend that Nickel need not attach evidence to his declaration in support of his theories because "Nickel's declaration is not Plaintiffs' expert report." (ECF No. 305 at 18.) Additionally, Plaintiffs claim that Defendants' Rule 56(e) case law is "inapposite" because the affidavits were not filed under Rule 56(d) and Nickel's observations regarding Defendants' data, as well as their expert's analysis, are based on his own personal knowledge and involvement in the case." (Id. at 19.) Plaintiff's response to Defendants' Rule 56(e) argument is seriously misguided.

As discussed at length in Defendants' moving papers on the motion to strike, herein, in Sections I and II, supra, and in Defendants' summary judgment papers, Plaintiffs have failed to demonstrate that Nickel cannot yet supply facts essential to his opposition, as required by Rule 56(d). Further, because Nickel has neither been identified as Plaintiffs' expert nor offered any expert report, his declaration is not given

in expert capacity, belying any reason why it should be considered.  Consequently, there is no basis whatsoever for admission of Nickel's unsupported statements, and his declaration should be stuck for all of these reasons.

**IV.    Defendants' Motion To Strike Was Timely Filed.**

Plaintiffs erroneously assert that Defendants' motion to strike was untimely because Defendants did not file objections to Nickel's declaration within 10 days of its disclosure.  Even if the Nickel Declaration constituted an expert disclosure, which Plaintiffs assert it does not, (see Section II.A., supra), the Scheduling Order's requirement that objections to Stage 3 expert reports be filed within 11 days of their disclosure[10] is not applicable, as the Nickel Declaration was offered in opposition to Defendants' motion for summary judgment regarding Stage 1 data.  (See ECF Nos. 114 at ¶ 2q and 227 at 5.) Defendants' Motion to Strike was timely filed on January 26, 2012, in response to Plaintiffs' January 12, 2012 filing of the Nickel Declaration.  (D. Kan. 6.1(d).)

**CONCLUSION**

For the foregoing reasons, and for the reasons stated in Defendants' moving memorandum of law, Defendants respectfully request that the Court strike Plaintiff's expert Declaration of Nile L. Nickel, and impose appropriate sanctions against Plaintiffs, including the reasonable costs, expenses and attorneys' fees incurred in connection with bringing this motion.  Further, in light of Plaintiffs' admissions and the deficiencies in their expert declaration, warranting striking Nickel's declaration, there is no genuine issue

---

[10]  Plaintiffs miss-cite the deadline in Scheduling Order, which states, "The parties shall serve any objections to such [expert] disclosures (other than objections pursuant to Fed. R. Evid. 702-705, Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them."  (ECF No. 114 at ¶ 2q.)

of material fact and Defendants' summary judgment motion should be granted.

Respectfully submitted this 23rd day of February 2012.


*/s/ Michael L. Blumenthal*
**SEYFERTH, BLUMENTHAL &
HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, MO 64105
Tel: 816-756-0700
Fax:  816-756-3700


*/s/ Elise M. Bloom*
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, NY 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2012, the foregoing

**Defendants' Reply Memorandum of Law in Support of its Motion to Strike**

**Plaintiffs' Expert Affidavit and Exclude Testimony from Plaintiffs' Expert** was

electronically served on the following attorneys of record consistent with the parties'

agreement and this Court's rules:

> Steve Siegel Hanson LLP
> George A. Hanson
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
> hanson@stuevesiegel.com
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402
> nichols@nka.com
> lukas@nka.com
> fisher@nka.com

> Respectfully submitted,
>
> /s/ Michael L. Blumenthal
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte Street, Suite 430
> Kansas City, Missouri 64105
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com