**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
ROXIE SIBLEY, JEANNE NOEL, ERNESTO       :
BENNETT, JAMIE WILLIAMS, GREG ST.        :
JULIEN, TRACIE HERNANDEZ, JOHN           :
JASINSKI, JAY RICHIE, and TEISHA KING    :
individually and on behalf of            :
a class of others similarly situated,    :
                                         :
              Plaintiffs,                :
                                         :
         v.                              :   Case No. 02:08-CV-02063-KHV/JPO
                                         :
SPRINT NEXTEL CORPORATION,               :
a Kansas corporation,                    :
                                         :
and                                      :
                                         :
SPRINT/UNITED MANAGEMENT                 :
COMPANY, a Kansas corporation,           :
                                         :
              Defendants.                X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as well as Rules 26 and 30, generally, Defendants Sprint Nextel Corporation and Sprint/United Management Company ("Sprint" or "Defendants"), by and through their attorneys, Proskauer Rose LLP, will take the deposition upon oral examination of the following person(s) most knowledgeable concerning the following topics:

(1) The "automated system," or "mechanical" process, Plaintiffs have purportedly created to "standardize, process, and import the class-wide data." (Doc. No. 224, pp. 7-8; see also Doc. No. 292, pp. 17-20 & 24-27.)

(2)  The "automated system," or "mechanical" process, Plaintiffs have purportedly created to search, analyze, and review commission-related data in this litigation in order to "produce a report identifying the amount of damages for each class member," including, but not limited to, the design, development, costs, components, coding, assumptions, connections, processes, reporting mechanisms, implementation (including, but not limited to, implementation of the compensation plans), and functions of this "automated system."  (Id.)

(3)  The "automated system," or "mechanical" process, Plaintiffs have purportedly created and its relationship and its implementation with respect to Plaintiffs' trial plan set forth in Plaintiffs' July 29, 2011, Supplemental Responses to Defendants' Interrogatories, Set III, Nos. 3 & 4.

(4)  The design, development, and revisions of Plaintiffs' deposition exhibits Rassette Exhibit 1 and McKinney Exhibit 1, including, but not limited to, the relationship of the exhibits' design, development and revisions with respect to Paragraphs 1, 2, and 3.

(5)  The underlying basis and foundation for the Declaration of Nile L. Nickel, dated January 11, 2012 and purportedly submitted pursuant to Rule 56(d) in support of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 292-18), which Plaintiffs maintain "is not an expert report as contemplated either by Rule 26(a)(2) or the scheduling order."  (Doc. No. 305, pp. 2-4 & 7-9.)

By this notice, Defendants are not seeking testimony with respect to Plaintiffs' expert analysis.  Defendants expressly reserve the right to take the deposition(s) of any and all expert(s) identified and disclosed by Plaintiffs pursuant to Rule 26(a) with respect to Plaintiffs' expert

analysis and any accompanying report(s), consistent with the Federal Rules of Civil Procedure and the Court's Fourth Amended Scheduling Order.  (Doc. No. 227.)

The deposition will take place at the offices of Seyferth, Blumenthal & Harris LLC, 300 Wyandotte Street, Suite 430, Kansas City, MO 64105 on March 29, 2012, beginning at 9:00 a.m. and continuing from day-to-day until completed.  The deposition will be taken before an officer authorized to administer oaths.  The deposition will be recorded by stenographic means and may also be recorded by sound and visual (videotape) means.  The deposition will be taken for the purpose of discovery, for use as evidence at trial, and for all other purposes and uses authorized by law.  The deponent shall produce, at or prior to the deposition, any and all documents reviewed by the deponent in preparation for the deposition.

This 7th day of March, 2012.

*/s/ Michael L. Blumenthal*
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, MO 64105
Tel: 816-756-0700
Fax:  816-756-3700

*/s/ Elise M. Bloom*
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, NY 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2012, the foregoing **Notice of Deposition** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> Stueve Siegel Hanson LLP
> George A. Hanson
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
> hanson@stuevesiegel.com
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402
> nichols@nka.com
> lukas@nka.com
> fisher@nka.com

> Respectfully submitted,
>
> */s/ Michael L. Blumenthal*
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte Street, Suite 430
> Kansas City, Missouri 64105
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com