# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

---------------------------------- X
ROXIE SIBLEY, JEANNE NOEL, ERNESTO :
BENNETT, JAMIE WILLIAMS, GREG ST. :
JULIEN, TRACIE HERNANDEZ, JOHN :
JASINSKI, JAY RICHIE, and TEISHA KING, :
individually and on behalf of a class of others :
similarly situated, :
                Plaintiffs, :
                v. :  Case No. 02:08-CV-02063-KHV/JPO
SPRINT NEXTEL CORPORATION, a Kansas :
corporation :
              and :
SPRINT/UNITED MANAGEMENT :
COMPANY, a Kansas corporation :
                Defendants. :
---------------------------------- X

## DECLARATION OF STEVEN D. HURD, ESQ.

      Steven D. Hurd, Esq. declares, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that the following is true and correct:

      1.     I am a partner of the law firm Proskauer Rose, LLP, one of the counsel of record for the Defendants in this action. I make this Declaration on personal knowledge and submit it in support of Defendants' Opposition to Plaintiffs' Motion for Protective Order Quashing Notice of Deposition.

      2.     From 2008 through 2010, Plaintiffs conducted discovery to build their model data system. Defendants have produced considerable information through depositions, production of documents, and mediation pertaining to Sprint's data systems.

3. Defendants completed their production of class-wide data discovery by the Court-ordered December 23, 2011 deadline. This production included three hard drives containing over 7 terabytes of class-wide commissions data.

4. Plaintiffs have conducted several Rule 30(b)(6) depositions aimed at gathering factual knowledge regarding Sprint's data systems. At these Rule 30(b)(6) depositions, Plaintiffs sought and received factual information regarding how Sprint's data systems work and what happens to a "transaction" from entry to finish in the data system.

5. Throughout the fall of 2011, Plaintiffs took Rule 30(b)(6) depositions at which they introduced their model data system diagram and questioned the deponents about the accuracy of the diagram and/or inquired about Sprint's data systems in relation to their constructed model data system

6. Nile Nickel attended a number of these Rule 30(b)(6) depositions on behalf of Plaintiffs. Mr. Nickel apparently provided questions to Plaintiffs' counsel relating to Sprint's commissions calculations and Plaintiffs marked their own systems diagram accordingly. During these depositions, Plaintiffs did not shield Mr. Nickel and his input from Defendants and the deponents.

7. On October 5, 2011, Plaintiffs deposed Mindy Burrow pursuant to Rule 30(b)(6) regarding Sprint's order entry systems. Attached hereto as Exhibit A is a true and correct copy of the relevant portions of Mindy Burrow's Rule 30(b)(6) deposition transcript.

8. On October 14, 2011, Plaintiffs' counsel deposed Mark McKinney pursuant to Rule 30(b)(6) regarding "Sprint's Retail Sales Channel's overall process, in general terms, of what happens to transactions from the point of sale and order entry through the payment of commissions, and what systems and departments are involved in that process from August 12,

2005, to September 30th of 2009." Attached hereto as Exhibit B is a true and correct copy of the relevant portions of Mark McKinney's Rule 30(b)(6) deposition transcript.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 4, 2012    */s/ Steven D. Hurd*
Steven D. Hurd, Esq.