**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROXIE SIBLEY, JEANNE NOEL, ERNESTO BENNETT, JAMIE WILLIAMS, GREG ST. JULIEN, TRACIE HERNANDEZ, JOHN JASINSKI, JAY RICHIE, and TEISHA KING, individually and on behalf of a class of others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation,<br><br>and<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation,<br><br>　　　　　　　Defendants. | Case No. 02:08-CV-02063-KHV/JPO |

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**TO MODIFY THE COURT'S FIFTH AMENDED SCHEDULING ORDER**

Plaintiffs and Defendants hereby request that the Court modify the schedule set forth in the April 30, 2012 Fifth Amended Scheduling Order (ECF No. 327) to provide the parties' experts with forty-seven days of additional time to complete their analysis of the classwide commissions-related data and provide their expert reports. The parties' request is made for good cause and for no improper purpose. A summary of the current deadlines and the parties' proposed modifications follows.

| SUMMARY OF DEADLINES AND SETTINGS | | |
|---|---|---|
| **Event** | **Current Date** | **Proposed Date** |
| All discovery completed | January 21, 2013 | N/A |
| All non-expert fact discovery completed | N/A | January 21, 2013 |
| All expert discovery completed | N/A | March 4, 2013 |
| Expert disclosures and reports | July 25, 2012 | September 10, 2012 |
| Rebuttal expert disclosures and reports | November 25, 2012 | January 10, 2013 |
| Response to rebuttal reports, provided that the party that produced the rebuttal report did not produce a prior expert report | January 30, 2013 | N/A |
| Motions challenging admissibility of expert testimony | March 25, 2013 | May 3, 2013 |
| All other potentially dispositive motions (e.g., summary judgment) | March 25, 2013 | May 3, 2013 |
| Final pretrial conference | March 14, 2013, at 9:00 a.m. | July 31, 2013 at 9:00 a.m. |
| Proposed pretrial order due | March 4, 2013 | July 10, 2013 |
| Trial | August 5, 2013, at 9:30 a.m. | November 4, 2013, at 9:30 a.m. |

## I.   LEGAL STANDARD FOR EXTENSION OF TIME.

Local Rule 6.1(a) governs motions for extensions of time, and requires that the requesting party must show:

> (1) whether there has been prior consultation with other parties and the views of other parties;
> (2) the date when the act was first due;
> (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
> (4) the cause for the requested extension.

D. Kan. Rule 6.1(a). Parties must file the motion before the specified time expires. Id. The Court will grant a motion for extension for good cause shown. See, e.g., Sperry v. Werholtz, 04-3125-CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008) (noting that the excusable neglect standard for a motion filed after the expiration of the specified time "is higher, i.e., harder to meet, than the good cause standard applied when a motion for extension of time is filed before

the expiration of the time period at issue."). Regarding expert reports, "the court has an interest in seeing that the parties are able to make a complete and comprehensive presentation of their claims so that a fully informed and fair determination can be made and a just resolution reached." Payless Shoesource Worldwide, Inc. v. Target Corp., 237 F.R.D. 666, 670 (D. Kan. 2006) (granting motion to extend expert disclosures deadline).

## II.     PREVIOUS REVISIONS TO THE SCHEDULING ORDER.

This is a nationwide class action in which Plaintiffs allege Defendants did not pay them all their commissions due. Because of the very large volume of data at issue, on January 21, 2009, the Court entered a Scheduling Order that provided for a three-stage discovery process for the production of sales and commission related data. (ECF No. 114.) The parties have completed the three-stage process and are currently preparing their expert reports.

On July 13, 2009, Plaintiffs served their Stage 2 demand on Defendants. That Stage 2 demand requested a substantial production of data, and asked numerous questions regarding Defendants' computer systems and data sets.

In response, Defendants produced a substantial amount of technical information regarding their computer systems and data sets to Plaintiffs, so the parties could attempt to reach agreement on what would be included in the Stage 3 production. Moreover, the parties were working together to try to reach agreement on the queries that Defendants would use to collect the data and engaging in discovery related to Defendants' systems.

As a result of Plaintiffs' continued efforts to become educated on Defendants' systems and Defendants' cooperation in providing that information in order to try to reach agreement on the Stage 3 production, the parties requested that the Court revise the deadline for Defendants'

Stage 3 production from September 21, 2009 to February 15, 2010.  (ECF No. 162.)  The Court granted that request and issued its Second Amended Scheduling Order.  (ECF No. 163.)

The Court, in its Third Amended Scheduling Order, subsequently extended that deadline, again at the parties' request, to June 15, 2010, so that the parties could continue to try to reach agreement on the class-wide data sets to be produced.  (ECF Nos. 193, 197.)

On April 19, 2010, at the request of the parties, the Court issued a stay of this matter to allow the parties explore whether they could agree to a plan to mediate this action.  (ECF No. 207.)  The parties agreed on a mediation plan, and the Court subsequently continued the stay on several occasions while the parties mediated.  (ECF Nos. 209, 211, 213.)  The efforts the parties made during mediation between October 2010 and January 2011 are summarized in the parties' Joint Motion to Further Stay Proceedings Pending Mediation, filed with the Court on January 11, 2011.  (ECF No. 212.)

On May 2, 2011, the parties submitted their Joint Motion to Modify the Court's Amended Scheduling Order and To Request A Court Conference (ECF No. 221).  This motion summarizes the parties' mediation efforts after January 2011.  Ultimately, the parties were unable to resolve this action through mediation.  Consequently, pursuant to the Court's Order staying the action pending mediation, the parties submitted a revised proposed scheduling order via this motion.  On June 13, 2011, the Court issued the Fourth Amended Scheduling Order.  (ECF No. 227.)

On April 27, 2012, Plaintiffs filed an unopposed motion to extend the deadline for expert disclosures and reports.  (ECF No. 325.)  The Court granted the motion and issued its Fifth Amended Scheduling Order on April 30, 2012.  (ECF No. 327.)

### III.  THE PARTIES HAVE GOOD CAUSE TO EXTEND THE DEADLINE FOR EXPERT REPORTS.

The parties met and conferred on this matter on July 16, 2012.  The parties and their experts are working with approximately 1.7 terabytes of commissions-related data.  The parties have been working through several stipulations regarding the Stage 3 data and expert reports for several weeks.  These stipulations will impact the analyses of the respective parties.  Due to the enormity of the data be analyzed, unexpected issues involving the Stage 3 data, and the parties' continuing efforts to reach agreement on certain aspects of the data and their respective experts' analyses, the parties hereby request 47 additional days to complete their expert disclosures and reports.

The parties are not seeking an extension of fact discovery, and their proposals for the remaining deadlines are predicated on the proposed revision to the deadline for expert disclosures and reports and corresponding closure of expert discovery.  Because both parties are filing expert reports, the parties agree that the following entry can be removed from the scheduling order: "Response to rebuttal reports, provided that the party that produced the rebuttal report did not produce a prior expert report."  In light of the proposed deadlines for the close of expert discovery, motions regarding the admissibility of expert testimony, and dispositive motions, the parties have also proposed new dates for the final pretrial conference, proposed pretrial order and trial.

### CONCLUSION

The parties request that the expert disclosures and reports deadline be extended by forty-seven days, and that the remaining deadlines be modified as set forth in the summary <u>supra</u>.  This will provide the parties' experts with adequate time complete their respective analyses for the foregoing reasons.

WHEREFORE, the parties respectfully request that the Court issue a Sixth Amended Scheduling Order with the parties' proposed deadlines.

Dated: July 17, 2012

| | |
|---|---|
| */s/    Ashlea Schwarz* | */s/    Michael Blumenthal* |
| **STUEVE SIEGEL HANSON LLP** | **SEYFERTH, BLUMENTHAL & HARRIS LLC** |
| Ashlea G. Schwarz, KS Bar No. 23491 | Michael L. Blumenthal |
| Email: ashlea@stuevesiegel.com | KS Bar No.18582 |
| 460 Nichols Road, Suite 200 | 300 Wyandotte, Suite 430 |
| Kansas City, Missouri 64112 | Kansas City, MO  64104 |
| Tel: (816) 714-7100 | Tel: 816-756-0700 |
| Fax: (816) 714-7101 | Fax:  816-756-3700 |
| | |
| **NICHOLS KASTER, PLLP** | **PROSKAUER ROSE LLP** |
| Michele R. Fisher* | Elise M. Bloom* |
| Email: fisher@nka.com | Email: ebloom@proskauer.com |
| Charles G. Frohman* | Nicole A. Eichberger* |
| Email: frohman@nka.com | Email: neichberger@proskauer.com |
| 4600 IDS Center | Eleven Times Square |
| 80 South 8th Street | New York, NY 10036 |
| Minneapolis, MN 55402 | Tel: 212-969-3410 |
| Tel: 612-256-3200 | Fax: 212-969-2900 |
| Fax: 612-215-6870 | (*Admitted *Pro Hac Vice*) |
| (*Admitted *Pro Hac Vice*) | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |


**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification to the following attorneys of record:

Don Nichols
Paul Lukas
Michele R. Fisher
Charles G. Frohman
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
dnichols@nka.com
plukas@nka.com
fisher@nka.com
frohman@nka.com

George A. Hanson
Ashlea G. Schwarz
Lee Anderson
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
hanson@stuevesiegel.com
ashlea@stuevesiegel.com
anderson@stuevesiegel.com

Joseph H. Knittig
3000 NW 50th St.
Kansas City, MO 64150
816-547-1495
joek@c3missions.org

Hunter Hughes
Rogers & Hardin
2700 International Tower,
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
hrh@rh-law.com

Elise M. Bloom
Gregory Rasin
Steven D. Hurd
Jacqueline M. Dorn
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
ebloom@proskauer.com
grasin@proskauer.com
shurd@proskauer.com
jdorn@proskauer.com

Nicole A. Eichberger
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
neichberger@proskauer.com

Mark W. Batten
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110
mbatten@proskauer.com

Thomas Mew
Rogers & Hardin
2700 International Tower,
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
TMew@rh-law.com

Michael L. Blumenthal
Seyferth, Blumenthal & Harris LLC
300 Wyandotte, Suite 430
Kansas City, Missouri 64104
mike@sbhlaw.com

Dated: July 17, 2012          /s/       *Michael Blumenthal*