IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

ROXIE SIBLEY, JEANNE NOEL, ERNESTO  :
BENNETT, JAMIE WILLIAMS, GREG ST.    :
JULIEN, TRACIE HERNANDEZ, JOHN       :
JASINSKI, JAY RICHIE, and TEISHA KING,  :
individually and on behalf of a class of others  :
similarly situated,                          :
                                             :
     Plaintiffs,          :
                                             :
    v.                   :  Case No. 02:08-CV-02063-KHV/JPO
                                             :
SPRINT NEXTEL CORPORATION, a Kansas  :
corporation                                  :
                                             :
     and              :
                                             :
SPRINT/UNITED MANAGEMENT            :
COMPANY, a Kansas corporation          :
                                             :
     Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
## TO EXTEND EXPERT DISCLOSURES AND REPORTS DEADLINES

   Defendants oppose Plaintiffs' motion to extend the deadline for expert disclosures and

reports for an additional thirty-five (35) days.  The expert deadline has been extended twice

before, for a total of 107 days, delaying resolution in this matter.  There is no good cause for this

***third*** requested extension, and if granted, the requested extension will be prejudicial to

Defendants unless the remaining deadlines in the Sixth Amended Scheduling Order are likewise

extended.

   1.  On April 27, 2012, Plaintiffs moved to extend the expert disclosure deadline from

May 21st to July 25th.  Rec. Doc. 326.  Although Defendants did not agree with Plaintiffs'

representations as to the reasons for the request, Defendants did not oppose Plaintiffs' first request for an extension of sixty-five (65) days. *Id*. The Court granted Plaintiffs' first request to extend the expert deadline and issued the Fifth Amended Scheduling Order. Rec. Doc. 327.

2. On July 17th, Plaintiffs requested an additional forty-two (42) day extension of the expert disclosure deadline based on purported "unexpected issues" analyzing the Stage 3 data. Doc. No. 341. Defendants joined in this motion to request an extension of ***all remaining deadlines***. Defendants explained that an extension of only the expert deadlines, not *Daubert* and dispositive motion deadlines, would make impossible the ability to have a final pretrial conference by March 14, 2013.

3. Subsequent to the filing of this joint motion, the Court issued the Sixth Amended Scheduling Order. Doc. No. 342. Under the Sixth Amended Scheduling Order, the expert disclosure and report deadline is September 10th,[1] with rebuttal reports due January 10, 2013. Doc. No. 342. The final pretrial conference is set for March 14, 2013; *Daubert* and dispositive motions are due March 25, 2013; and, trial is scheduled for August 5, 2013. *Id*.

4. Plaintiffs now request an additional thirty-five (35) day extension of the expert disclosure and report deadlines, *i.e.*, from September 10th to October 15th. Doc. No. 351.

5. In total, Plaintiffs have requested extensions of 142 days (65 + 42 +35) to disclose their expert report. Rec. Docs. 326, 341 & 351.

---

[1] The parties are due to exchange expert reports, and underlying data, today (September 10, 2012). Doc. No. 342. Plaintiffs moved to extend this deadline on September 7, 2012, and the Court set an expedited briefing schedule, with Defendants' Opposition due September 11, 2012. Doc. No. 352. Defendants file their Opposition today in an effort to speed the resolution of this deadline dispute. Ultimately, Defendants seek a ruling that finally sets the date for exchange of expert reports (without possibility of further extension), as well as reasonable accommodation to for the remaining dates and deadlines impacted by Plaintiffs' delay.

6.    The Court should deny Plaintiffs' *third* request for an extension of time because their current data issues cannot credibly be characterized as "unexpected," let alone satisfy the good cause requirement.  The underlying data relevant to this matter was first given to Plaintiffs when this matter was stayed for mediation.  At that time, Plaintiffs' expert constructed a system to analyze the data that is now causing "unexpected" issues.  Moreover, during Stage 2 of discovery in this case, Plaintiffs received samples of, and ultimately approved, the data produced in Stage 3.  The Stage 3 data produced on December 22, 2011, matched the exact specifications agreed upon by the parties during Stage 2.

7.    There is no merit to Plaintiffs' claims that there have been "unexpected" data issues on the eve of the September 10th expert deadline.  Plaintiffs claim that the data has not finished processing.  Knowledge of how data is processing is not a sudden, unexpected issue that arises three days before a deadline.[2]  Plaintiffs' motion is also prejudicial to Defendants who have made every effort to meet the expert disclosure deadlines, the original deadline (May 21st) the first extended deadline (July 25th), and the second extended deadline (September 10th).

8.    Thus, Plaintiffs' request for more time to process data that has been in their possession since December 22, 2011, does not rise to the level of good cause for a *third* extension of time.

### Plaintiffs' Cases Are Inapposite

9.    None of the cases cited in Plaintiffs' pleading support the notion that they are entitled to 142 days of extensions.  In Horizon Holdings, L.L.C., v. Genmar Holdings, Inc., 01–2193–JWL, 2002 WL 1828127, at *1 (D. Kan. May 30, 2002), the court granted a 26-day

---

[2]  Data analysis in complex class litigation is inherently fraught with "unexpected issues."  Plaintiffs state that one data processing server remains active and will complete its task next week. Rec. Doc. 351-2, ¶2. Thus, the relatively minor data processing issues described by Plaintiffs do not rise to the level of good cause for an additional 35-day extension (142 days total).

extension of time to disclose experts, not 142 days. In Sperry v. Werholtz, 04-3125-CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008), the court denied the requested extension of time. And, the facts in Payless Shoesource Worldwide, Inc. v. Target Corp., 237 F.R.D. 666, 670 (D. Kan. 2006) did not involve a *third* request for an extension of time.[3]  In contrast to Payless, Plaintiffs request a total of 142 days to disclose their expert report, and this *third* request for an extension of the expert deadlines is not coupled with a request for an extension of the remaining deadlines in the Sixth Amended Scheduling order.

### Plaintiffs' Request to Upset the Expert Disclosure Deadlines Adversely Impacts the Remaining Deadlines in the Sixth Amended Scheduling Order and Prejudices Defendants' Ability to Prepare Their Defense

10.     Plaintiffs' newest request for an extension of time to disclose their expert report will necessarily upset the remaining deadlines in this matter, including the ability to satisfy the Court's March 14, 2013 final pretrial conference deadline, the dispositive motion deadline and the trial date. Plaintiffs now seek to make their initial expert disclosure on October 15, 2012, with rebuttal reports due February 14, 2013. If granted, Plaintiffs' requested *third* extension of time will mean that the window for responses to the rebuttal reports, the closure of expert discovery (currently set for March 4, 2013), as well as *Daubert* and dispositive motions, is unduly prejudicial to Defendants. More plainly, there is insufficient time to review and analyze rebuttal reports, and conduct the depositions of each expert between February 14, 2013 and March 4, 2013.

11.     Similarly, the final pre-trial conference is set for March 14, 2013, *before* the March 25, 2013, deadline for *Daubert* and dispositive motions. These deadlines are not feasible, given Plaintiffs' request that expert rebuttal reports be moved to February 14, 2013, and should

---

[3]  In Payless, the court begrudgingly granted an extension of time to disclose experts because the request had "minimal impact on the schedule for submission of dispositive motions" and the court found "little risk of delay in the speedy determination of [the] matter." 237 F.R.D. at 672.

be moved so that *Daubert* and dispositive motions are filed and fully briefed *prior to* the final pre-trial conference.

12.     In truth, Plaintiffs' ***third*** request for an extension of time is an admission that they have failed to timely construct a functional system for analyzing the data produced, and there is no reason to believe that an additional 35 days (given the initial 65-day extension, and second extension of 42 days) will be fruitful for Plaintiffs. For all of these reasons, Plaintiffs should not be allowed to upset the remaining deadlines in this matter, including the potential resolution of this matter by summary judgment and the trial date, which cannot remain with a final pretrial date set for March 14, 2013, prior to the parties' *Daubert* and summary judgment filings.

13.     Defendants respectfully request that the Court deny Plaintiffs' ***third*** request for an extension of the expert disclosure and report deadlines. If the Court is inclined to grant an extension of the expert disclosure and report deadlines, Defendants request that all remaining deadlines in the Sixth Amended Scheduling Order also be adjusted. Defendants propose that expert discovery be completed by March 15, 2013; *Daubert* and dispositive motions be filed by May 3, 2013; the proposed pre-trial order be filed July 10, 2013; the final pretrial conference be scheduled for July 31, 2013; and, trial commence November 4, 2013.

This 10th day of September, 2012.

/s/ Michael L. Blumenthal
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, MO 64105
Tel: 816-756-0700
Fax: 816-756-3700

/s/ Elise M. Bloom
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, NY 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2012, the foregoing Defendants' Opposition To Plaintiffs' Motion To Extend Expert Disclosures and Reports Deadlines was electronically served on the following attorneys of record consistent with the parties' agreement and this Court's rules:

> Stueve Siegel Hanson LLP
> George A. Hanson
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112
> hanson@stuevesiegel.com
>
> Nichols Kaster, PLLP
> Donald H. Nichols
> Paul J. Lukas
> Michele R. Fisher
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, Minnesota 55402
> nichols@nka.com
> lukas@nka.com
> fisher@nka.com

> Respectfully submitted,
>
> /s/ Michael L. Blumenthal
> Michael L. Blumenthal
> Kansas Bar No. 18582
> SEYFERTH, BLUMENTHAL & HARRIS LLC
> 300 Wyandotte Street, Suite 430
> Kansas City, Missouri 64105
> Telephone: 816-756-0700
> Facsimile:  816-756-3700
> E-mail:  mike@sbhlaw.com