# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Roxie Sibley, et al.** ) | |
| **on behalf of themselves and similarly** ) | |
| **situated employees,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | NO. 2:08-cv-02063-KHV/JPO |
| **v.** ) | |
| ) | |
| ) | |
| **Sprint Nextel Corporation, et al.** ) | |
| ) | |
|     **Defendants.** ) | |

### AFFIDAVIT OF JANET R. THORNTON, Ph.D.

| | |
|---|---|
| **STATE OF FLORIDA** ) | |
| ) ss. | |
| **COUNTY OF LEON** ) | |

    Dr. Janet R. Thornton, affiant, affirms under oath as follows:

    1.    I am a labor economist with a Ph.D. in Economics (1992) from Florida State University. I am currently a Managing Director at ERS Group,[1] where I have been employed since 1986. ERS Group is a consulting firm that engages in research on economic issues. My fields of special interest include computer analysis of large databases, applied econometrics and statistical analysis. I have provided expert testimony in arbitration hearings and before federal and state courts and regulatory agencies at the request of both plaintiffs and defendants. No court has rejected me as an expert qualified to testify in my fields.

---

[1] ERS Group (ERS) is a SourceHOV company and provides quantitative analysis of economic decisions to a variety of clients, including individuals, corporations, universities and government agencies.

1

2. In my capacity as Defendants' expert in the above captioned matter, and in the process of preparing a rebuttal report, I am currently reviewing and assessing the materials produced by Balance Engines (hereafter "BE") in support of its October 15, 2012 report (hereafter "BE Report") and December 12, 2012 supplemental report (hereafter "BE Supplemental Report"). As such I have evaluated the production of information including the computer programs, log files, and data files provided to date by Plaintiffs' experts BE and Dr. Margaret H. Dunham.

3. For the October 15, 2012 BE Report, between October 16, 2012 and November 13, 2012, we received numerous log files, eight hard drives of over 600 million data files, and over 600 programming files. I reviewed these log files, programming files, and the resulting data files and determined what additional data files were missing either because they were cited in BE's Report or referenced in a programming file or log file. From this review, I created a listing of the missing data files.

4. For *Defendants' Fifth Set of Requests for Production of Documents to Plaintiffs Exhibit A* (hereafter "Exhibit A"), I provided the listing of the data files that were not produced and that could be identified from BE's log files and programming files to counsel for Defendants so that they could seek this information in discovery.

5. On December 28, 2013, I received the official response from Plaintiffs' counsel to *Defendants' Fifth Set of Requests for Production of Documents to Plaintiffs.* Then on January 7, 2013, a hard drive of additional materials for BE's October 15, 2012 Report was received and on January 9, 2013, I received *Plaintiffs' First Supplemental Reponses to Defendants' Fifth Set of Requests for Production of Documents to Plaintiffs*

2

in which Plaintiffs indicated that they cannot produce a number of items contained on Exhibit A.[2]

6.   We are still missing data files that Plaintiffs state cannot be produced because they were:

- not used in the BE Stage 3 analysis,
- tables were temporary or output to a temporary directory and no longer exist,
- tables were created but later deleted and thus are empty (they contain no information), or
- example file names and test files.

7.   Plaintiffs' explanation for not producing the data files does not comport with my review of the programming files and log files provided by BE for its October 15, 2012 Report. A limited review of the items numbers listed on Appendix A and not provided by BE shows:

- data files created and no record of being deleted by a program,[3]
- data files created and discussed in the log file submitted by BE as having been reviewed.[4]

---

[2] *Declaration of Nicole A. Eichberger, Esq. in Support of Defendants' Motion to Compel Supplemental Expert Documents*, January 11, 2012, No. 10.

[3] For example, the table "ensemble_logs" (number 9 on *FIRST SUPPLEMENTAL EXHIBIT 1 to Plaintiffs' Responses to Defendants' Fifth Set of RFPs*) is created in NKA1202058.rb and NKA1202238.rb. Plaintiffs' counsel characterized the reason for not producing this table as: "Table created and dropped before Stage 3 analysis. As a result, the table is empty." See Plaintiffs' First Supplemental Reponses to Defendants' Fifth Set of Requests for Production of Documents to Plaintiffs, dated January 9, 2013.

[4] For example, the file "associate_id_matches.txt" (number 93 on *FIRST SUPPLEMENTAL EXHIBIT 1 to Plaintiffs' Responses to Defendants' Fifth Set of RFPs*) is referenced in NKA1201882.rb and NKA1201950.rb and is further discussed in the daily log file produced by BE in NKA1201919.log on May 9, 2012. Plaintiffs' counsel characterized the reason for not producing this file as "Not used for Stage 3 analysis." See Plaintiffs' First Supplemental Reponses to Defendants' Fifth Set of Requests for Production of Documents to Plaintiffs, dated January 9, 2013.

3

Therefore, I would expect these data files to have been provided as materials relied upon by BE for its October 15, 2012 Report.

8. Further, with respect to BE's October 15, 2012 Report, I received over 600 million data files that are the result of BE's methodology and processing for its Report. Those data files include PCT files associated with each class member analyzed by BE.

9. On December 12, 2012, BE submitted its Supplemental Report with changes in its methodology. Dr. Dunham's December 12, 2012 Supplemental Report confirms BE's methodology changes and stated that "programs were used to modify the PCT, VTT, and ODR files."[5] Dr. Dunham's statement implies that the data files associated with each class member analyzed by BE changed. Thus, I would expect to receive a similar number of data files (i.e., 600 million data files), including revised "PCT, VTT, and ODR files." I have not received these revised PCT, VTT, and ODR data files.

10. Plaintiffs contend that tables contained in NKA1306145 – NKA1306152 address the failure to produce the revised PCT, VTT, and ODR data files, but they do not. NKA1306145 – NKA1306152 do not contain the "PCT, VTT, and ODR files" as referenced in Dr. Dunham's December 12, 2012 Supplemental Report; instead they contain the revised commission reports as described by BE.[6]

---

[5] Supplemental Report of Dr. Dunham, dated December 12, 2012, page 3.
[6] BE Report, page 34, paragraph 174. As of this date, I have not received the data files described in this affidavit.

I have read the foregoing statement consisting of 10 paragraphs and swear that it is true and accurate to the best of my knowledge and belief.

FURTHER THE AFFIANT SAYETH NOT.

*Janet R. Thornton*

Janet R. Thornton, Ph.D.

Subscribed and sworn to before me this 11th day of January, 2013.

TRACY L. JOHNSTON
Notary Public - State of Florida
My Comm. Expires Nov 18, 2014
Commission # EE 14870
Bonded Through National Notary Assn.

5