IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROXIE SIBLEY, et al., )
)
          **Plaintiffs,** )
)
v. ) CIVIL ACTION
) No. 08-2063-KHV
SPRINT NEXTEL CORPORATION, et al., )
)
          **Defendants.** )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Motion And Memorandum In Support To Seal Exhibits [To Defendants' Opposition To Plaintiffs' Motion For Partial Summary Judgment] (Doc. #645) filed May 2, 2016.

Defendants seek leave to file under seal 13 individual releases by class members that allegedly cover the claims at issue in this case. See Doc. ## 645-1 through 645-13. Defendants have designated these documents confidential under the existing protective order. See Protective Order (Doc. #41) filed May 14, 2008.[1] The protective order covers all exhibits designated "confidential" and pertains to information about individual wage and employment records and proprietary financial

---

[1] The protective order provides in part as follows:

In particular, any party to this Stipulation For The Protection And Exchange Of Confidential Documents may designate as "Confidential:" (1) any personal non-public, proprietary, business, financial or other protected documents or files, including personnel files, training materials and payroll, commissions, other compensation or other records of at least one of the Defendants' current or former employees relating to or part of the calculation of their pay, that pertain to any current or former employees of at least one of the Defendants and/or business records or information about the operation of at least one of the Defendants' business; and (2) any documents that contain proprietary, financial, confidential, or other protected documentation pertaining to Plaintiffs or Defendants.

Protective Order (Doc. #41) filed May 14, 2008, at 1-2.

information and confidential business records of defendants. See id. at 1-2.

Aside from the protective order, any motion to seal must establish that interests which favor non-disclosure outweigh the public interest in access to court documents. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. Id. at 461. In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Id.; Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996). To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

As noted, defendants state that the proffered documents are "confidential" under the protective order. They also point out that several releases include confidentiality provisions and/or require that any party file a motion to seal if they seek to file the release in subsequent litigation. See, e.g., Ex. DP at 7 (party seeking to admit agreement into evidence shall seek permission of tribunal to place under seal).[2] Defendants do not suggest why the information in the documents, if disclosed, might be harmful to either party. Further, defendants do not demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information. Instead, defendants base their request fully on the protective order and the joint

---

[2] Section II, I. of the District of Kansas Administrative Procedures for Filing, Signing, And Verifying Pleadings and Papers By Electronic Means In Civil Cases provides as follows:

> [P]arties may modify or partially redact . . . confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information). Consistent with the E-Government Act of 2002 . . . a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal.

agreement of the parties to place this information under seal. The Court therefore overrules defendants' motion to seal these documents.

**IT IS THEREFORE ORDERED** that defendants' Motion And Memorandum In Support To Seal Exhibits [To Defendants' Opposition To Plaintiffs' Motion For Partial Summary Judgment] (Doc. #645) filed May 2, 2016 is **OVERRULED**. On or before April 14, 2017, defendants may file the documents, not under seal.

Dated this 10th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Court