**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROXIE SIBLEY, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 08-2063-KHV** |
| SPRINT NEXTEL CORPORATION, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiffs bring class action claims for unpaid commissions against Sprint Nextel Corporation

and Sprint/United Management Company (collectively, "Sprint"). Specifically, plaintiffs claim that

Sprint is liable for violating the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq.

(Count I) and breach of contract (Count II). This matter comes before the Court on Defendants'

Motion To Decertify The Class (Doc. #619) filed March 7, 2016.

On July 29, 2016, Special Master David Cohen recommended that the Court overrule the

motion to decertify the class. See Report Regarding Motion To Decertify (Doc. #663).[1] Sprint filed

objections to the Special Master's Report. See Defendants' Objections To The Special Master's

Report And Recommendations Denying Decertification Of The Class (Doc. #670) filed August 19,

2016.[2] The Court has conducted a de novo review of the Report, the record, the relevant legal

---

[1]     On April 14, 2014, pursuant to Rule 53, Fed. R. Civ. P., the Court appointed David
Cohen as Special Master to assist the Court with pending motions and other issues related to the
commissions reconciliation process in this case. See Order Of Appointment (Doc. #532).

[2]     In acting on a master's report or recommendations, the Court "may adopt or affirm,
modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ.
P. 53(f)(1). The Court must conduct a de novo review of all objections to findings of fact made or
recommended by the Special Master, unless the parties, with the Court's approval, stipulate that the
Court shall review findings for clear error or that the findings of the Special Master will be final.
(continued...)

authorities and Sprint's objections.[3]  The Court approves in full the findings and recommendations

set out by the Special Master in his Report, which the Court incorporates herein by reference.  The

Court therefore finds that Sprint's  objections and motion to decertify the class should be overruled.

**IT IS THEREFORE ORDERED** that the Court **adopts in full** the Special Master's Report

Regarding Motion To Decertify (Doc. #663) filed July 29, 2106.

**IT IS FURTHER ORDERED** Defendants' Objections To The Special Master's Report And

Recommendations Denying Decertification Of The Class (Doc. #670) filed August 19, 2016 are

**OVERRULED.**

**IT IS FURTHER ORDERED that** Defendants' Motion To Decertify The Class (Doc. #619)

filed March 7, 2016 is **OVERRULED**.

Dated this 8th day of June, 2017 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

---

[2](...continued)
Fed. R. Civ. P. 53(f)(3).  Here, the parties have not agreed to clear error review and have not
stipulated to the finality of the Special Master's Report.  The Court decides de novo all objections
to findings of fact and conclusions of law made or recommended by the Special Master.  Fed. R.
Civ. P. 53(f)(4).

[3]      Among other objections, Sprint argues that the Special Master's class certification
analysis is flawed because he did not analyze "the actual validity, accuracy, and appropriateness of
the class expert's model."  Defendants' Objection (Doc. #670) at 32 n.1.  The Court has reviewed
the parties' Daubert motions, the Special Master's Report Regarding The Parties' Cross-Motions
To Exclude Expert Testimony (Doc. #701) filed April 7, 2017, and the parties' objections to that
report.  The Special Master's Report on the Daubert motions meticulously examines the models
presented by each side's experts.  The Court agrees that on this record, both sides are entitled to
present to a jury their expert's model for commissions reconciliation.  If the jury finds that plaintiffs'
expert has produced an accurate model, then it may find Sprint liable to the class.  If not, the Court
can decertify the class.