# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROXIE SIBLEY, et al., )
)
        Plaintiffs, ) CIVIL ACTION
v. )
) No. 08-2063-KHV
SPRINT NEXTEL CORPORATION, et al., )
)
        Defendants. )
_____)

## ORDER

Plaintiffs bring class action claims for unpaid commissions against Sprint Nextel Corporation and Sprint/United Management Company ("collectively, "Sprint"). Specifically, plaintiffs claim that Sprint is liable for violating the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. (Count I) and breach of contract (Count II). This matter comes before the Court on Defendants' Third Motion To Exclude Expert And Expert Testimony (Doc. #615) and Plaintiffs' Motion To Exclude Testimony Of Balance Engines LLC and Dr. Margaret Dunham (Doc. #617), both filed February 29, 2016.

On April 7, 2017, Special Master David Cohen recommended that the Court overrule the motions.[1] See Report Regarding Cross-Motions To Exclude Expert Testimony (Doc. # 701). The parties have filed objections to the Special Master's Report. See Plaintiffs' Objection To Report Regarding Cross-Motions To Exclude Expert Testimony (Doc. #713) and Defendants' Objections To The Special Master's Report And Recommendations Regarding The Admission Of Plaintiffs' Expert Testimony (Doc. #715), both filed May 5, 2017. The Court has conducted a de novo review

---

[1] On April 14, 2014, pursuant to Rule 53, Fed. R. Civ. P., the Court appointed David Cohen as Special Master to assist the Court with pending motions and other issues related to the commissions reconciliation process in this case. See Order of Appointment (Doc. #532).

of the Report, the record, the relevant legal authorities and the parties' objections.[2] The Special Master's Report meticulously examines the models presented by each side's experts. The Court agrees that on this record, plaintiffs and Sprint are each entitled to present to a jury their expert's model for commissions reconciliation. The Court approves in full the findings and recommendations set out by the Special Master in his Report.

**IT IS THEREFORE ORDERED** that the Court **adopts in full** the Report Regarding Cross-Motions To Exclude Expert Testimony (Doc. #701) filed April 7, 2017.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection To Report Regarding Cross-Motions To Exclude Expert Testimony (Doc. #713) and Defendants' Objections To The Special Master's Report And Recommendations Regarding The Admission Of Plaintiffs' Expert Testimony (Doc. #715), both filed May 5, 2017, are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Third Motion To Exclude Expert And Expert Testimony (Doc. #615) and Plaintiffs' Motion To Exclude Testimony Of Balance Engines LLC and Dr. Margaret Dunham (Doc. #617) both filed February 29, 2016 are **OVERRULED**.

Dated this 8th day of June, 2017 at Kansas City, Kansas.

                                                                  s/ Kathryn H. Vratil
                                                                  Kathryn H. Vratil
                                                                  United States District Judge

---

[2] In acting on a master's report or recommendations, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The Court must conduct a de novo review of all objections to findings of fact made or recommended by the Special Master, unless the parties, with the Court's approval, stipulate that the Court shall review findings for clear error or that the findings of the Special Master will be final. Fed. R. Civ. P. 53(f)(3). Here, the parties have not agreed to clear error review and have not stipulated to the finality of the Special Master's Report. The Court decides de novo all objections to findings of fact and conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).