# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROXIE SIBLEY, et al., )
 )
                  **Plaintiffs**, ) CIVIL ACTION
v. )
 ) No. 08-2063-KHV
SPRINT NEXTEL CORPORATION, et al., )
 )
                  **Defendants.** )
_____)

## ORDER

Plaintiffs bring class action claims for unpaid commissions against Sprint Nextel Corporation and Sprint/United Management Company (collectively, "Sprint"). Specifically, plaintiffs claim that Sprint is liable for violating the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. (Count I) and breach of contract (Count II). This matter comes before the Court on Plaintiffs' Motion For Partial Summary Judgment (Doc. #636) and Defendants' Motion For Summary Judgment (Doc. #637), both filed April 11, 2016.

On October 15, 2016, Special Master David Cohen issued a First Report Regarding Cross-Motions For Summary Judgment (Doc. #682) addressing the legal effect of certain contract provisions.[1] On April 21, 2017, the Special Master issued a Second Report Regarding Cross-Motions For Summary Judgment (Doc. #712). The parties have filed objections to the Special Master's Reports. See Defendants' Objections To Special Master's First Report Regarding Cross-Motions For Summary Judgment (Doc. #685) filed November 7, 2016, Defendants' Objections To The Special Master's Second Report Regarding Cross-Motions For Summary Judgment (Doc. #716)

---

[1] On April 14, 2014, pursuant to Rule 53, Fed. R. Civ. P., the Court appointed David Cohen as Special Master to assist the Court with pending motions and other issues related to the commissions reconciliation process in this case. See Order Of Appointment (Doc. #532).

filed May 12, 2017, and Plaintiffs' Objection To Second Report Regarding Cross-Motions For Summary Judgment (Doc. #717) filed May 12, 2017.[2]

The Court has conducted a de novo review of the Reports, the record, the relevant legal authorities and the parties' objections. The Court approves in full the findings and recommendations set out by the Special Master in the Reports, which the Court incorporates herein by reference.

**IT IS THEREFORE ORDERED** that the Court **adopts in full** the Special Master's First Report Regarding Cross-Motions For Summary Judgment (Doc. #682) filed October 15, 2016 and Second Report Regarding Cross-Motions For Summary Judgment (Doc. #712) filed April 21, 2017.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (Doc. #637) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Partial Summary Judgment (Doc. #636) filed April 11, 2016 is **SUSTAINED IN PART AND OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that the Court finds as a matter of law and undisputed fact as follows:

> (1) the data-matching clause contained in section 1.6(b) of the MICGs must be interpreted to mean that sales reps earn a commission if a match of records occurs in Sprint's Stage 3 data "between the Company inventory or Point of Sale tracking systems and the Company customer billing system," even if the match of records was not found by Sprint's "commission system." This interpretation means that the

---

[2] In acting on a master's report or recommendations, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The Court must conduct a de novo review of all objections to findings of fact made or recommended by the Special Master, unless the parties, with the Court's approval, stipulate that the Court shall review findings for clear error or that the findings of the Special Master will be final. Fed. R. Civ. P. 53(f)(3). Here, the parties have not agreed to clear error review and have not stipulated to the finality of the Special Master's Report. The Court decides de novo all objections to findings of fact and conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).

failure of the commissions system to find a records match, alone, does not make an otherwise Commissionable Event noncommissionable; and conversely, this interpretation does not make commissionable an occurrence that is otherwise noncommissionable.

(2) There is no contractual 12- month limitation period that applies to the KWPA or breach-of-contract claims of class members whose employment ended while the 2007 Compensation Guide was in effect (June 1, 2007 to June 30, 2008). Rather, these claims are subject to the five-year statute of limitations set out in Kan. Stat. Ann. § 60-511(1).

(3) The reporting provision in section 1.7(l) of the MICGs creates a condition subsequent that is unenforceable under the KWPA, and therefore the reporting provision does not preclude plaintiffs from recovering unpaid commissions in this lawsuit. In the alternative, the reporting provision in section 1.7(l) of the MICGs is unenforceable because it is unconscionable.

(4) Plaintiffs are entitled to summary judgment on Sprint's affirmative defenses of laches, estoppel and waiver.

(5) Plaintiffs are entitled to summary judgment on Sprint's affirmative defenses of unclean hands and unjust enrichment.

(6) Plaintiffs are not entitled to summary judgment on Sprint's affirmative defense of release, because a genuine issue of material fact exists on that issue.

(7) All class members may bring claims under the KWPA for unpaid commissions, even if they did not live or work in Kansas.

(8) Sprint may not rely on the "delay provision" in section 1.6(k) of the MICGs to avoid liability in this case.

**IT IS FURTHER ORDERED** that neither party is entitled to summary judgment on the issue of liability.[3]

Dated this 8th day of June, 2017 at Kansas City, Kansas.

                                                                    s/ Kathryn H. Vratil
                                                                    Kathryn H. Vratil
                                                                    United States District Judge

---

[3] The Court notes that the experts appear to agree that Sprint underpaid or overpaid certain individual class members. Therefore, the Court intends to issue a separate order which will direct the parties to show cause why it should not grant judgment as a matter of law: (1) in favor of Sprint as to certain plaintiffs and dismiss with prejudice the claims of each of those plaintiffs and (2) in favor of certain plaintiffs on the question of liability, and set a date for a jury trial to determine damages for those plaintiffs.