**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROXIE SIBLEY, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | |
| SPRINT NEXTEL CORPORATION, et al., | ) | **No. 08-2063-KHV** |
| | ) | |
| **Defendants.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## ORDER TO SHOW CAUSE

On March 2, 2018, plaintiffs filed Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #814). On March 8, 2018, the Court held a preliminary settlement approval hearing. At the hearing, the Court voiced concerns about certain aspects of the proposed settlement agreement. On March 16, 2018, plaintiffs filed a Supplemental Memorandum In Support Of Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #821). Plaintiffs' supplemental memorandum provided additional information concerning (1) revisions to the class definition; (2) revisions to the settlement process; (3) the reasonableness of the settlement amount; (4) the parties' efforts to ensure the most practicable notice of settlement; and (5) the new cy pres recipient. See generally id. The Court has reviewed plaintiffs' supplemental submissions and orders as follows.

### I.    Class Counsel Fee Agreement

Class counsel shall submit a copy of all written fee arrangement agreements between class counsel and plaintiffs. The Court expects that such agreements will, among other things, specify whether any contingency fee is based on gross recovery or gross recovery less litigation costs and expenses.

## II.    Prevailing Market Rates

Class counsel shall submit affidavits establishing prevailing market rates for attorneys of similar qualifications and experience in the Minneapolis area.  Class counsel shall also submit, for in camera review, a list of all clients who have been billed and have paid the rates stated in the Declaration Of Michele R. Fisher In Support Of Preliminary Approval Of Settlement (Doc. #815-1) filed March 2, 2018 at 2.  The list shall include copies of all bills to such clients and affidavits of payment by counsel.  Defendants' counsel shall also submit, for in camera review, information concerning the hourly rates which they have charged during this suit.

## III.    Class Member Settlement Allocations

The parties shall submit analysis of the proposed class member settlement allocations.  This analysis should include, but is not limited to, the following: (1) the distribution of the allocation amounts; (2) a bell chart which summarizes the range of allocation amounts and number of allocations at each level; (3) the average class member allocation, assuming various settlement participation rates; and (4) the number and percentage of class members who would receive the minimum allocation ($25).

## IV.    Settlement Process And Notice

A.    The Court orders the parties to show cause why, before sending the proposed Notice Of Settlement, (Doc. #821-4) filed March 16, 2018 at 32, they should not be required to mail notice cards to class member addresses which are currently on file.  The notice cards would place class members on notice of the settlement; the forthcoming settlement checks; their ability to opt out; the need to update and confirm contact information (name, mailing address, e-mail address and telephone number) on http://www.nka.com/case/sprint-nextel-retail-employees-unpaid-overtime; and their duty to update contact information if it changes.  Thirty days after the parties send the

notice cards, they would provide the Court a report which outlines the number of class members who updated their contact information, the number of notice cards which were returned undeliverable or mailed to the wrong address and other relevant data to confirm the adequacy of the current address data. The parties' responses shall include a joint proposal on incorporating any notice card information into the proposed settlement process.

      **B.**      Certain parties are previously stipulated to be outside the class, and they received notice to this effect in early 2014. See Joint Stipulation Specifying Class Membership And Class Period (Doc. #503) filed January 15, 2014; see Order (Doc. #504) filed January 27, 2014. The Court orders the parties to show cause, as to those class members, why the proposed Notice of Ineligibility (Doc. #821-5) filed March 16, 2018, is not superfluous and unnecessary.

**V.**      **Class Member Contact Information**

      **A.**      After reviewing the Supplemental Memorandum In Support Of Plaintiffs' Motion (Doc. #821), the Court cannot determine the adequacy of class counsel's data concerning contact information for class members. Class counsel shall submit the results of their third-party National Change of Address system contractor's most recent report. The submissions should identify how many addresses of class members are verified, partially verified or unable to be verified, and when each address was last verified. Further, the parties' submission shall include the number of class member telephone numbers and e-mail addresses that are verified; when they were most recently verified; and the extent to which verified addresses, telephone numbers and e-mail addresses pertain to the same individuals.

      **B.**      The Court orders the parties to show cause why it should not appoint an expert, at plaintiffs' expense, to study the demographics of the class (particularly class members' individual ages and patterns of mobility); suggest alternative notice plans which are conducive to the

demographics of the class (such as the use of e-mail); review the quality of class counsel's data concerning contact information for class members; provide an unbiased estimate of what percentage of the class will receive notice under the parties' proposed notice process; verify the qualification of the Claims Administrator; opine on whether the parties' proposed notice process provides class members with sufficient time and information (particularly the ability to access the settlement agreement and other key documents online) to properly respond; and provide other advice on creating the best practicable notice plan.

**VI.    Proposed Settlement Agreement (Doc. #821-4)**

The parties shall submit more information relating to and show cause why they should not revise or delete the following provisions in the <u>Settlement Agreement</u> (Doc. #821-4) filed March 16, 2018.

**A.**    In paragraph 1.bb, the Settlement Agreement defines "released claims" as "any and all claims for, or related to, unpaid commissions due under state (including the Kansas Wage Payment Act), federal, or common law (including but not limited to breach of contract) from August 12, 2005 through September 30, 2009." <u>Id.</u>, ¶ 1.bb.  This language appears to be overbroad. The Court orders the parties to show cause why they should not revise the proposed definition to delete or more explicitly identify claims "related to" unpaid commissions and assure that the settlement could not, for example, be construed to release all employment-related claims by commissioned employees.

**B.**    In paragraph 4, the Settlement Agreement defines the Settlement Class.  The definition explicitly excludes "persons who only worked periods where their commissions were paid on a guarantee/rampup basis." <u>Id.</u>, ¶ 4.  The Court orders the parties to show cause why this language should not be stricken as superfluous.  In particular, the parties' response should explain

how this language affects the settlement class and whether employees paid on a guarantee/rampup basis could even be considered "retail employees . . . whose compensation was based in full or in part on commissions."  <u>Id.</u>

C.      In paragraph 6, the Settlement Agreement provides in part that "[t]he [class member settlement] allocations will be based off the damages calculations performed by the Class' experts." <u>Id.</u>, ¶ 6.  The Settlement Agreement does not define "Class' experts" or what "based off" means. The Court orders the parties to show cause why they should not revise the Settlement Agreement to define "Class' experts;" identify the source of the allocation data; and explain how the settlement allocations are "based off" the Class' expert calculation.

D.      In paragraph 8.a, the Settlement Agreement provides that "Defendant shall not oppose Class Counsel's application for the recovery of Attorneys' Fees and/or Lawsuit Costs, subject to the limitations herein."  <u>Id.</u>, ¶ 8.a.  The parties shall submit an explanation why they included this restriction and show cause why it should not be stricken.

E.      In paragraph 11.d.i, the Settlement Agreement provides that the Claims Administrator may solicit additional information from class members when necessary to withhold taxes at the applicable rate.  <u>Id.</u>, ¶ 11.d.i.  The parties shall submit an explanation why the Claims Administrator should solicit further information instead of withholding taxes at the highest applicable rate in the first instance.  The explanation should compare the potential tax benefit to class members who provide additional tax information, and the additional time and administrative costs of soliciting tax information from class members.

F.      In paragraph 11.d.iii, the Settlement Agreement provides that "Settlement Class Members who do not timely cash their Settlement Check(s) will have released the Released Claims against the Released Parties as described in Section 19 below and waived any right to receive any

payment associated with the Settlement." Id., ¶ 11.d.iii. The Court orders the parties to show cause why this provision should not be stricken. The parties' response shall include how they plan to verify that class members who did not cash their checks actually received them, and cite legal authority for such a stipulation.

      **G.**    In paragraph 11.d.iv, the Settlement Agreement provides as follows:

> For purposes of determining the eligibility of individuals to participate in the Settlement, and for purposes of calculating Settlement Payments pursuant to Section 6, Class Counsel's records are presumed to be correct and will govern such determinations. If a Settlement Class Member or Participating Settlement Class Member disputes a determination regarding his or her eligibility or the amount of his or her Settlement Payment, such disputes will be resolved as set forth in Section 10.

Id., ¶ 11.d.iv. The Court orders the parties to show cause why class counsel's records should be entitled to a presumption of correctness. Further, paragraph 10 does not set forth any dispute resolution process. In relevant part, it provides that the "Claims Administrator will be responsible for . . . promptly reporting to the Parties the substance and status of any challenges or disputes raised by Settlement Class Members." Id., ¶ 10.b. The Court orders the parties to show cause why they should not revise paragraph 10 to provide a description of the dispute resolution process. Their response or revision, if necessary, should include how and when class members can dispute their eligibility or settlement allocation amount; how such disputes will be resolved; and whether this dispute resolution process differs from filing an objection under paragraph 12.

      **H.**    In paragraph 11.e, the Settlement Agreement provides that if a Notice of Settlement is returned without a forwarding address, the Claims Administrator will perform "one standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs such skip traces." Id., ¶ 11.e. The parties shall submit an explanation of a "Level 2 Skip Trace." Further, in paragraph 11.e, the Settlement Agreement also provides "Any Settlement Class Member whose

Notice of Settlement is re-mailed twenty (20) days from the end of the original Notice Period to timely object or request exclusion." Id., ¶ 11.e.  The parties shall revise this presumably incomplete sentence, or explain what it means.

**VII.    Service Awards And Class Representatives**

      **A.**      The current record does not justify the proposed service awards.  The Court orders the parties to show cause why the Service Awards should not be reduced to $10,000 for the nine class representatives and $3,000 for the 11 class members who prepared testimony for trial.  The parties' response shall include a detailed explanation of how the parties initially calculated the service awards; the amount of time which each award recipient worked on the case; and explain why service awards should not be considered expenses to the class and not part of the gross recovery to the class.

      **B.**      The Court also orders the parties to show cause why class counsel should not identify class representatives to represent the respective interests of the (1) 4,482 Over/Correctly paid class members, (2) 274 Period 65 class members and (3) 2,787 Insufficient Data class members.  See Supplemental Memorandum In Support Of Plaintiffs' Motion (Doc. #821) at 6.  These three groups appear to constitute discrete sub-classes under the Settlement Agreement, and none of the named plaintiffs appear to represent those sub-classes.  See Ortiz v. Fibreboard Corp., 527 U.S. 815, 854-58, 864 (1999); Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 626-27 (1997); Dewey v. Volkswagen Aktiengesellschaft, 681 F.3d 170, 187 (3d Cir. 2012).

**Conclusion**

The parties shall respond on or before **April 16, 2017**.

**IT IS SO ORDERED.**

- 7 -

Dated this 5th day of April, 2018 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge