IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROXIE SIBLEY, JEANNE NOEL, ERNESTO BENNETT, JAMIE WILLIAMS, GREG ST. JULIEN, TRACIE HERNANDEZ, JOHN JASINSKI, JAY RICHIE, and TEISHA KING, individually and on behalf of the class,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, and SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendants. | Case No. 02:08–CV–2063–KHV |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ADEQUACY OF SETTLEMENT NOTICE PROCESS**

## INTRODUCTION

In its Memorandum and Order on Preliminary Approval, the Court requested modifications to the settlement involving, among other things, the settlement notice process. (Mem. & Order 8 n.2, Filing No. 829, at CM/ECF p. 8 n.2.) The parties resolved these issues in their revised Settlement Agreement submitted with Plaintiffs' supplemental motion for preliminary approval of the settlement. (Pls.' 2d Suppl. Mot. for Prelim. Approval of Settlement, Filing No. 831, Pls.' 2d Suppl. Mem. in Support of Prelim. Approval of Settlement, Filing No. 832). In light of these modifications, and at the Court's request, Plaintiffs now submit this motion for Court approval of the adequacy of the Settlement Agreement's proposed notice plan.

## ARGUMENT

Plaintiffs' April 16, 2018 response to the Court's Order to Show Cause describes the form of settlement notice to be provided to the Class and why it is the best practicable notice. (Pls.' Resp. to Order to Show Cause 8–12, Filing No. 824, at CM/ECF p. 10–14.) It provides that not only will Class Members receive a Notice of Settlement by mail, but that it will be supplemented by (1) Settlement Postcards, (2) Email Notice, (3) a Settlement Website, (4) Class Counsel's Webpage, and (5) a national press release. (*Id.*)

In response, the Court expressed two concerns related to the notice process: (1) that the Settlement Agreement did not contain language about the national press release Plaintiffs proposed; and (2) that the settlement process did not permit time for Court feedback or approval after the Settlement Postcard mailing, before the Notices of Settlement are mailed to the Class. (Mem. & Order 8 n.2, Filing No. 829, at CM/ECF p. 8 n.2.) With those issues now resolved through the parties' submission of a revised Settlement Agreement, (5/2018 Settlement Agmt.,

2

Filing No. 832–1), the settlement process for which Plaintiffs seek approval through this motion is generally as follows:[1]

- Within 5 days after Preliminary Approval, Class Counsel to provide Class Member information to Claims Administrator.  (5/2018 Settlement Agmt. ¶ 11(d), Filing No. 832–1.)

- Within 5 days after Preliminary Approval, national press release issued.  (*Id.* ¶ 11(d).)

- Within 30 days of Preliminary Approval, Settlement Postcards sent.  (*Id.* ¶ 11(e), Filing No. 832–1; *see* Settlement Postcard, Filing No. 824–13.)

- 30 days after mailing Settlement Postcards, report to Court on adequacy of mailing.  (5/2018 Settlement Agmt. ¶¶ 11(e), (k). Filing No. 832–1.)

- 7 days after receiving Court permission, mail Notice of Settlement explaining 60-day Notice Period to request exclusion or make objection.  (*Id*. ¶¶ 11(f) and (i), 1(t); *see* Notice of Settlement, Ex. 1.)[2]

- 14 days after mailing Notice of Settlement, Email Notice sent.  (5/2018 Settlement Agmt. ¶ 11 (g), Filing No. 832–1; *see* Email Notice, Filing No. 824–20.)

- 10 days after Notice Period,[3] submit Final Approval briefing to Court.  (5/2018 Settlement Agmt. ¶ 14(b), Filing No. 832–1.)

---

[1] Plaintiffs include the major deadlines here.  Additional deadlines can be found in the Settlement Agreement.

[2] The Notice of Settlement was revised, solely to lower the attorneys' fees amount from $7,015,000.00 to $7,014,250.00, to account for $750 requested in additional service payments.  (Notice of Settlement, Ex. 1.)  This is explained in Plaintiffs' Second Supplemental Memorandum in Support of Preliminary Approval of Settlement, Filing No. 832.

- Final Approval hearing requested for approximately 104 days from Court granting permission to mail Notice of Settlement.[4]

- Within 14 days of Effective Date for Final Approval, Settlement Checks mailed to all Class Members who do not request exclusion. (*Id.* ¶¶ 1(m), 15(a).)

- 90-day check expiration period from date of Settlement Check issuance. (*Id.* ¶¶ 15(b), (d).)

- 145 days after initial Settlement Checks issued, reallocation of uncashed Settlement Checks to be sent to Participating Class Members. (*Id.* ¶ 15(f).)

- 44 days after expiration of reallocated Settlement Checks, uncashed funds donated to *cy pres* beneficiary. (*Id.* ¶ 15(g).)

Upon Preliminary Approval, and throughout the remainder of the case, Class Counsel will provide settlement details, and information on how Class Members can update their contact information, on a Settlement Webpage and on Class Counsel's Webpage. (Pls.' Resp. to Order to Show Cause 11–12, Filing No. 824, at CM/ECF p. 13–14.)

As the Court is aware, the settlement has been modified several times to satisfy the Court that it is meeting its duty of ensuring the settlement is fair and that Class Members are receiving

---

[3] The 60-day Notice Period is extended by 20 days for those whose Notice of Settlement is returned as undeliverable, thus adding 20 days to the Notice Period. (5/2018 Settlement Agmt. 1(t), Filing No. 832–1.) As a result, Plaintiffs will file their Final Approval motion 90 days after the Notice of Settlement mailing (60 days + 20 days (extended for returned mail) + 10 days to submit final approval motion = 90 days).

[4] Plaintiffs previously proposed setting this hearing for approximately 145 days after Preliminary Approval Order. In light of incorporating time for the Court to assess the adequacy of the Settlement Postcard and grant permission to mail the Notice of Settlement, Plaintiffs propose the Court set the final hearing for approximately 104 days after the Court grants permission to mail the Notice of Settlement. This would result in a hearing approximately 7 days after the Final Approval motion submission (7 days to send Notice of Settlement + 60 day Notice Period + 20 days extra for Notice Period for remailings + 10 days to file Final Approval + 7 days for Court review of Final Approval Briefing = 104 days). Plaintiffs will make this request to set the Final Approval Hearing when submitting the results of the Settlement Postcard mailing to the Court.

the best practicable notice.  (*See, e.g.*, Pls.' Mem. in Support of Prelim. Approval of Settlement, Filing No. 815; Pls.' Am. Mem. in Support of Prelim. Approval, Filing No. 818; Pls.' Supp. Mem. in Support of Prelim. Approval of Settlement, Filing No. 821; Pls.' Response to Show Cause Order, Filing No. 824; Pls.' 2d Suppl. Mem. in Support of Prelim. Approval of Settlement, Filing No. 832.)  In that briefing, Plaintiffs detailed their efforts at ensuring Class Member contact information is up to date, and described how the parties added several forms of notice to ensure Class Members receive the best practicable notice.  With these revisions and this additional information, the Court should have the information necessary to satisfy it that the notice process should be approved.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court grant this motion and permit notice to occur under the process proposed.

Dated: May 21, 2018

**STUEVE SIEGEL HANSON LLP**
*/s/George A. Hanson*
George A. Hanson, KS Bar No. 16805
Email: hanson@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100

**NICHOLS KASTER, PLLP**
/s/ *Michele R. Fisher*
Michele R. Fisher*
Email: fisher@nka.com
Paul J. Lukas*
Email: lukas@nka.com
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel: 612-256-3200
 (*Admitted *Pro Hac Vice*)

*Attorneys for the Class*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification to the following attorneys of record:

Gregory T. Wolf  
SNR Denton US LLP  
4520 Main Street, Suite 1100  
Kansas City, MO 64111  
gregory.wolf@snrdenton.com  

Michael Blumenthal  
Seyferth, Blumenthal & Harris, LLC  
Michael L. Blumenthal, KS Bar No. 18582  
300 Wyandotte Street, Suite 430  
Kansas City, MO 64105  

Elise M. Bloom  
Steven D. Hurd  
Mark W. Batten  
Nicole A. Eichberger  
Proskauer Rose LLP  
Eleven Times Square  
New York, New York 10036–8299  
ebloom@proskauer.com  
shurd@proskauer.com  
mbatten@proskauer.com  
neichberger@proskauer.com  

Dated: May 21, 2018

                                                     */s/George A. Hanson*  
                                                    Attorney for the Class