**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **ROXIE SIBLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 08-2063-KHV** |
| **SPRINT NEXTEL CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

On May 9, 2018, the Court sustained in part Plaintiffs' Amended Motion For Preliminary Approval Of Settlement (Doc. #817) filed March 7, 2018. Memorandum And Order (Doc. #829) at 20. In addition, the Court ordered as follows:

> **[O]n or before Monday, May 21, 2018**, the parties shall file (1) a motion for preliminary approval of a revised settlement; (2) a motion for approval of the proposed class notice; (3) a motion to join additional class representatives to represent class members who were correctly paid or overpaid, class members who only worked in Period 65 and class members who had insufficient data to calculate underpayment and (4) a joint proposed amendment to the pretrial order which sets forth these new claims.

Id. at 20-21. On May 21, 2018, plaintiffs filed Plaintiffs' Second Supplemental Motion For Preliminary Approval Of Settlement (Doc. #831) and Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833). Plaintiffs appointed three additional class representatives to represent (1) class members who were correctly paid or overpaid, (2) class members who only worked in Period 65 and (3) class members who had insufficient data to calculate underpayment. Plaintiffs' Second Supplemental Memorandum In Support Of Preliminary Approval Of Settlement (Doc. #832) filed May 21, 2018 at 3-4. The parties however, did not submit a joint proposed amendment to the pretrial order setting forth the claims of these groups of class members. The Court

has reviewed these filings and orders as follows.

**I.     Subclasses**

**A.**     The proposed settlement agreement and notice of settlement do not establish whether the parties intended to create subclasses or merely appoint class representatives to represent the interests of the aforementioned groups of class members.  To better align the interests of class members and named class representatives, the Court orders the parties to create subclasses of (1) class members who were correctly paid or overpaid, (2) class members who only worked in Period 65 and (3) class members who had insufficient data to calculate underpayment.

**B.**     The parties must define each subclass and allege how it meets the certification requirements of Rule 23.  Fed. R. Civ. P. 23(c)(5) ("a class may be divided into subclasses that are each treated as a class under this rule."); 3 Newberg on Class Actions § 7:31 (5th ed. 2017).

**C.**     The parties shall submit a joint proposed amendment to the pretrial order which sets forth the claims of the subclasses.

**D.**     The parties shall revise the notice of settlement and settlement agreement to include subclass definitions and identify the named class representative for each subclass.

**II.    Proposed Notice Plan**

Plaintiffs assert that the revised settlement agreement resolves issues with the settlement notice process.  Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833) at 2; Memorandum And Order (Doc. #829) at 8 n.2.  In particular, the revised settlement agreement requires that class counsel issue a proposed national press release after preliminary approval and provides that the parties cannot mail notices of settlement until the Court approves the results of the postcard mailing.  Settlement Agreement (Doc. #835) filed May 22, 2018,

¶¶ 11.d, 11.f.

Rule 23(e)(1), Fed. R. Civ. P., requires that "the [C]ourt direct notice in a reasonable manner to all class members who would be bound by the [settlement]." Because Rule 23(e) does not provide specific guidance with respect to the content of notices of settlements, the Court must determine whether the proposed notices fairly apprise class members of the material settlement terms and their options. See In re Integra Realty Res., Inc., 262 F.3d 1089, 1111 (10th Cir. 2005). In general, notices of settlement should provide plain-language descriptions of the following: (1) the definition of the class and any subclasses; (2) how to opt out or object to the settlement and relevant deadlines; (3) material terms of the settlement, including the total settlement amount, how the parties calculated class member allocations, the recipient's estimated allocation, attorneys' fees and service awards; (4) the time and place of the final settlement approval hearing; and (5) the contact information of class counsel. See Manual For Complex Litigation (Fourth) § 21.312 (2004).

The notice of settlement does not state that correctly paid or overpaid class members will not receive a settlement allocation. Settlement Agreement (Doc. #835) at 40. The Court orders the parties to revise the notice of settlement to include an explanation that class members who were correctly paid or overpaid will not receive a settlement allocation.

**III.   Order (Doc. #830)**

On May 21, 2018, the Court entered an order which lifted limitations originally imposed upon the Technical Advisor, Dr. Chen Song, and her partners to avoid potential conflicts of interest. Order (Doc. #830). The Court entered this order in error. The Technical Advisor has not taken any action in reliance of the order. Accordingly, the Court vacates its earlier order.

The Court orders the parties to show cause why it should not enter an order which lifts limitations imposed upon the Technical Advisor and her partners in the Appointment Of Neutral

Technical Advisor (Doc. #559) filed October 1, 2014 at 6-8. If the Court lifts such limitations, the Technical Advisor would be precluded from participating in future settlement proceedings or if the Court or parties reject the settlement agreement, future proceedings and trial.

**IT IS THEREFORE ORDERED** that **on or before Monday, June 11, 2018**, the parties shall file (1) a motion to certify subclasses which alleges how each subclass meets the certification requirements of Rule 23, Fed. R. Civ. P., and defines each subclass; (2) a joint proposed amendment to the pretrial order which sets forth the claims of the subclasses; (3) a revised settlement agreement which defines the subclasses and identifies the class representatives for each subclass; and (4) a revised notice of settlement which defines the subclasses, identifies the named class representative for each subclass and includes an explanation that class members who were correctly paid or overpaid will not receive a settlement allocation.

**IT IS FURTHER ORDERED** that Order (Doc. #830) filed May 21, 2018 is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall show cause why the Court should not enter an order which lifts limitations imposed upon the Technical Advisor and her partners in the Appointment Of Neutral Technical Advisor (Doc. #559) filed October 1, 2014 at 6-8. The parties shall respond **on or before Monday, June 11, 2018**.

Dated this 4th day of June, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge