**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| **ROXIE SIBLEY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 08-2063-KHV** |
| **SPRINT NEXTEL CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833) filed May 21, 2018; Plaintiffs' Motion For Certification Of Settlement Subclasses (Doc. #839) filed June 18, 2018; and The Parties' Joint Proposed Amendment To The Pretrial Order (Doc. #841) filed June 18, 2018. Plaintiffs' unopposed motions seek approval of the proposed settlement notice process and certification of settlement subclasses comprised of (1) class members who were correctly paid or overpaid, (2) class members who only worked in Period 65 and (3) class members who had insufficient data to calculate underpayment. The parties also provide a joint amendment to the pretrial order which defines these subclasses. For reasons below, the Court sustains plaintiffs' motion for certification and joint proposed amendment to the pretrial order and sustains plaintiffs' motion for approval of proposed settlement notice process in part.

**Procedural Background**

On May 9, 2018, the Court sustained in part plaintiffs' motion for preliminary approval of

the settlement.[1]  Memorandum And Order (Doc. #829).  The Court withheld preliminary approval because the parties had not demonstrated that they deemed the settlement fair and reasonable.  Id. at 9-17.  The Court did not address the adequacy of plaintiffs' proposed settlement notice plan or set a final settlement hearing date.  The Court directed the parties as follows:

> [O]n or before Monday, May 21, 2018, the parties shall file (1) a motion for preliminary approval of a revised settlement; (2) a motion for approval of the proposed class notice; (3) a motion to join additional class representatives to represent class members who were correctly paid or overpaid, class members who only worked in Period 65 and class members who had insufficient data to calculate underpayment and (4) a joint proposed amendment to the pretrial order which sets forth these new claims.

Id. at 20-21 (emphasis omitted).

On May 21, 2018, plaintiffs filed the pending motion for approval of the proposed notice plan and appointed three additional class representatives – one for each of the aforementioned groups.  Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833); Plaintiffs' Second Supplemental Memorandum In Support Of Preliminary Approval Of Settlement (Doc. #832) filed May 21, 2018 at 3-4.  Plaintiffs did not file a joint proposed amendment to the pretrial order as the Court directed or clarify whether they intended to create subclasses or merely appoint class representatives to represent the interests of some class members.

On June 4, 2018, the court ordered the parties to create subclasses comprised of class members who were correctly paid or overpaid, class members who only worked in Period 65 and class members who had insufficient data to calculate underpayment and revise the settlement agreement and notice of settlement accordingly.  Memorandum And Order And Order To Show

---

[1]  Memorandum And Order (Doc. #829), which the Court incorporates herein by reference, sets forth the procedural background and terms of the parties' proposed settlement agreement in detail.  Id. at 1-9.

Cause (Doc. #836) at 2-3.  On June 18, 2018, the parties filed a motion to certify settlement subclasses, a revised settlement agreement, a revised notice of settlement and a joint proposed amendment to the pretrial order.  Plaintiffs' Motion For Certification Of Settlement Subclasses (Doc. #839); Settlement Agreement in Declaration Of Michele Fisher In Support Of Motion For Certification Of Settlement Subclasses (Doc. #840-1) at 4-53; Joint Proposed Amendment To The Pretrial Order (Doc. #841).

## Analysis

Plaintiffs seek certification of the following three settlement subclasses:

**Settlement Subclass – Correctly Paid or Overpaid:** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, were correctly paid or overpaid and is comprised of 4,482 Class Members.  The Settlement Subclass representative for this group is Henry Goins.

**Settlement Subclass – Worked Only in Period 65 (August 2005):** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, only worked in Period 65 (August 2005) and is comprised of 274 Class Members.  The Settlement Subclass Representative for this group is Clayton Johnson.

**Settlement Subclass – Insufficient Data:** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, had insufficient data to calculate an underpayment and is comprised of 2,787 Class Members.  The Settlement Subclass Representative for this group is Anthony Scarpelli.

Joint Proposed Amendment To The Pretrial Order (Doc. #841) at 2; see also Declaration Of Michele R. Fisher In Support Of Second Supplemental Motion For Preliminary Approval Of Settlement (Doc. #832-1) filed May 21, 2018, Ex. 2 (identifying class members in each subclass). In addition, plaintiffs seek approval of the joint proposed amendment to the pretrial order and the proposed settlement notice plan.

**I.     Subclass Certification**

Class certification is committed to the broad discretion of the trial court.  See Anderson v. City of Albuquerque, 690 F.2d 796, 7999 (10th Cir. 1982).  In determining the propriety of a class action, the question is not whether plaintiffs have stated a cause of action or will prevail on the merits, but whether they meet the requirements of Rule 23, Fed. R. Civ. P.  See Shook v. El Paso Cnty., 386 F.3d 963, 971 (10th Cir. 2004).  The Court must conduct a "rigorous analysis" to ensure that Rule 23 requirements are met but should not pass judgment on the merits of the case.  DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010).

Before final judgment, the Court may alter or amend its certification order under Rule 23(c)(1)(C).  Fed. R. Civ. P. 23(c)(1)(C) ("order that grants . . . class certification may be altered or amended before final judgment"); see Gen. Tele. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982) (certification orders "inherently tentative"); Garcia v. Tyson Foods, Inc.. 890 F. Supp. 2d 1273, 1297 (D. Kan. 2012), aff'd, 770 F.3d 1300 (10th Cir. 2014).  Like the initial certification decision, courts retain considerable discretion to decide whether to alter or amend a class certification order.  DG, 594 F.3d at 1201; see Garcia, 890 F. Supp. 2d at 1297.

As the party seeking subclass certification, plaintiffs have the burden of proof.  Shook, 386 F.3d at 968; D. Kan. Rule 23.1(d) (in class actions, movant bears burden of "showing that the action is properly maintainable as such").  To alter the certification order, plaintiffs must show that (1) the prerequisites of Rule 23(a), Fed. R. Civ. P., are satisfied, (2) the proposed subclasses fit within one of the categories described in Rule 23(b), Fed. R. Civ. P., and (3) that class counsel meet the requirements of Rule 23(g).  Fed. R. Civ. P. 23(c)(5) ("subclasses . . . treated as a class under this rule").

### A. Rule 23(a) Requirements

Rule 23(a) requires that (1) "the class is so numerous that joinder of all members is impracticable," (2) questions of law or fact are common to the subclass, (3) the claims of the representative parties are typical of the claims of the subclass and (4) the representative parties will fairly and adequately protect the interests of the subclass. Fed. R. Civ. P. 23(a). Plaintiffs assert that each settlement subclass meets the foregoing requirements.

#### 1. Numerosity

The Court has no set formula for determining whether a class meets the numerosity requirement of Rule 23(a)(1), Fed. R. Civ. P. Rex v. Owens ex rel. Okla., 585 F.2d 432, 436 (10th Cir. 1978). The proposed settlement subclasses have 4,492 (correctly paid or overpaid), 274 (Period 65) and 2,787 (insufficient data) class members. Each subclass is too large for joinder to be practicable and thus, meets the numerosity requirement. See Olenhouse v. Commodity Credit Corp., 136 F.R.D. 672, 679 (D. Kan. 1991) (class of 50 meets numerosity requirement).

#### 2. Commonality

To establish commonality, plaintiffs must show that the members of each subclass suffered the same injury which derived from a common class-wide contention. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011); see J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1288 (10th Cir. 1999) (commonality requires only single issue common to class). Plaintiffs assert that all class members "share the same complaint: that Sprint's commissions system did not pay accurate commissions." Plaintiffs' Memorandum In Support Of Motion For Certification Of Settlement Subclasses (Doc. #840) filed June 18, 2018 at 12. Each subclass asserts this general claim based on common data – i.e. they seek relief based on expert calculations which show that they were correctly paid or overpaid, worked only in Period 65 or have insufficient data for calculation. Thus, because

the subclasses present a more narrow version of the class-wide contention, each subclass meets the requirements of Rule 24(a)(2), Fed. R. Civ. P.

### 3. Typicality

The typicality element requires that subclass representatives possess the same interests and suffer the same injuries as subclass members. Falcon, 457 U.S. at 156. According to the expert calculation, each subclass representative suffered the same injury as subclass members. Under the pending settlement agreement, subclass representatives will receive the same recovery as subclass members. Thus, the interests of the subclass representatives and subclass members align. The Court finds that the subclasses meet the requirements of Rule 23(a)(3), Fed. R. Civ. P.

### 4. Fair And Adequate Representation

Rule 23(a)(4), Fed. R. Civ. P., requires that subclass representatives fairly and adequately protect the interests of the subclass. To meet this requirement, the subclass representatives must be members of the subclass they seek to represent, have interests which do not conflict with those of subclass members and prosecute the action vigorously on behalf of the subclass. E. Tex. Motor Freight Sys., Inc., v. Rodriquez, 431 U.S. 395, 403 (1977); Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187-88 (10th Cir. 2002). The adequacy requirement also implicates the competency of class counsel. See Falcon, 457 U.S. at 157-58 n.13.

The Court ordered appointment of new class representatives to represent the distinct settlement interests of subclass members. Memorandum And Order (Doc. #829) at 16-17. For reasons stated above – i.e. that each subclass representative is a subclass member and will be treated the same under the proposed settlement agreement – the subclass representatives adequately represent the interests of their respective subclasses. Further, as shown below, infra Section I.C, class counsel adequately represent the interests of the subclasses.

B.    Rule 23(b) Requirements

The subclasses must also satisfy the requirements of one subsection of Rule 23(b). Plaintiffs proceed under Rule 23(b)(3). Under this provision, plaintiffs must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining predominance and superiority under Rule 23(b)(3), the Court considers the following:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Id. In deciding whether to certify a settlement subclass, the Court need not inquire whether the case would present difficult management problems under Rule 23(b)(3)(D), if tried. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997). All of the other requirements apply, however, and demand heightened attention in the settlement context. Id. Such scrutiny is vital because in the settlement context, the Court generally lacks an opportunity to adjust the class as it becomes informed by the proceedings as they unfold. Id.

In its certification order, the Court found that the class, as a whole, met the predominance and superiority requirements. Memorandum And Order (Doc. #99) filed November 24, 2008 at 18-22. The proposed subclasses do not disturb the Court's original determination because the subclasses merely identify and provide representation for class members who will be treated the

-7-

same under the proposed settlement agreement. Further, the three relevant factors above weigh in favor of subclassification. The Court is not aware of any other pending litigation concerning this controversy or subclass members. The District of Kansas remains the proper forum due to the Court's familiarity with the underlying litigation and the proposed settlement agreement. In addition, subclassification will aid administration of the proposed settlement by assuring adequate representation of all class members. Thus, for reasons stated above and in plaintiffs' motion, the Court finds that the settlement subclasses meet the requirements of Rule 23(b)(3). Plaintiffs' Memorandum In Support (Doc. #840) at 15-16.

### C. Rule 23(g) Requirements And Adequacy Of Counsel

When certifying a subclass, the Court must appoint qualified class counsel pursuant to Rule 23(g), Fed. R. Civ. P. In appointing counsel, the Court must consider counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, (3) knowledge of the applicable law and (4) resources. Fed. R. Civ. P. 23(g)(1)(A). In its certification order, the Court held that Nichols Kaster, PLLP and Stueve Siegel Hanson LLP satisfy these criteria. Memorandum And Order (Doc. #99) at 22. Counsel remain qualified to represent the subclasses.

Notably, the settlement subclasses do not require independent counsel. District courts have broad discretion in creating subclasses to combat potential conflicts of interest. Diaz v. Romer, 961 F.2d 1508, 1511 (10th Cir. 1992). A "fundamental" intra-class conflict of interest requires subclassification and separate counsel for each subclass. Ortiz v. Fibreboard Corp., 527 U.S. 814, 856 (1999); 3 Newberg on Class Actions § 7:31 (5th ed. 2018). Of course, classes can have conflicts which are not fundamental and thus, do not require separate counsel. In re Target Corp. Data Sec. Breach Litig., --- F.3d ---, Nos. 15-3909, 14-2912, 16-1203, 16-1254, 16-1408, 2018 WL 2945973,

at *2-4 (8th Cir. June 13, 2018); Dewey v. Volkswagen Aktiengesellschaft, 681 F.3d 170, 184 (3d Cir. 2012) ("not all intra-class conflicts will defeat the adequacy requirement"); Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski, 678 F.3d 640, 646-48 (8th Cir. 2012) ("district court . . . ensure[d] fair and adequate representation for the entire class by means other than appointing separate counsel for each subclass").

The Court ordered appointment of new class representatives and subclassification "to better align the interests of class members and named class representatives" and assure a fair and reasonable settlement. Memorandum And Order And Order To Show Cause (Doc. #836) at 2; see Memorandum And Order (Doc. #829) at 15-16 n.4 (adequate class representation needed to determine whether parties deem settlement fair and reasonable). Under the proposed settlement agreement, certain class members have conflicting interests because they would split a fixed common settlement fund. Id. at 17. This conflict, however, is not "fundamental." Multiple circuits have found that similar situations – wherein class members have distinct interests due to a disparity in recovery under a settlement agreement – do not create "fundamental" conflicts. See In re Target Corp., 2018 WL 2945973, at *2-4; Charron v. Wiener, 731 F.3d 241, 254 (2d Cir. 2013) (differences in recovery reflects perceived merits of class members' cases); In re Pet Food Prod. Liab. Litig., 629 F.3d 333, 346 (3d Cir. 2010) ("differences in settlement value do not, without more, demonstrate conflicting or antagonistic interests"); In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 272-73 (3d Cir. 2009) (differences in recovery reflect extent of injuries); Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 282 (7th Cir. 2002) (expense of subdividing class not justified by disparity in recovery); Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1146 (8th Cir. 1999) (no need to subdivide when some class members recover more than others). For example, in In re Target, subclasses with conflicting financial interests split a fixed settlement fund. 2018 WL 2945973, at *1. The Eighth

Circuit held that these subclasses – including class members who did not receive any damages – did not require separate counsel because their interests did not fundamentally conflict. 2018 WL 2945973, at *1-4 (holding class members' incentive to maximize recovery at the expense of others not fundamental conflict). Because the potential conflict in this case stems solely from a disparity in settlement recovery, no "fundamental" conflict of interest exists. Thus, the subclasses do not require separate counsel.

Further, class counsel have consistently demonstrated their impartiality and commitment to reaching a settlement agreement that provides reasonable compensation for all class members. For example, counsel voluntarily increased the settlement allocations for members of the insufficient data subclass from $25 to $541.73. Compare Supplemental Memorandum In Support Of Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #821) filed March 16, 2018 at 5, with Plaintiffs' Response To Order To Show Cause (Doc. #824) filed April 16, 2018 at 7. Appointment of new counsel for each subclass would delay recovery and incur higher costs, which the class would bear. Such delay and additional costs outweigh any marginal benefit of appointing independent class counsel for each subclass. Thus, the Court appoints Nichols Kaster, PLLP and Stueve Siegel Hanson LLP to represent the subclasses.

**II.    Joint Proposed Pretrial Order Amendment**

In light of the foregoing, the Court sustains The Parties' Joint Proposed Amendment To The Pretrial Order (Doc. #841).

**III.   Notice**

Plaintiffs also seek approval of their proposed settlement notice process. Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833). With respect to a proposed class settlement, Rule 23(e)(1), Fed. R. Civ. P., requires that "the [C]ourt direct notice in a

reasonable manner to all class members who would be bound by the [settlement]." Under Rule 23(e), courts retain discretion over the content and form of notice. Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993). Rule 23(e) notice should "'fairly apprise' class members of the terms of the proposed settlement and of their options." In addition to Rule 23(e), the proposed notice must meet the requirements of due process. U.S. Const. amend. V; Dejulius v. New England Health Care Emps. Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005). To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see In re Integra Realty Res., Inc, 262 F.3d 1089, 1110-11 (10th Cir. 2001) (due process satisfied when 77 per cent of class received notice of settlement).

Further, because the Court certified settlement subclasses under Rule 23(b)(3), the notices of settlement must also meet the requirements of Rule 23(c)(2)(B), Fed. R. Civ. P., which provides as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and

-11-

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); see 2 McLaughlin On Class Actions § 6:19 (14th ed. 2017) (certification notice and notices of settlement commonly combined).  Compared to Rule 23(e), Rule 23(c)(2)(B) imposes higher and more specific notice standards.  Gottlieb, 11 F.3d at 1012-13 (10th Cir. 1993). The legal standards for satisfying Rule 23(c)(2)(B) and due process "are coextensive and substantially similar." DeJulius, 429 F.3d at 944.

The proposed notice plan largely relies on notices sent through the mail (postcards and notices of settlement) because class counsel have confirmed addresses for all but 47 of 34,909 class members.  Memorandum And Order (Doc. #829) at 7.  Before the administrator sends notices of settlement, class members will have an opportunity to confirm and update their contact information. Settlement Agreement (Doc. #840-1), ¶¶ 11.b, 11.d-.e.  In particular, a national press release and notice postcards will prompt class members to confirm their contact information on the settlement website.  Id.  After class members receive notice postcards, the Court will receive the postcard mailing report and have a final opportunity to review the adequacy of the class members' address data.  Id., ¶¶ 11.e, 11.f; Memorandum And Order (Doc. #829) at 8 (report summarizing number of class members updated contact information, postcards returned undeliverable and other relevant data).  When the Court approves this report, the administrator will send notices of settlement by first-class mail.  Id., ¶ 11.f.  If a notice of settlement is returned undeliverable or with a forwarding address, the administrator will send it to the forwarding address or attempt to locate the correct address of the class member and re-send it.  Id., ¶ 11.i.  The proposed notice plan places all reasonably identifiable class members on notice because each class member should have an opportunity to confirm his or her current address and then receive an individual notice of settlement through first-class mail.  3 Newberg on Class Actions § 8:28 (5th ed. 2017) (first-class mail "ideal"

individual notice). Further, the parties will supplement the individual notices with a national press release after preliminary approval and e-mail notice after the administrator sends the notices of settlement. Settlement Agreement (Doc. #840-1), ¶¶ 11.d. 11.g.

Rule 23(e) does not provide specific guidance regarding the content of notices, leaving it to the discretion of the Court. See In re Integra Realty, 262 F.3d at 1111. Rule 23(c)(2)(B), on the other hand, requires that notices include specific content. Fed. R. Civ. P. 23(c)(2)(B). As noted, notice must include clear and concise plain-language explanations of the following: (1) the nature of the action; (2) the definition of the class or subclasses certified; (3) the claims, issues or defenses of the class; (4) the ability to appear through an attorney if a class member so desires; (5) the ability to request exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members. Id. The proposed notice of settlement falls short. Despite the Court ordering its inclusion, the notice does not clearly define the certified settlement subclasses. Memorandum And Order And Order To Show Cause (Doc. #836), ¶ I.D (ordering parties to include subclass definitions in notice of settlement). Because the requirements of Rule 23(c)(2)(B) are mandatory, the Court cannot must withhold approval of the proposed notice of settlement in light of this omission. Fed. R. Civ. P. 23(c)(2)(B). Further, the notice of settlement should allow class members to more easily ascertain if they are a member of a subclass. Accordingly, the Court sustains in part Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833). **On or before Wednesday, July 11, 2018, plaintiffs shall submit a revised notice of settlement which meets the requirements set forth in Rule 23(c)(2)(B).**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Certification Of Settlement Subclasses (Doc. #839) filed June 18, 2018 is **SUSTAINED.** The Court amends its Memorandum And Order (Doc. #99) filed November 24, 2008 pursuant to Rule 23(c)(1)(C), Fed. R. Civ. P., to add

the following settlement subclasses:

> **Settlement Subclass – Correctly Paid or Overpaid:** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, were correctly paid or overpaid and is comprised of 4,482 Class Members. The Settlement Subclass representative for this group is Henry Goins.
>
> **Settlement Subclass – Worked Only in Period 65 (August 2005):** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, only worked in Period 65 (August 2005) and is comprised of 274 Class Members. The Settlement Subclass Representative for this group is Clayton Johnson.
>
> **Settlement Subclass – Insufficient Data:** This Settlement Subclass is comprised of Settlement Class Members who, according to the Class Expert calculations, had insufficient data to calculate an underpayment and is comprised of 2,787 Class Members. The Settlement Subclass Representative for this group is Anthony Scarpelli.

**IT IS FURTHER ORDERED** that The Parties' Joint Proposed Amendment To The Pretrial Order (Doc. #841) filed June 18, 2018 is **SUSTAINED**. The Pretrial Order (Doc. #436) filed March 14, 2013 is amended to include the settlement subclasses defined above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833) filed May 21, 2018 is **SUSTAINED in part**. **On or before Wednesday, July 11, 2018, plaintiffs shall submit a revised notice of settlement which meets the requirements set forth in Rule 23(c)(2)(B), Fed. R. Civ. P.**

Dated this 27th day of June, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
