# EXHIBIT A

**UNITED STATES DISTRICT COURT DISTRICT OF KANSAS**

**Notice of Settlement**

You are receiving this notice because you have been identified as someone included in the Settlement Class for a class action lawsuit. That case is entitled *Sibley et al. v. Sprint Nextel Corp., et al.*, Case No. 08-CV-2063-KHV (District of Kansas) and was filed in February 2008. The lawsuit alleges that because of problems with Sprint's commissions system, Sprint did not pay all of the commissions due to former or current retail employees. You should have received notice of this lawsuit in 2009 and/or 2014.

The Settlement Class includes: All persons nationwide who did not opt out of the Class Litigation and worked in Sprint's retail stores during the Class Period of August 12, 2005 through September 30, 2009, including Retail Store District Managers, Retail Store Managers, Assistant Retail Store Managers, Lead Retail Consultants, Retail Consultants, Retail Sales Representatives, and other retail employees (all of whom held at least one of the job titles set forth in Exhibit A to the Expert Stipulation entered at Docket No. 357-1 in the Class Litigation) and whose compensation was based in full or in part on commissions.

The settlement also provides for the following Settlement Subclasses of the Settlement Class: those Settlement Class Members who, according to the Class Expert calculations, were (1) correctly paid or overpaid (4,482 Class Members); (2) only worked in Period 65 (August 2005) (274 Class Members); or (3) had insufficient data to calculate an underpayment (2,787 Class Members).

Sprint denies the claims, that the Settlement Class was net underpaid commissions under the terms of the commission contracts and that the Settlement Class is entitled to relief. However, the parties believe that the proposed settlement is a fair and reasonable resolution in light of the risk and expense of continued litigation. The settlement provides that Sprint will pay $30,500,000.00 to settle this case (the "Total Settlement Amount"). This proposed settlement has received *preliminary* approval from the Court and will resolve all claims of the Settlement Class Members who do not request exclusion from the settlement.

If you do not request exclusion from this case, you will receive your share of the Net Settlement Fund through a settlement payment in the pre-tax amount of at least [$**XXXXXXX**]. Your actual payment (if allocated more than $0) will depend on how many members of the Settlement Class participate in the settlement, but will at least be this minimum. As detailed below, you will receive that payment only after the Court grants final approval of the settlement, and if you timely cash your payment, you may also receive a second payment of your *pro rata* share of any remaining uncashed, unapproved, or unused settlement funds.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT AND YOU HAVE A <u>CHOICE</u> TO MAKE NOW. PLEASE REVIEW THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Do nothing.* | • You will release any and all claims for unpaid commissions due under state (including but not limited to the Kansas Wage Payment Act), federal, or common law (including but not limited to breach of contract) that you have, or may have brought, against Sprint and the Released Parties as defined in the Settlement Agreement from August 12, 2005 through September 30, 2009. | *Not applicable.* |
| *Exclude yourself by making a written exclusion request.* | • You can elect to opt-out of the lawsuit and retain your right to sue Sprint.<br>• To exclude yourself, you **must** submit a signed exclusion request. If you exclude yourself, you will not receive a settlement check. | *The exclusion request must be sent to the Claims Administrator no later than [DATE].* |

| | | |
|---|---|---|
| *Submit an objection.* | • If you do not exclude yourself, you can remain in the lawsuit and still write to the Court explaining why you object or disagree with the settlement.<br>• You will release any and all claims for unpaid commissions due under state (including but not limited to the Kansas Wage Payment Act), federal, or common law (including but not limited to breach of contract) that you have, or may have brought, against Sprint and the Released Parties as defined in the Settlement Agreement from August 12, 2005 through September 30, 2009. | *The objection must be sent to the Claims Administrator no later than [DATE].*<br><br>*If you exclude yourself from the settlement, you cannot object to the settlement.* |
| *Appear at the hearing* | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [DATE]. This date may change without further notice* |

### 1. WHY DID I GET THIS NOTICE?

The Court directed this Notice be sent to you because Sprint's records show you worked in Sprint's retail stores during the Class Period of August 12, 2005 through September 30, 2009, as a Retail Store District Manager, Retail Store Manager, Assistant Retail Store Manager, Lead Retail Consultant, Retail Consultant, Retail Sales Representative, or other retail employees (in at least one of the job titles set forth in Exhibit A to the Expert Stipulation entered at Docket No. 357-1 in the Class Litigation) and whose compensation was based in full or in part on commissions.

### 2. WHAT ARE THE SETTLEMENT BENEFITS AND HOW WERE THE ALLOCATIONS DETERMINED?

Sprint agreed to pay a "Total Settlement Amount" of $30,500,000.00. Deducted from the Total Settlement Amount will be sums, to be approved by the Court, for Class Counsel's fees of $7,014,250.00 and costs of $6,573,147.16. Additional deductions from the Total Settlement Amount will be made in the amount of $178,723.00 for settlement administration, $60,000.00 for a reserve fund for the class, $90,000.00 for the nine class representatives as service payments ($10,000.00 each), $33,000.00 for the eleven Settlement Class members who prepared to testify at trial ($3,000.00 each), and $750.00 for three additional class representatives ($250.00 each). Thus, the Net Settlement Fund available for initial allocations to the Settlement Class is $16,550,129.84.

The allocations will be based off of the damages calculations performed by the Class Expert using Sprint's data. The Class Expert's damages calculation results for each Settlement Class Member, and whether they fall within a Settlement Subclass, can be found in the 5/2018 *Sibley* Settlement Allocations (Ex. 2) filed with the Court on May 21, 2018 at Docket No. 832–1. If the Class Expert calculated a Settlement Class Member was overall correctly paid or overpaid, then the Settlement Class Member is allocated $0. If the Class Expert determined a Settlement Class Member only worked during August 2005 (Period 65) then the Settlement Class Member is allocated $25. If the Class Expert determined a Settlement Class Member had insufficient data to calculate commissions, then the Settlement Class Member is allocated in the range of $541.73, which is the average settlement allocation for those Settlement Class Members receiving an allocation. All other Settlement Class Members are allocated their *pro rata* share of the Net Settlement Fund, using the Class Expert's damages calculations, with such allocations made after allocations for Settlement Class Members with insufficient data and the Settlement Class Members who only worked during August 2005 (Period 65). The minimum allocation for Settlement Class Members allocated settlement funds pursuant to this allocation plan will be $25.

Based on your commissions data, your settlement share, after attorneys' fees, costs, Settlement Class Member service payments, settlement administration, and the reserve fund, is a pre-tax minimum of **[XXX].**

Actual payments may increase for those Settlement Class Members allocated more than $0 depending on how many members of the Settlement Class participate in the settlement by cashing their payment. Any uncashed, unused, or unapproved funds will be redistributed on a *pro rata* basis to members of the Settlement Class who timely cash their payment.

Payments to the Settlement Class will be reported as 50% W-2 wage earnings and 50% liquidated damages, penalties, and/or interest, and reported on an IRS Form 1099. Each member of the Settlement Class will be responsible for the payment of any personal taxes owing on their amounts received.

### 3. WHO ARE THE CLASS REPRESENTATIVES?

The original nine (9) Class Representatives are Roxie Sibley, Jeanne Noel, Ernesto Bennett, Jamie Williams, Greg St. Julien, Tracie Mincks (formerly "Hernandez"), John Jasinski, Jay Richie and Teisha King. The Class Representatives for the Settlement Subclasses of Settlement Class Members (1) who were correctly paid over overpaid is Henry Goins, (2) who only worked in Period 65 (August 2005) is Clayton Johnson, and (3) who had insufficient data to calculate an underpayment is Anthony Scarpelli.

### 4. WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you will receive a settlement check if allocated more than $0, and will receive no settlement check if allocated $0. In both cases, you will release any and all claims for unpaid commissions due under state (including but not limited to the Kansas Wage Payment Act), federal, or common law (including but not limited to breach of contract), you have, or may have brought, against Sprint and/or Sprint's past, present and future subsidiaries and affiliates and their past, present and future owners, partners, predecessor companies, members, managers, legal representatives, employees, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, re-insurers, successors and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity (the "Released Parties), from August 12, 2005 through September 30, 2009.

Within approximately 45 days of the Court's order granting final approval of the settlement, the Claims Administrator will mail the settlement funds to the members of the Settlement Class who did not request exclusion. Shortly after the 90-day period for cashing those checks expires, the Settlement Administrator will send additional settlement checks based on a reallocation of any uncashed, unused, or unapproved settlement funds *pro rata* to those Settlement Class members who timely cashed their settlement checks.

### 5. WHAT HAPPENS IF I REQUEST EXCLUSION FROM THE SETTLEMENT?

You can exclude yourself from the settlement and from receiving a settlement check by timely requesting exclusion. If you exclude yourself, then you will not get the benefits of the settlement and will not be legally bound by the Court's judgment in this case.

If you wish to start your own lawsuit against Sprint for claims covered by this lawsuit, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims. If you choose to do so, you should talk to your own lawyer soon because your claims may be barred by the applicable statute of limitations.

To request exclusion from this lawsuit and settlement, you must send a letter asking to be excluded that contains your name, address, telephone number, last four digits of your social security number, and signature. That letter must be postmarked by [**DATE**] and sent to the Claims Administrator identified in response to Question 8.

**Unless you timely complete and return a request for exclusion, you will be bound by any judgment in this case and you will not be permitted to pursue any pending or future litigation regarding matters resolved in this settlement. Should you wish to exclude yourself from this settlement, it is important that you follow these instructions carefully.**

| **6.** | **HOW DO I OBJECT TO THE SETTLEMENT?** |
|---|---|

If you do not like the settlement, but do not want to be excluded from it, you may file an objection to it. This means you can tell the Court that you disagree with the settlement or some of its terms. The Court will consider your views but may approve the settlement anyway.

Members of the Settlement Class may object by mailing objections to the Claims Administrator identified in response to Question 8, if the objection is postmarked by [**DATE**]. Your objection must contain your name, address, telephone number, last four digits of your social security number, and signature. You may also appear at the Court's fairness hearing if you timely submit your written objection. That date and location are identified in response to Question 12.

Any member of the Settlement Class who fails to submit a written objection in the manner described here will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the settlement (whether by appeal or otherwise).

If you object to the settlement, you will still receive a settlement check (if any) and will release any and all claims for unpaid commissions due under state (including but not limited to the Kansas Wage Payment Act), federal, or common law (including but not limited to breach of contract), that you have, or may have brought, against Sprint and/or any of Sprint's past, present and future subsidiaries and affiliates and their past, present and future owners, partners, predecessor companies, members, managers, legal representatives, employees, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, re-insurers, successors and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity (the "Released Parties), from August 12, 2005 through September 30, 2009.

| **7.** | **WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT?** |
|---|---|

If you do not cash your settlement check(s) within 90 days, you will give up the right to sue the Released Parties for your Released Claims, and your settlement amount will be redistributed to other Participating Settlement Class Members and/or donated to charity. You will be legally bound by the Court's judgment.

| **8.** | **WHERE DO I SUBMIT AN OBJECTION AND/OR REQUEST FOR EXCLUSION?** |
|---|---|

If you wish to object or request for exclusion from this case, you must send your request or objection, as described in Question 5 or 6, postmarked by [**DATE**] to:

Sibley v. Sprint Claims Administrator
C/O Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021

| **9.** | **HOW DO I UPDATE MY CONTACT INFORMATION?** |
|---|---|

If your address has changed from where this Notice of Settlement was sent, send a letter explaining your address has changed, and include your name, case name (*Sibley et al. v. Sprint Nextel Corp., et al.*), former address, new address, and last four digits of your social security number to the Claims Administrator identified in Question 8. You may also update your address electronically through Class Counsel's webpage at www.nka.com/case/sprintretailsettlement.

**10. DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?**

Yes. The Court appointed the following lawyers to serve as Class Counsel:

Michele Fisher and Paul Lukas
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Website: www.nka.com

**11. HOW WILL THE LAWYERS BE PAID?**

Subject to the Court's final approval, the settlement provides for a payment from the Total Settlement Amount of $7,015,000.00 for attorneys' fees and $6,573,147.16 for costs to Class Counsel.

**12. WHEN AND WHERE IS THE FAIRNESS HEARING?**

The Court will hold a fairness hearing to consider whether to grant final approval of the settlement on [**insert date/time/location**]. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and decide whether to grant final approval. If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A member of the Settlement Class who timely submits an objection, may appear at the final approval hearing and present his or her objection to the Court.

**13. DO I HAVE TO ATTEND THE HEARING?**

No, but you may appear at your own expense. If you send a written objection, the Court will consider it even if you are not present. You may also pay your own lawyer to attend the hearing if you desire.

**14. WHERE DO I OBTAIN MORE INFORMATION?**

If you want additional information, you may visit the case webpage at www.sprintretailsettlement.com, or Class Counsel's webpage at www.nka.com/case/sprintretailsettlement. You may also call or write Class Counsel at the address and telephone number listed above. The specific terms of the settlement have also been filed with the Court. You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, where you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.