# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

ROXIE SIBLEY, et al., )
)
       **Plaintiffs,** )
) CIVIL ACTION
v. )
) No. 08-2063-KHV
SPRINT NEXTEL CORPORATION, et al., )
)
       **Defendants.** )
_____)

### *NUNC PRO TUNC*
### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Amended Motion For Preliminary Approval Of Settlement (Doc. #817) filed March 7, 2018[1] and Plaintiffs' Second Supplemental Motion For Preliminary Approval Of Settlement (Doc. #831) filed May 21, 2018. Plaintiffs' unopposed motions seek (1) preliminary approval of the proposed settlement agreement; (2) approval of service payments to new class representatives; and (3) a final settlement hearing date. For reasons below, the Court sustains plaintiffs' motions in part.

### Procedural Background

On May 9, 2018, the Court sustained in part plaintiffs' motion for preliminary approval of the settlement.[2] Memorandum And Order (Doc. #829). The Court held that (1) it could not grant preliminary approval because the parties had not demonstrated that they deemed the settlement fair

---

[1] On March 2, 2018, plaintiffs filed Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #814). Plaintiffs' amended motion corrected typographical errors and provided additional information.

[2] Memorandum And Order (Doc. #829), which the Court incorporates herein by reference, sets forth the procedural background and terms of the parties' proposed settlement agreement in detail. Id. at 1-9.

and reasonable, id. at 9-17, and (2) subject to objections and the more searching inquiry of final approval, the parties requested attorneys' fees, litigation costs and service payments were reasonable, id. at 17-20. The Court did not address the adequacy of plaintiffs' proposed settlement notice plan or set a final settlement hearing date. The Court directed the parties as follows:

> [O]n or before Monday, May 21, 2018, the parties shall file (1) a motion for preliminary approval of a revised settlement; (2) a motion for approval of the proposed class notice; (3) a motion to join additional class representatives to represent class members who were correctly paid or overpaid, class members who only worked in Period 65 and class members who had insufficient data to calculate underpayment and (4) a joint proposed amendment to the pretrial order which sets forth these new claims.

Id. at 20-21 (emphasis omitted).

On May 21, 2018, plaintiffs filed Plaintiffs' Second Supplemental Motion For Preliminary Approval Of Settlement (Doc. #831) and Plaintiffs' Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #833). Plaintiffs also appointed three additional class representatives to represent the aforementioned groups of class members. Plaintiffs' Second Supplemental Memorandum In Support Of Preliminary Approval Of Settlement (Doc. #832) filed May 21, 2018 at 3-4. Plaintiffs did not indicate, however, whether they intended to create subclasses or merely appoint class representatives to represent the interests of some class members.

On June 4, 2018, the Court ordered the parties to create subclasses comprised of class members who were correctly paid or overpaid, class members who only worked in Period 65 and class members who had insufficient data to calculate underpayment and revise the settlement agreement and notice of settlement accordingly. Memorandum And Order And Order To Show Cause (Doc. #836) at 2-3. On June 18, 2018, the parties filed a motion to certify settlement subclasses, a revised settlement agreement and a revised notice of settlement. Plaintiffs' Motion For

Certification Of Settlement Subclasses (Doc. #839); Settlement Agreement in Declaration Of Michele Fisher In Support Of Motion For Certification Of Settlement Subclasses (Doc. #840-1) at 4-53. On June 27, 2018, the Court sustained plaintiffs' motion to certify settlement subclasses; sustained in part plaintiffs' motion for approval of proposed settlement notice process; and ordered the parties to revise the notice of settlement to comply with Rule 23(c)(2)(B), Fed. R. Civ. P. Memorandum And Order (Doc. #844) at 13-14.

## **Analysis**

As noted, the pending motions seek (1) preliminary approval of the parties' settlement agreement; (2) approval of service payments to new class representatives; and (3) a final settlement hearing date.

When determining whether to grant preliminary approval of a settlement, the Court considers the following factors:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002). The Court previously held that the first three factors weigh in favor of preliminary approval. Memorandum And Order (Doc. #829) at 12-15. The fourth factor, on the other hand, did not support preliminary approval because the class representatives (1) had not signed the revised settlement agreement and (2) did not adequately represent class members who had distinct interests – i.e. the correctly paid or overpaid, Period 65 and insufficient data class members. Id. at 15-17.

As noted, the Court has certified three subclasses, and plaintiffs have appointed three additional class representatives to represent each subclass.[3] Counsel for the parties and the class representatives have signed the revised settlement agreement submitted for preliminary approval. See Settlement Agreement (Doc. #842-1) filed June 21, 2018 at 22-35 (fully executed copy of Settlement Agreement (Doc. #840-1)). Because all class members have adequate representation and their representatives have approved the revised settlement agreement, the fourth factor weighs in favor of preliminary approval.

All four factors support preliminary approval of the parties' settlement agreement. Accordingly, the Court grants conditional preliminary approval subject to plaintiffs providing the Court a notice of settlement which complies with Rule 23(c)(2)(B), Fed. R. Civ. P.[4] Memorandum And Order (Doc. #844) at 13-14.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #814) filed March 2, 2018 and Plaintiffs' Amended Motion For Preliminary

---

[3] Plaintiffs request that each subclass representative receive a $250 service payment. Plaintiffs' Second Supplemental Memorandum (Doc. #832) at 5-6. Service payments induce individuals to become class representatives and reward them for time sacrificed and personal risk incurred on behalf of the class. See UFCW Local 880-Retail Food Emp'r Joint Pension Fund v. Newmont Mining Corp., 352 F. App'x 232, 235 (10th Cir. 2009). The subclass representatives spoke with class counsel multiple times, reviewed court filings and the settlement agreement and incurred risk by associating their names with a lawsuit against a former employer. Plaintiffs' Second Supplemental Memorandum (Doc. #832) at 5. The representatives are entitled to a service payment because of these efforts and the benefit provided to the subclasses. Subject to objections and the more searching inquiry of final approval, the Court finds that the service payments are reasonable.

[4] Plaintiffs plan to request a final approval hearing date when they provide the Court a report of the postcard mailing results. Plaintiffs' Memorandum In Support Of Motion For Approval Of Adequacy Of Settlement Notice Process (Doc. #834) filed May 21, 2018 at 4 n.4. In light of this, the Court overrules as moot plaintiffs' prior requests for a final approval hearing date. Plaintiffs' Motion For Preliminary Approval Of Settlement (Doc. #814), ¶ 7; Plaintiffs' Amended Motion For Preliminary Approval Of Settlement (Doc. #817), ¶ 7.

Approval Of Settlement (Doc. #817) filed March 7, 2018 are **SUSTAINED in part**. Plaintiffs' requests for a final approval hearing date are **OVERRULED** as moot in light of plaintiffs' plan to request a final hearing date when they provide the Court a report on the postcard mailing. Plaintiffs' motions are otherwise conditionally **SUSTAINED subject to plaintiffs providing the Court a notice of settlement which complies with Rule 23(c)(2)(B), Fed. R. Civ. P.**

**IT IS FURTHER ORDERED** that Plaintiffs' Second Supplemental Motion For Preliminary Approval Of Settlement (Doc. #831) filed May 21, 2018 is conditionally **SUSTAINED subject to plaintiffs providing the Court a notice of settlement which complies with Rule 23(c)(2)(B), Fed. R. Civ. P. The parties shall immediately begin the notice plan as described in the Settlement Agreement (Doc. #842-1) filed June 21, 2018.**

Dated this 17th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge