THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROXIE SIBLEY, JEANNE NOEL,
ERNESTO BENNETT, JAMIE WILLIAMS,
GREG ST. JULIEN, TRACIE
HERNANDEZ, JOHN JASINSKI, JAY
RICHIE, and TEISHA KING, individually
and on behalf of the class,

Plaintiffs,

v.

SPRINT NEXTEL CORPORATION, and
SPRINT/UNITED MANAGEMENT
COMPANY,

Defendants.

CIVIL ACTION

No. 08-2063-KHV

## ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. #856) filed December 6, 2018. Plaintiffs' unopposed motion seeks (1) final approval of the parties' settlement agreement; (2) a finding that Plaintiffs' request for attorneys' fees is fair and reasonable; (3) approval of Plaintiffs' request for costs to Class Counsel; (4) approval of service awards to class representatives; and (5) dismissal of this action. Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. #856) filed December 6, 2018. The Court held a hearing on this motion on December 20, 2018. For the reasons below, the Court sustains Plaintiffs' motion and hereby orders as follows:

1. The Court grants final approval of the settlement, finding the monetary relief and the other terms of the settlement to be fair, reasonable and adequate considering Plaintiffs' claims under the Kansas Wage Payment Act and breach of contract, and the risks, costs and delay associated with continuing the litigation.

2. The Court finds that the settlement is the result of arms-length negotiations that were facilitated by an experienced and well qualified federal judge, the Honorable Daniel D. Crabtree.

3. The Court finds that the multiple forms of notice of the settlement provided to the Settlement Class, satisfy the notice requirements of Fed. R. Civ. P. 23, adequately advised the Settlement Class of their rights under the settlement, and met the requirements of due process.

4. The Settlement Class includes:

> All persons nationwide who did not opt out of the Class Litigation and worked in Sprint's retail stores during the Class Period of August 12, 2005 through September 30, 2009, including Retail Store District Managers, Retail Store Managers, Assistant Retail Store Managers, Lead Retail Consultants, Retail Consultants, Retail Sales Representatives, and other retail employees (all of whom held at least one of the job titles set forth in Exhibit A to the Expert Stipulation entered at Docket No. 357–1 in the Class Litigation) and whose compensation was based in full or in part on commissions.

There are 34,905 members in the Settlement Class, after granting the request for exclusion for four Settlement Class Members who timely requested exclusion, Eman Fakhori, Bret Larson, Robert Gonzales, and Brian Howard. These four individuals shall have no rights or interests with respect to the settlement, shall not be bound by the release and shall not be bound by any offers or judgments entered with respect to the settlement. Settlement Class Member Jerome Daniels' untimely request for exclusion is overruled and he is bound by this settlement.

5. One Settlement Class Member, James Williams, timely objected to the settlement. After reviewing the objection, the Court overrules the objection, as it does not relate to the overall fairness of the settlement and is outside the scope of the claims asserted in this matter. Mr. Williams is hereby bound by this settlement.

6. The names of the 34,909 Settlement Class Members, along with their initial allocation amounts, after the redistribution of the settlement funds for the four Settlement Class

Members who timely requested exclusion, are provided in the December 2018 Settlement Administrator Reallocations for First Check Distributions, Exhibit 12 to <u>Declaration Of Michelle R. Fisher In Support Of Motion For Final Approval Of Class Action Settlement</u> (Doc. #857-1). Each Settlement Class Member (excluding the four who filed a timely request for exclusion) shall be bound by the release set forth in the Settlement Agreement.

7. The Court finds the request for attorneys' fees to Class Counsel in the amount of $7,014,250.00 to be fair and reasonable considering the results achieved, the significant work performed by Class Counsel on a large class action involving complex and novel subject matter, the significant risk involved, and the demonstrated qualification and skill of Class Counsel.

8. The Court finds the request for costs to Class Counsel in the amount of $6,573,147.16 to be reasonable.

9. The Court approves class representative service awards of $10,000.00 each for Roxie Sibley, Jeanne Noel, Ernesto Bennett, Jamie Williams, Greg St. Julien, Tracie Hernandez, John Jasinski, Jay Ritchie, and Teisha King; $3,000.00 each to the eleven class members who prepared to testify at trial, Veronica Batarse (Borrego), Christopher Giuardina, Johnathan Housknecht, Kimmie Kelley, Ryan Maier, Sameer Mohammad (Sam Slama), Kyle Neubauer, William Ray, Jason Renner, Alden Smith, and Michael Tallon; and $250.00 each to the additional Settlement Subclass representatives, Henry Goins, Clayton Johnson, and Anthony Scarpelli.

10. The Court orders Sprint to make the deposit of the settlement funds with the Settlement Administrator within 31 days of this Order, consistent with the Settlement Agreement.

11. The Court approves of the distribution of the settlement funds to the Settlement Class Members and Class Counsel within 45 days of this Order, consistent with the Settlement Agreement.

12. The Court approves of the distribution of the second round of settlement checks to Participating Settlement Class Members for any remaining funds, within 145 days of the initial date the settlement checks are issued, consistent with the Settlement Agreement.

13. The Court approves of the *Cy Pres* donation of any remaining funds to the Boys and Girls Club of America-Cyber Safety Program, within 30 days of the expiration of the second round of settlement checks, consistent with the Settlement Agreement.

14. The Court reserves jurisdiction over all matters arising out of the settlement or the administration of the settlement.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. #856) filed December 6, 2018 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the claims of Eman Fakhori, Bret Larson, Robert Gonzales, and Brian Howard, who timely requested exclusion, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the timely objection of James Williams and the untimely objection of Jerome Daniels are **OVERRULED**.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice, and judgment entered consistent with the terms of the Settlement Agreement.

Dated this 20th day of December, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge